ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT #3753
Assistant U.S. Attorney

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Rm. 6-100
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 0 3 2003

at ____ o'clock and ____ min. ___ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225 DAE |
| | ) | |
| Plaintiff, | ) | SECOND SUPERSEDING INDICTMENT |
| | ) | |
| vs. | ) | [18 U.S.C. § 371; |
| | ) | 18 U.S.C. § 1512(b)(1); |
| ANDY S.S. YIP,      (01) | ) | 26 U.S.C. § 7206(1); |
| BRENDA M. O. CHUNG, (02) | ) | 31 U.S.C. §§ 5314 & 5322(b); |
| | ) | 31 C.F.R. §§ 103.24 and |
| Defendants. | ) | 103.27 (c) & (d)] |
| | ) | |

SECOND SUPERSEDING INDICTMENT

COUNT 1
(18 U.S.C. § 371)

The Grand Jury charges:

From on or about early 1998, and continuing thereafter until July 12, 2002, in the District of Hawaii, the defendants, ANDY S.S. YIP and BRENDA M. O. CHUNG, all residents of Hawaii,

did unlawfully, willfully and knowingly conspire, combine, confederate and agree together and with each other and with other individuals, both known and unknown to the grand jury, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service (I.R.S.) of the United States Treasury Department, in the ascertainment, computation and collection of federal income taxes during an audit of YIP's 1995 and 1996 joint Federal Income tax returns, by providing five (5) false promissory notes to the I.R.S. revenue agent, by making false statements to the I.R.S. revenue agent, by recruiting an individual to give false oral and written statements to the I.R.S. revenue agent, by telling the same individual to stay out of the country to avoid giving testimony before the Grand Jury, by telling the same individual not to cooperate with the government, and by telling the same individual to give false testimony to the Grand Jury, in violation of Title 18, United States Code, Section 371.

**MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT**

The manner and means by which the conspiracy was sought to be accomplished included among others the following:

1. Defendant BRENDA M. O. CHUNG, in approximately early 1998, solicited a person identified in this Second Superseding Indictment as "E.D." to falsely claim that E.D. had

loaned large amounts of money to CHUNG's boyfriend, ANDY S.S. YIP.

2. YIP provided false promissory notes with E.D.'s name to an I.R.S. revenue agent responsible for auditing YIP's 1995 and 1996 personal income tax returns.

3. In approximately July, 1996, YIP and CHUNG requested that E.D. write a letter to the I.R.S. revenue agent fabricating a loan between E.D. and YIP.

4. In May through July, 2002, CHUNG requested E.D. to stay outside of the United States and not to cooperate with the government.

**OVERT ACTS**

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the District of Hawaii, and elsewhere:

1. On or about early 1998, CHUNG telephoned E.D. and asked her if she could help out her boyfriend, ANDY S.S. YIP with his "small tax problem." CHUNG told E.D. that all she had to do was to sign a piece of paper saying she had loaned YIP money in 1995 and 1996. CHUNG told E.D. that she would not get into trouble if she did this. CHUNG asked E.D. if she could say that she loaned YIP $500,000.00. In a later conversation, the agreed amount of the loan was $350,000.00.

3

2. On or about March 2, 1998, YIP provided to the I.R.S. revenue agent, through his return preparer/CPA, copies of four false promissory notes. The promissory notes are between YIP and E.D., total $250,000.00 and are dated 1995 and 1996.

3. Prior to July 26, 1998, YIP, a male introduced as YIP's attorney and E.D. attended a meeting held at a Waikiki Hotel. During the meeting, YIP and CHUNG fabricated the false loan story for E.D. and the "attorney" agreed. YIP and CHUNG told E.D. to write a letter that she had loaned cash to YIP, had loaned the money to him in 1995 and 1996, and had given him the money through various friends who live abroad. At this meeting YIP and CHUNG gave E.D. the name and address of the I.R.S. revenue agent who was auditing YIP.

4. After the meeting at the Waikiki Hotel, CHUNG and YIP approved the letter written by E.D. and instructed E.D. to mail the letter to the I.R.S. revenue agent.

5. On August 25, 1998, YIP provided to the I.R.S. revenue agent, through his return preparer/CPA, an additional false promissory note for $100,000.00 between YIP and E.D. dated February 1996.

6. On or about August 25, 1998, YIP provided to the I.R.S. revenue agent, through his return preparer/CPA, the address card of E.D., so that the I.R.S. revenue agent could call E.D. to confirm the loan.

7. On or about August 25, 1998, YIP provided to the I.R.S. revenue agent, through his return preparer/CPA, a handwritten ledger identifying specific deposits to his personal bank accounts and his wife's bank accounts as loans from E.D. These false ledgers were submitted to the I.R.S. revenue agent as substantiation for the loans.

8. On September 18, 1998, E.D., at the instruction of YIP, CHUNG and YIP's unknown attorney, met with the I.R.S. revenue agent for an interview. During the interview, E.D. falsely told the I.R.S. revenue agent that she had loaned $350,000.00 in cash in amounts under $10,000.00 to YIP in 1996, and that she had given the cash to various friends who, in turn, gave the money to YIP. After the meeting with the I.R.S. revenue agent, YIP and CHUNG met with E.D. to go over the interview.

9. Between on or about May 31, 2002 and June 6, 2002, CHUNG telephoned E.D. in France. CHUNG told E.D. that defendant ANDY S.S. YIP had been indicted for tax offenses, his trial was in August and she should not return to the United States. CHUNG told E.D. that if she did return she would be in big trouble since the government would subpoena her and make her testify.

10. On July 12, 2002, CHUNG met with E.D. for dinner at a restaurant. During the meeting CHUNG confirmed her participation in the false loan scheme fabricated by CHUNG and defendant ANDY S.S. YIP in 1998 and told E.D. either to decline

to testify before a grand jury investigating defendant YIP or to testify falsely concerning purported loans E.D. had allegedly made to YIP.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(18 U.S.C. § 1512(b)(1))

The Grand Jury further charges:

Between on or about May 31, 2002 and June 6, 2002, in the District of Hawaii, defendant BRENDA M. O. CHUNG did knowingly corruptly persuade E.D., and attempt to do so, with intent to influence, delay, and prevent the testimony of E.D. in an official proceeding, that is, CHUNG called E.D. in France, informed E.D. that defendant ANDY S.S. YIP had been indicted for tax offenses, and told E.D. that she should not return to the United States from France so she would not have to testify in any criminal proceeding against YIP.

All in violation of Title 18, United States Code, Section 1512(b)(1).

## COUNT 3
(18 U.S.C. § 1512(b)(1))

The Grand Jury further charges:

On or about July 12, 2002, in the District of Hawaii, defendant BRENDA M. O. CHUNG did knowingly corruptly persuade E.D., and attempt to do so, with intent to influence, delay, and

prevent the testimony of E.D. in an official proceeding, that is, CHUNG told E.D. to either to decline to testify before a grand jury investigating defendant ANDY S.S. YIP or to testify falsely concerning purported loans E.D. had allegedly made to YIP.

All in violation of Title 18, United States Code, Section 1512(b)(1).

COUNT 4
(26 U.S.C. § 7206(1))

The Grand Jury further charges:

On or about April 15, 1996, in the District of Hawaii, defendant ANDY S.S. YIP, a resident of Honolulu, Hawaii, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar year 1995, which was filed with the Internal Revenue Service and was false as to a material matter and verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to every material matter in that his income tax return reported total income in the amount of $185,402.00, whereas YIP knew well and believed that his total income was substantially in excess of that reported amount.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT 5
(26 U.S.C. § 7206(1))

The Grand Jury further charges:

On or about April 15, 1997, in the District of Hawaii, defendant ANDY S.S. YIP, a resident of Honolulu, Hawaii, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar year 1996, which was filed with the Internal Revenue Service and was false as to a material matter and verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to every material matter in that his income tax return reported total income in the amount of $254,749.00, whereas YIP knew well and believed that his total income was substantially in excess of that reported amount.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT 6
(26 U.S.C. § 7206(1))

The Grand Jury further charges:

On or about September 28, 1998, in the District of Hawaii, defendant ANDY S.S. YIP, a resident of Honolulu, Hawaii, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar year 1997, which was filed with the Internal Revenue Service and was false as to a material

matter and verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to every material matter in that his income tax return reported total income in the amount of $291,616.00, whereas YIP knew well and believed that his total income was substantially in excess of that reported amount.

All in violation of Title 26, United States Code, Section 7206(1).

### COUNT 7
### (26 U.S.C. § 7206(1))

The Grand Jury further charges:

On or about April 9, 1999, in the District of Hawaii, defendant ANDY S.S. YIP, a resident of Honolulu, Hawaii, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar year 1998, which was filed with the Internal Revenue Service and was false as to a material matter and verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to every material matter in that his income tax return reported total income loss in the amount of $11,902.00, whereas YIP knew well and believed that his total income was substantially in excess of that reported amount.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 8
(26 U.S.C. § 7206(1))

The Grand Jury further charges:

On or about April 9, 1999, in the District of Hawaii, defendant ANDY S.S. YIP did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for calendar year 1998, which was false as to a material matter and verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter in that Schedule B, Part III, Foreign Accounts and Trusts, represented that he did not have an interest in and no authority over a financial account in a foreign country, whereas, as he well knew and believed, YIP was a United States person who held an interest in and other authority over financial accounts located at the Hang Seng Bank Ltd. and HSBC Bank (the HongKong and Shanghai Banking Corporation Limited) in Hong Kong, in the names of "Andy Siu Sui Yip and Wai Lin Yip," with deposits totaling approximately $253,000.00 which remained on deposit throughout the calendar year 1998 for the account of Andy Siu Sui Yip and Wai Lin Yip.

All in violation of Title 26, United States Code, Section 7206(1).

### COUNT 9
(26 U.S.C. § 7206(1))

The Grand Jury further charges:

On or about October 12, 2000, in the District of Hawaii, defendant ANDY S.S. YIP did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar year 1999, which was false as to a material matter and verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter in that Schedule B, Part III, Foreign Accounts and Trusts, represented that he did not have an interest in and no authority over a financial account in a foreign country, whereas, as he well knew and believed, YIP was a United States person who held an interest in and other authority over financial accounts at the Hang Seng Bank Ltd. and HSBC Bank (the HongKong and Shanghai Banking Corporation Limited) in Hong Kong, in the names of "Andy Siu Sui Yip and Wai Lin Yip," with balances totaling approximately $253,000 for the benefit of Andy Siu Sui Yip and Wai Lin Yip.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 10
(31 U.S.C. §§ 5314 & 5322(b) & 31 C.F.R. §§ 103.24 and 103.27 (c) & (d))

The Grand Jury further charges:

On or about June 30, 1999, in the District of Hawaii and elsewhere, defendant ANDY S.S. YIP, a resident and citizen of the United States, who during the calendar year 1998 had a financial interest in and other authority over a financial account in a foreign country, which account during 1998 exceeded $10,000.00 in aggregate value, willfully did not file Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, as required by law, to wit: Defendant ANDY S.S. YIP did not disclose his financial interest in and other authority over financial accounts located at the Hang Seng Bank Ltd. and the HSBC (the HongKong and Shanghai Banking Corporation Limited) in Hong Kong, in the names of "Andy Siu Sui Yip and his wife Wai Lin Yip," with deposits totaling $253,000.00 which remained on deposit throughout the calendar year 1998 for the accounts of Andy Siu Sui Yip and his wife Wai Lin Yip.

All in violation of Title 31, United States Code, Sections 5314 and 5322(b) and 31 Code of Federal Regulations,

Sections 103.24 and 103.27 (c) & (d).

## COUNT 11
(31 U.S.C. §§ 5314 & 5322(b) &
31 C.F.R. §§ 103.24 and 103.27 (c) & (d))

The Grand Jury further charges:

On or about October 12, 2000, in the District of Hawaii and elsewhere, defendant ANDY S.S. YIP, a resident and citizen of the United States, who during the calendar year 1999 had a financial interest in and other authority over a financial account in a foreign country, which account during 1999 exceeded $10,000.00 in aggregate value, willfully did not file Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, as required by law, to wit:  Defendant ANDY S.S. YIP did not disclose his financial interest in and other authority over financial accounts located at the Hang Seng Bank Ltd. and the HSBC (the HongKong and Shanghai Banking Corporation Limited) in Hong Kong, in the names of "Andy Siu Sui Yip and his wife Wai Lin Yip," with balances for the accounts totaling at least $315,000.00 which remained on deposit until the end of January 1999 for the accounts of Andy Siu Sui Yip and his wife Wai Lin Yip.

// //

// //

// //

// //

// //

All in violation of Title 31, United States Code, Sections 5314 and 5322(b) and 31 Code of Federal Regulations, Sections 103.24 and 103.27 (c) and (d).

DATED: _December 3_, 2003, at Honolulu, Hawaii.

A TRUE BILL

_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

_____
LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

United States v. Andy S.S. Yip and Brenda M. O. Chung;
Cr. No. 02-00225 DAE
"Second Superseding Indictment"

14