IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDY S.S. YIP, (01)<br>BRENDA M.O. CHUNG (02)<br><br>Defendants. | CR. NO. CR02-00225 DAE<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

Count 7 of the Second Superseding Indictment charges that Defendant committed on April 9, 1999 the offense of willful subscription to a false 1998 income tax return in violation of 26 U.S.C. 7206(1). Count 8 charges the identical offense relating to the same 1998 income tax return having been committed on the very same date. A copy of the Second Superseding Indictment, filed December 3, 2003, is attached as Exhibit A. The only difference between the two counts is that Count 7 specifically alleges that the false material matter reported on the 1998 income tax return was the entry showing total income loss of $11,902 while Count 8 claims that the false material matter was Defendant's failure to report that he had an interest in a foreign bank account in Hong Kong having a balance in excess of $10,000 U.S. [1]

[1] It is also noted that in Count 10 of the Second Superseding Indictment the Defendant is charged with having willfully failed to file Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, relating to the same foreign bank accounts for 1998 year in violation of 31 U.S.C. Sections 5314 and 5322(b).

Under Rule 7(c), F.R.Cr.P., it is improper to try a defendant on multiple counts charging the same offense. Rule 7(c)(1) permits the government to "allege in a single count that the defendant committed an offense by one or more specified means". This provision was intended to eliminate the use of multiple counts for the purpose of alleging the commission of the offense by different means or in different ways. **United States v. Allied Chemical Corp.**, 420 F. Supp. 122,123-4 (E.D. Va. 1976).

Indictments that charge a single offense in different counts are multiplicitous. **United States v. Leftenant,** 341 F.3d 338,347-8 (4th Cir. 2003); **United States v. Handakas,** 286 F.3d 92,98 (2d Cir. 2002); **United States v. Mathews,** 240 F.3d 806,813 (9th Cir. 2001); **United States v. Alerta,** 96 F.3d 1230,1239 (9th Cir. 1996) overruled on other grounds, **United States v. Nordby**, 225 F.3d 1053 (9th Cir. 2000). Such indictments are improper since they create a risk of Double Jeopardy violations due to multiple sentences arising from a single offense which is charged as multiple offenses. **United States v. Alerta, supra; United States v. Dunford**, 148 F.3d 385,390 (4th Cir. 1998) **United States v. Brandon**, 17 F.3d 409,422 (1st Cir. 1994). Multiplicitous indictments also create other forms of prejudice to the defendant, such as a suggestion to the jury that defendant committed several crimes instead of one. **United States v. Duncan,** 850 F.2d 1104,1108 (6th Cir. 1988).

In **United States v. Handakas, supra**, the defendant was charged with two counts of structuring pursuant to 31 U.S.C 5324 of $100,000 over a period of two years. The indictment charged structuring in two counts, with each interval 12 months. The court found that section 5324 prohibits structuring transactions for the purpose of evading certain statutory reporting requirements, but nothing in the statute supported splitting the single course of structuring into 12-month intervals and two counts.

Similarly, in **United States v. Alerta, supra**, the defendant claimed he was improperly charged and sentenced for two conspiracies, one for distribution of methamphetamine and the second for use of firearms in a drug trafficking offense. The Ninth Circuit agreed stating that "it is the single agreement which is the prohibited conspiracy, and however diverse its objects violates but a single statute, [18 U.S.C. 371] [citing **Sanabria v. United States**, 437 U.S. 54 (1978)]. **Id.**

Moreover, in **United States v. Stewart**, 256 F.3d 231 (4th Cir. 2001), the court held that multiplicity exists where the defendant was charged with six counts of laundering proceeds of unlawful activities with the intent to promote the carrying on of said unlawful activity under 18 U.S.C. 1956(a)(1)(A)(i) and six counts of with knowing concealment of those proceeds in violation of 18 U.S.C. 1956(a)(1)(B)(i) based on the same financial transactions. The court stated that because promotion and concealment are simply two different means by which the requisite

mens rea for the single offense of money laundering may be proven and the defendant's possession of two different types of mens rea while completing each financial transaction cannot create distinct offenses. **Id.**

In the present case, Defendant Yip simply cannot be found guilty of two separate offenses of willful subscription to a false 1998 income tax return in violation of 26 U.S.C. 7206(1). The offense is complete when the defendant files the return. **United States v. Habig**, 390 U.S. 222,223 (1968); **United States v. Sansone**, 380 U.S. 343,354 (1965). Each tax year is a separate offense. **United States v. Sullivan**, 98 F.2d 79,80 (2nd Cir. 1938). The gravamen of the offense is that the defendant subscribed to a return knowing it was not true and correct as to all material matters. **United States v. Young**, 804 F.2d 116 (8th Cir. 1986). Under the circumstances here, it make no difference whether the offense is committed by failing to report all income or failing to check off the box on the return relating to the ownership or control over a foreign bank account exceeding $10,000. Counts 7 and 8, therefore, are multiplicous per se and the United States Attorney must be ordered to elect which count he wishes to proceed on.

Based on the forgoing discussion and reasons and authorities, Defendant Andy Yip hereby requests that this Court grant his Motion to Compel Election Between Multiplicitious Tax Counts.

DATED: Honolulu, Hawaii, SEP - 1 2006.

HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP