ORIGINAL

HOWARD T. CHANG, AAL, ALC
HOWARD T. CHANG #1695-0
Suite 700 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 533-2877

Attorney for Defendant
ANDY S.S. YIP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 01 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. CR02-00225 DAE |
| ) | |
| Plaintiff, ) | DEFENDANT ANDY S.S. YIP'S |
| ) | MOTION FOR BILL OF |
| vs. ) | PARTICULARS; MEMORANDUM IN |
| ) | SUPPORT OF MOTION; DECLARATION |
| ANDY S.S. YIP,        (01) ) | OF COUNSEL; EXHIBIT A |
| BRENDA M.O. CHUNG     (02) ) | |
| ) | TRIAL DATE:   11/28/2006 |
| Defendants. ) | JUDGE:   HON. DAVID A. EZRA |

DEFENDANT ANDY S.S. YIP'S MOTION FOR BILL OF PARTICULARS

Defendant ANDY S.S. YIP, by his undersigned counsel, pursuant to Rule 7(f) of Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, hereby moves for a bill of particulars with regard to Counts 1, 4, 5, 6, 7 and 9 of the Second Superseding Indictment, returned on December 3, 2003, in this case. This motion is based on the attached Memorandum in Support of Motion, Declaration of Counsel, and the files and records of this case.

(CERTIFICATE OF SERVICE ATTACHED)

Defendant specifically requests that the Court grant this motion and require the government to provide a bill of particulars as to Counts 1, 4, 5, 6, 7, and 9.

1. As to Count 1, a statement of the names and addresses of all persons and entities alleged to be coconspirators who are known to the Government and who are <u>not</u> identified as coconspirators in the Second Superseding Indictment herein.

2. As to Count 1, a statement describing each overt act <u>not enumerated</u> in the Second Superseding Indictment, and committed in furtherance of and during the course of the alleged conspiracy which the Government intends to offer evidence of at trial, specifying the date, time and place of each such act, the identity of each defendant and other coconspirator who performed or participated in each such overt act.

3. As to Counts 4, 5, 6, 7 and 9, please specify whether the government intends to rely upon the bank deposits method of proof, as corroborated by the net worth method of proof, as previously disclosed to the defense.

4. If the answer to No. 3 is in the affirmative, please provide the defense with the following information as to the tax years 1995, 1996, 1997, 1998 and 1999:

    a. The name of each bank and the designation of each account therein on which your bank deposit computations were made.

    b. A listing of each bank deposit item in each of the aforesaid bank accounts which you have found to be a non-income

item, income attributable to other tax years, prior accumulation of funds, proceeds of loans or gifts, transfer between bank accounts, or duplicate of income items already accounted for by the Defendant.

  c. Do you still rely upon the criminal computations of unreported income for the years 1995-1998, as set forth in Paragraph 8 of the Declaration of Gregory T. Miki, dated December 2, 2002, (copy attached)? If not, please disclose your new computations of unreported income for 1995-1998 and 1999.

  d. To the extent you are relying upon the new worth method of proof as corroboration, please set forth the net worth of Defendant Andy Yip at the beginning and the end of calendar years 1995, 1996, 1997, 1998 and 1999 and any prior years in calculating said net worth.

  e. Please specify the assets you contend constitute Defendant Andy Yip's net worth, the source of all taxable income upon which you rely other than sources shown on the tax returns and the adjustments, deductions and exemptions allowed in arriving at the alleged Defendant Yip's net worth for the years 1995, 1996, 1997, 1998 and 1999.

  f. To the extent, you are relying on expenditures as corroboration, please provide:

    i. the date of each expenditure;

    ii. the amount of each expenditure; and

    iii. the payee for each expenditure.

5. If you no longer intend to use the bank deposit method of proof, with or without the net worth method as corroboration, please disclose which of the following methods of proof the government allegations of omissions of taxable income in Counts 4, 5, 6, 7 and 9 of the Second Superseding Indictment is based upon:

    a. Specific items.

    b. Cash expenditures.

    c. Any other circumstantial method of proof or combination of the above and identifying each.

6. If the Government intends to prosecute Counts 4, 5, 6, 7 and 9 either in whole or in part, by the <u>specific items method of proof</u>, please identify the specific items of income allegedly omitted, the source thereof and set forth the particulars requested in paragraph 9 below.

7. Inform Defendant whether the government will rely on understatements or omissions of reportable income for years other than 1995, 1996, 1997, 1998 and 1999 and, if so, a specific description from the government, including the information required in 4, 5, and 6 above, of the reportable but omitted or understated items of income which the government intends to prove at trial for such other years.

8. For each tax year charged, i.e., 1995, 1996, 1997, 1998 and 1999 state which line items or entries on Defendant's returns are alleged to be false and, with respect to each alleged falsehood, state what the line items or entries should have been.

9.  For each tax year charged, a description of all corporate expenditures alleged to have been "constructive dividends," including when, where, how, and by whom each payment was made and the benefit alleged to have accrued to Defendant as a result.

Therefore, Defendant Andy S.S. Yip respectfully requests that his motion be granted.

DATED: Honolulu, Hawaii, ___9/1/06___.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP