IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    vs.<br><br>ANDY S.S. YIP,           (01)<br>BRENDA M.O. CHUNG       (02)<br><br>             Defendants. | CR. NO. CR02-00225 DAE<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

By this Motion, Defendant seeks a bill of particulars on the nine items mentioned in the Motion.

The Second Superseding Indictment, filed December 3, 2003, charges Andy Yip with one count of conspiracy to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful governmental function of the IRS in the ascertainment, computation and collection of federal income taxes during an audit of his 1995 and 1996 income tax returns in violation of 18 U.S.C. 371. Co-defendant Brenda Chung is charged in Count 1 with being a co-conspirator and is the sole defendant in Counts 2 and 3 charging the offense of attempted witness tampering in violation of 18 U.S.C. 1512(b)(1).

In Counts 4, 5, 6, 7, 8 and 9, Defendant Yip is charged with the offense of willful subscription to false personal income tax returns for the years 1995, 1996, 1997, 1998 and 1999 in violation of 26 U.S.C. 7206(1). Finally, Counts 10 and 11 charge

Defendant Yip with the offense of willful failure to file Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, for the years 1998 and 1999 relating to two bank accounts in Hong Kong.

The only resemblance between the original Indictment and the Second Superseding Indictment is the charge of willful subscription to a false 1995 income tax return. Defendant Yip's primary purpose in requesting the bill of particulars is to discover whether the government still relies on the bank deposits method of proof, as corroborated by the net worth method, whether it has changed any of its computations of unreported income for the years 1995-1998 and what is the source of the unreported income. Moreover, Defendant is now charged with willful subscription to his 1999 income tax return and no computations of unreported income or tax loss have even been provided to the defense on that year.

I.   INTRODUCTION

Under Rule 7(f) of the Federal Rules of Criminal Procedure, this Court "may direct a filing of a bill of particulars". A motion for bill of particulars is addressed to the sound discretion of the Court. Will v. United States, 389 U.S. 98-9 (1967); Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1986). "The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of the defense". United States v. Mitchell, supra at 705. Even if the indictment is sufficient in

law to charge an offense a defendant is still entitled to a bill of particulars if the charge lacks sufficient information for him to adequately prepare his defense at trial. Rubenstein v. United States, 214 F.2d 667 (10th Cir. 1954).

The courts have recognized that the defense preparation in criminal tax prosecutions is more difficult and complex than in most criminal cases and, as such, motions for bill of particulars in tax cases should be liberally treated. United States v. Warren, 772 F.2d 827 (11th Cir. 1985), cert. denied 475 U.S. 475; United States v. Whatley, 480 F. Supp. 307 (D. Okla. 1978); United States v. O'Connor, 237 F.2d 466 (2d Cir. 1956); United States v. Jaskiewicz, 278 F. Supp. 525,528 (E.D. Pa. 1968); United States v. Goldstein, 56 F.R.D. 52,53 (D. Del. 1972). In determining whether the bill of particulars is warranted, this Court is required to consider the complexity of the offenses charged, the clarity of the Second Superseding Indictment and the degree of discovery available to the defense. United States v. Walker, 922 F. Supp. 732 (NDNY 1996); United States v. Esteves, 886 F. Supp. 645 (ND Ill. 1995). While the government has provided voluminous discovery in the form of bank records, invoices, corporate accounting records and other documentation, no witness statements or grand jury testimony has yet to be provided. This occurs despite the fact that there are literally hundreds of witnesses who may be called in the government's case-in-chief.

II. <u>DISCUSSION OF LAW</u>:

Request No. 1 seeks the names and addresses of all persons or entities <u>known</u> to the Government whom are alleged to be coconspirators but are not identified in Indictment. In <u>United States v. White</u>, 753 F.Supp. 432 (D. Conn. 1990), the Government was required to disclose bill of particulars relating the names of all persons whom the Government would claim at trial to have been co-conspirators to the extent known, as well as the location of each act performed by the principals. Our request is essential to the defense preparation since the Government will attempt to offer wholesale hearsay statements at trial alleging admissibility under Rule 801(d)(2)(E) of the <u>Federal Rules of Evidence</u>, the coconspirator hearsay exception. However, it is axiomatic that the defense be at least provided with the names of the other alleged coconspirators since the Government must show by the preponderance of evidence and by independent evidence the existence of the conspiracy and that the Defendant were members of the conspiracy <u>before</u> Rule 801(d)(2)(E) applies. <u>Bourjaily v. United States</u>, 483 U.S. 171 (1987). A coconspirator statement standing alone is insufficient as a matter of law to meet the preponderance of the evidence standard. <u>United States v. Sepulveda</u>, 15 F.3d 1161,1182 (1st Cir. 1993).

Request No. 2 seeks basic information as to each overt act <u>not enumerated</u> in the Indictment. In the Ninth Circuit, the essential elements of the offense of conspiracy to defraud or the

so-called "Klein" conspiracy are as follows: (1) the existence of an agreement; (2) to obstruct a lawful function of the United States; (3) by deceitful or dishonest means; and (4) the commission by a conspirator of at least one overt act in furtherance of the conspiracy. United States v. Caldwell, 989 F.2d 1056 (9th Cir. 1993).

Counts 4, 5, 6 and 7 allege that Defendant willfully subscribed to false income tax returns for the years 1995-1998 because he knew that his total income was substantially in excess of what was reported on each return. Counts 8 and 9 allege that Defendant filed false 1998 and 1999 income tax returns by failing to file FBAR reports for those years as to two Hong Kong bank accounts. As to Count 8, we regard that charge to be multiplicitous and have filed a motion to compel election of tax counts. However, Count 9 merely alleges a FBAR violation. Query whether the government also seeks to show unreported income for 1999. If so, the government should be required to disclose its criminal computations of unreported income, tax loss and method of proof for Count 9.

Requests Nos. 3, 4, 5 and 6 relate to Counts 4-7 and 9. Simply put, there are numerous bank accounts in the names of Andy Yip, Wai Lin Yip, Jeffrey Yip, Jeannie Yip, as well as several sole proprietorship and corporate bank accounts. Assuming that the government still relies on the bank deposit method of proof, it should be required to at least provide the defense with what bank accounts and deposits it relies upon. Moreover, it is certainly

reasonable for the defense to request the government to provide particulars as to whether it has changed its computations and/or method(s) of proof and what it identifies as the source of unreported income.

To the extent that the net worth method of proof is being used, Request 4e simply is asking the basic, what was the opening and ending net worth for each year 1995-1999. Request 4f merely seeks a listing of what assets make up the government's concept of net worth and the source or sources of taxable income other than reported on the returns.

A case precisely on point is <u>United States v. Goldstein</u>, 56 F.R.D. 52 (1972), where the defendants were charged, among other things, with two counts of filing false returns in violation of 26 U.S.C. §7206(1). The court ruled that in order to properly acquaint the defendants with the charges against them and enable them to prepare a defense, the government must provide a bill of particulars revealing, among other things, (i) the method of proof it intends to use in the case, (ii) the date, amount, character and source of unreported income which was allegedly received but not reported by the defendants in the years in question, and (iii) "whether the government will rely on understatements or omissions of reportable income for other years, and if so, ... the date, amount, character and source of the reportable but omitted or understated items of income which the government intends to prove at trial for other years." <u>Id.</u> at 56. This information is basically the same information requested by the Defendant.

Another case also on point is <u>United States v. DeGroote</u>, 122 F.R.D. 131 (W.D.N.Y. 1988). The government brought a "cash expenditures" tax prosecution. As in this case, the government disclosed "voluminous documents." The defendant complained that he had no idea how the government intended to prove its case, and that he had no way of defending the case. The court ordered the government to provide a bill of particulars. The Court specifically stated that the government had to provide particulars specifying net worth (including cash on hand or its equivalent at the beginning and end of each reporting period relevant to the indictment); expenditures made, including date, payee, and amounts thereof, and deductions allowed in arriving at claimed taxable income. The government also was required to provide the amount, day, character, and source of income allegedly received and which went unreported. Defendant here seeks the same information. The Court specifically held that the voluntary disclosure of "voluminous" documents did not obviate the need for this bill of particulars. See also, <u>United States v. Bailey</u>, 689 F. Supp. 1463, 1473-74 (N.D. Ill. 1987) and <u>United States v. Finley</u>, 705 F. Supp. 1272, 1278 (N.D. Ill. 1988).

In <u>United States v. Earnhart</u>, 683 F. Supp. 717 (W.D. Ark. 1987) a defendant moved for a bill of particulars as to tax charges. The court stated:

> The courts have generally recognized that because tax cases are ordinarily so complex, motions for bills of particulars should be

>     viewed more liberally in such cases.  Id. at
>     718.

The Court found that among the factors that should be looked to are the necessity of the items for preparation of a defense; the advisability of preventing surprise, delay, or injustice at trial; the prevention of undue labor in preparation of the defense, and the absence of prejudice to the government's case.  Id. at 718. These factors are particularly relevant here.  If the government specifies exactly which deposits or checks etc. are the subject of the indictment, the Defendant will know how to defend against the charges.  The Defendant will have the opportunity to explain the specific items the government claims made up the income he did not report.  Surely he is entitled to that information.  And, the court is well aware, as is the defense counsel, that for the Tax Division of the United States Department of Justice to have even approved this prosecution, the government would have already been required to submit detailed reports, specifying exactly how each amount in the indictment was arrived at.  The government cannot possibly claim prejudice.

In Earnhart, the defendant asked that particular items alleged to have been unreported be identified; that the amounts and their source be identified; and that the date, place, "for what," and "by whom" the payments were made also be identified.  The Court granted those requests "because to do so will 'enable the defendant to meet the charges presented against him,' which is the purpose of the rule allowing for bills of particulars." Id. at 718.

The government protested that if the bill was allowed, proof at trial would be restricted to the particulars. The Court stated:

> It hardly seems fair to expect the defense to be able to prepare adequately to meet charges related to specific items without knowing what those specific items are. At the very least, forcing the government to state now what items are at issue will minimize surprise and delay at trial. *In addition, the court does not see how it can prejudice the government's case: either the specific items can be proved to be fraudulent or they cannot be.* Emphasis added. Id. at 718.

Id. at 719. The same reasoning applies in this case. See also United States v. Olivia, 466 F. Supp. 710 (W.D. Pa. 1978) rev'd on other grounds, 611 F.2d 23 (3rd. Cir. 1979) (government required to furnish bill of particulars in tax case to disclose specific items of income making up taxable income, their sources, and deductions and costs allowed or disallowed, as request was not oppressive and was usual under circumstance of tax evasion case).

In United States v. Hedman, 458 F. Supp. 1384, 1386 (N.D. Ill. 1978), the defendants had been indicted for filing false tax returns under 26 U.S.C. §7206(1) and the court granted the defendants' motion for a bill of particulars. As in the Bailey case, the court reasoned that factual questions in criminal tax cases are generally complex and demand considerable time and expense in preparing even a single defense. Id. (citing United States v. Goldstein, 56 F.R.D. 52, 55 (D. Del. 1972)). Therefore, the court ordered that the defendant should be provided with

information necessary to adequately prepare for trial while avoiding unnecessary efforts.

IV. CONCLUSION

By the filing of the Second Superseding Indictment, the government completely changed the nature and scope of this case. Now, the Indictment is expanded to include two defendants and 11 charges. Unfortunately, the government does not provide the specific particulars essential for Defendant Andy Yip to adequately prepare for trial.

Based on the forgoing discussion and reasons and authorities, Defendant Andy Yip requests that this Court grant his Motion for Bill of Particulars.

Wherefore, Defendant respectfully requests that his motion be granted.

DATED: Honolulu, Hawaii, _____9/1/06_____.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP