IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR02-00225 DAE |
| | ) | |
| Plaintiff, | ) | DECLARATION OF COUNSEL |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP,            (01) | ) | |
| BRENDA M.O. CHUNG    (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DECLARATION OF COUNSEL

I, HOWARD T. CHANG, hereby declare under penalty of perjury that the following information is true and correct to the best of my knowledge:

1. I am the attorney licensed to practice in the State of Hawaii and a member of the bar of this Court. I am counsel of record for Defendant ANDY S.S. YIP in this criminal case.

2. On December 3, 2003, the government filed the Second Superseding Indictment in this case. This indictment completely changed the nature, scope and participants of the case. Now there are two defendants, one conspiracy charge, two witness tampering charges, 6 willful subscription to false returns for the years 1995-1999 and two failure to file FBAR reports. In other words, this is no longer strictly a criminal tax case!

3. Unfortunately, the government has not yet disclosed whether its criminal computations for unreported income for 1995-1998 remain the same or whether it still intends proceed on a bank

deposits method of proof, corroborated by the net worth method. To date, the defense has been required to guess what bank accounts the government includes in its bank deposit analysis; what deposits are being treated as income for purposes of the analysis; what deposits are being treated as non-income; what deposits are being treated as relating to prior or subsequent years and what deposits constitute prior accumulation. Moreover, the most basic requirement of net worth method is that there be net worth computations for the starting point, presumably January 1995, and the ending point each year, December 1995 and so on. Yet, no clue as even been disclosed about the net worth analysis. Finally, because the government has chosen two theoretical methods of proof, i.e., bank deposit analysis and net worth analysis, it is required to disclose the source of the alleged unreported income.

    4. In order for the defense to adequately prepare for trial, which is now scheduled for November 28, the requested particulars are essential. Without the requested particulars, preparation for trial may well be akin to shooting at moving targets.

    5. Attached hereto as Exhibit "A" is a true copy of the Second Superseding Indictment returned by the grand jury in this case.

    6. This Motion is filed in good faith and not to hinder or delay these proceedings.

DATED: Honolulu, Hawaii, _____9/1/06_____.

_____
HOWARD T. CHANG