IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225DAE-01 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | OF OPPOSITION |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF OPPOSITION

I.  STATEMENT OF THE CASE

      Defendant Andy S.S. Yip was originally indicted for one count of filing a false Form 1040, U.S. Individual Income Tax Return for the calendar year 1995, on May 30, 2002.  On April 2, 2003, a First Superseding Indictment was filed charging the Defendant with willfully subscribing false Federal income tax returns for 1995 (the charge in the original Indictment), 1996, 1997 and 1998.

      Prior to the First Superseding Indictment, the Defendant filed a Motion for a Bill of Particulars as to Count 1 on October 31, 2002.  That Motion for a Bill of Particulars (Count 1 of the original Indictment and the First Superseding Indictment) was denied by the Magistrate Judge on December 31, 2002 (Exhibit 1).  The Defendant appealed from that ruling.  The United States District Court affirmed the Magistrate Judge's ruling as to the denial of a Bill of Particulars on April 4,

2003, just two days after the First Superseding Indictment had added false subscription counts for 1996, 1997 and 1998 (Counts 2, 3 and 4).  (See Exhibit 2, Order affirming the Magistrate ruling).

On December 3, 2003, a Second Superseding Indictment was returned restating what had previously been Count 1 in the earlier Indictments as Count 4, and re-alleging the subscribing of a false Individual Income Tax Return for the calendar years 1996, 1997 and 1998 that appeared in the First Superseding Indictment as Counts 2, 3 and 4, as well as a new charge of false subscription for the 1999 calendar year.  Except for the year of the crime, all of the false subscription counts were carbon copies of the allegation at issue in the Defendant's original Motion for a Bill of Particulars that had been denied by both the Magistrate Judge and the District Court (Exhibits 1 and 2), and the discovery relating to those counts had been provided long before the Second Superseding Indictment (Exhibits 3 and 4).

The Second Superseding Indictment also charged this Defendant with conspiring with an associate to defraud the United States and impede the lawful functions of the IRS in regard to the tax investigation and prosecution of this Defendant for the false subscription counts alleged in the First and Second Superseding Indictments.  The co-Defendant was also charged with two counts in violation of Title 18, United States Code, Section

1512(b)(1), and this Defendant was charged with two violations of Title 31, United States Code, Sections 5314 and 5322(b), not disclosing his interest in foreign bank accounts. Only the conspiracy count and the false subscription counts in the final Indictment are at issue now. Of these, the Defendant's motion as to Count 4 has been denied. (Exhibits 1 and 2). As previously noted, Counts 5, 6, 7 and 9 are carbon copies of Count 4, with only the year of the offense changing in each count.

All of the discovery noted in Exhibit 3, pages 3-7, plus all of the documentation relating to Count 9, and all discovery relating to all counts pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure, has been delivered to the Defendant. Exhibits will be exchanged and witness statements delivered the Friday prior to trial. Three depositions have been taken since the return of the Second Superseding Indictment and four trial dates have come and gone with no motion for a Bill of Particulars.

II. STATEMENT OF THE LAW REGARDING RULE 7(f) OF THE
    FEDERAL RULES OF CRIMINAL PROCEDURE

   A.   This Motion Should Be Denied on Procedural Grounds.

The Defendant's present motion, pursuant to Rule 7(f) for a Bill of Particulars, should be denied under the plain language of Rule 7(f) of the Federal Rules of Criminal Procedure which calls upon the Defendant to make such a motion before arraignment or within 10 days after arraignment, or AT SUCH LATER

TIME AS THE COURT MAY PERMIT.  (Emphasis added).  Rule 7(f), Federal Rules of Criminal Procedure.

The Defendant's Motion for a Bill of Particulars as it relates to Count 4 is nothing more than an improper motion to reconsider, and by attribution the Bill of Particulars motion should also be denied as to Counts 5, 6, 7 and 9 for failure to comply with Rule 7(f), since those counts duplicate the conduct set out in Count 4.  The request for a Bill of Particulars as to Count 4 was denied on December 31, 2002, and that Order was affirmed by the United States District Court on April 4, 2003. The Defendant has been aware of the figures supporting the false income tax return charges throughout the investigation (Exhibit 3) and has been provided with a tape recording setting out in detail the obstruction underlying the conspiracy to obstruct, Count 1, the only really new matter before the Court.  The Defendant has also participated in three depositions relating to Counts 1 and 4-9.  The Defendant has been given all of the discovery relating to Count 1, except witness statements that are in the possession of the United States.

The Defendant has failed to provide any reason for the renewal of his Bill of Particulars.  In a situation where the Defendant has given no reason for a late filing in violation of Rule 7, and no permission to file a request for a bill has been granted, the motion may be denied. <u>United States v. Pyke</u>, 271 F.

Supp. 359 (S.D.N.Y. 1967).  See also, United States v. Taylor, 25 F.R.D. 225 (E.D.N.Y. 1960).  In Taylor, the court held that without an order from the district court to the contrary, a bill of particulars may not be made more than 10 days after arraignment.

III. THE LAW IN REGARD TO A BILL OF PARTICULARS

    A.    There Is No Legal Basis for the Present Motion for a Bill of Particulars.

A bill of particulars is granted only where necessary to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense, to avoid or minimize the danger of surprise at trial, or to enable him to plead his acquittal or conviction in bar of further prosecution for the same offense.  United States v. Giese, 597 F.2d 1170 (9th Cir.), cert. denied, 444 U.S. 979 (1979).

A bill of particulars is not an investigative vehicle for the defense and is not available as a tool "to obtain detailed disclosure of the government's evidence prior to trial." United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982).  Thus, a defendant may not use a motion for a bill of particulars to compel the disclosure of a government witness list.  United States v. Largent, 545 F.2d 1039 (6th Cir. 1976).  As a general rule, an inquiry into the

government's legal or evidentiary theory as to the means by which a defendant committed a specific criminal act is not a proper purpose for a bill of particulars.  See, e.g., United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); United States v. Bozza, 234 F. Supp. 15 (E.D.N.Y. 1964); United States v. Kahaner, 203 F. Supp. 78 (S.D.N.Y.), aff'd, 317 F.2d 459 (2d Cir.), cert. denied, 375 U.S. 836 (1963).  However, in this case, the United States long ago informed this Defendant of the method of proof it will use at trial (Exhibit 3).

A denial of a bill of particulars is within the discretion of the court and is reviewable only for an abuse of discretion.  United States v. Fassnacht, 332 F.3d 440 (7th Cir. 2003); United States v. Abreu, 952 F.2d 1458 (1st Cir. 1992); Wong Tai v. United States, 273 U.S. 77 (1927); United States v. Diecidue, 603 F.2d 535 (5th Cir. 1979).

// //
// //
// //
// //
// //
// //
// //
// //
// //

6

IV.  CONCLUSION

        In view of the open discovery practiced by the government in this case and for the foregoing reasons, the Defendant's Motion for a Bill of Particulars must be denied.

        DATED:  Honolulu, Hawaii, September 12, 2006.

        Respectfully submitted,

        EDWARD H. KUBO, JR.
        United States Attorney
        District of Hawaii


        By /s/ Leslie E. Osborne, Jr.
           LESLIE E. OSBORNE, JR.
           Assistant U.S. Attorney