ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 02-00225 DAE |
| ) | |
| Plaintiff, ) | |
| ) | FILED IN THE |
| vs. ) | UNITED STATES DISTRICT COURT |
| ) | DISTRICT OF HAWAII |
| ANDY S.S. YIP, ) | APR 0 4 2003 |
| ) | |
| Defendant. ) | at _11_ o'clock and _40_ min. a.m. |
| ) | WALTER A. Y. H. CHINN, CLERK |

ORDER AFFIRMING MAGISTRATE'S ORDER DENYING
DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION;
ORDER AFFIRMING MAGISTRATE'S ORDER DENYING
DEFENDANT'S MOTION FOR BILL OF PARTICULARS

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing the appeal and the supporting and opposing memoranda, the court AFFIRMS the Magistrate's Order Denying Defendant's Motion for Discovery and Inspection, filed December 31, 2002, and AFFIRMS the Magistrate's Order Denying Defendant's Motion for Bill of Particulars, also filed December 31, 2002.

BACKGROUND

The pertinent facts in this case have been set forth in previous filings submitted by both parties. To summarize, Defendant was indicted on May 30,

**EXHIBIT 2**

2002, for willfully making and subscribing to an income tax return that falsely understated his total income, in violation of 26 U.S.C. 7206(1). Defendant allegedly committed this crime of "tax perjury" when he filed the false return on or about April 15, 1996.

During the hearing before Magistrate Judge Kevin S.C. Chang ("Judge Chang") on December 13, 2002, Defendant moved the court to require the Government to prepare a Bill of Particulars. After considering Defendant's arguments regarding Defendant's inability to discern the precise nature of the Government's case against him, Judge Chang determined that the indictment and other sworn pleadings and/or declarations adequately apprised Defendant of the nature and detail of the charges against him. See Transcript of Proceedings Before the Honorable Kevin S. C. Chang, filed January 29, 2003 ("Transcript"), at 11. He also found that because trial was not scheduled until May 6, 2003, Defendant's Motion to Compel the Government to produce various items in fulfillment of its discovery obligations was premature. Judge Chang did not find any evidence of wrong doing or bad faith on the part of the Government. Id. at 11-12.

In a written Order issued on January 21, 2003, Judge Chang denied Defendant's Motion for a Bill of Particulars. He also denied Defendant's Discovery Motion (1) as premature and (2) because no evidence existed to suggest

that the Government had acted in bad faith or had failed to fulfill its discovery obligations.

Defendant filed his Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by a Magistrate Judge (Bill of Particulars) on January 13, 2003 ("Bill of Particulars Appeal"). He also filed his Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by a Magistrate Judge (Motion for Discovery and Inspection) on January 13, 2003 ("Discovery Appeal"). The Government filed its Opposition to Defendant's Appeal and Request to the District Court to Reconsider Pretrial Matter Determined by a Magistrate Judge (Bill of Particulars) on March 14, 2003 ("Bill of Particulars Opposition"). The Government filed its Opposition to Defendant's Appeal and Request to the District Court to Reconsider Pretrial Matter Determined by a Magistrate Judge (Motion for Discovery and Inspection) on March 27, 2003 ("Discovery Opposition").

## STANDARD OF REVIEW

Pursuant to Local Rule 74.1, the district court may only set aside a magistrate judge's order of non-dispositive matters on appeal if it finds the order to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 74.1. Thus, the district judge must affirm the magistrate judge

3

unless the district judge is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Commissioner, 979 F.2d 1369, 1370 (9th Cir. 1992). The reviewing court may not simply substitute its judgment for that of the deciding court, as it may under a de novo standard. See Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

## DISCUSSION

### I. Discovery Appeal

Defendant argues in his Discovery Appeal that Judge Chang failed to consider properly the Government's discovery obligations with respect to the special agent's report, the revenue agent's report and working papers, and summaries and memoranda relating to the Government's computations of business income and expenses. Defendant asserts that these documents are discoverable under the Jencks Act, 18 U.S.C. 3500(b), and that Judge Chang did not rule on these issues. However, upon review of the papers submitted to Judge Chang for review, as well as the Transcript of the proceedings revealing the issues discussed at the hearing, it appears that Judge Chang did consider Defendant's arguments. According to the plain text of the Jencks Act, such materials requested by Defendant need only be turned over by the Government after such witnesses have testified. The statute states specifically that "[a]fter a witness called by the United

4

States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C.A. § 3500(b) (2003). In light of the fact that none of the witnesses named by Defendant have been offered by the Government as intended trial witnesses, Defendant's request is indeed premature. Thus, the court finds no clear error was committed by Judge Chang in denying this aspect of Defendant's Motion.

Similarly, it does not appear to the court that Judge Chang made a clearly erroneous finding as to the written summaries of expert witnesses the Government intends to use at trial. Defendant argues that the Government has attempted to identify its expert witnesses as summary witnesses so as to avoid the requirements of Rule 16(a)(1)(E). The Government noted in the papers submitted to Judge Chang, however, that Rule 16(a)(1)(E) does not impose a deadline for the disclosure of these materials and that the summary witness it intends to use at trial has not completed his review of Defendant's case. The court can find no evidence in the record to suggest that Judge Chang failed to consider and adequately address Defendant's arguments, especially in light of the counter arguments presented by the Government.

In his Discovery Appeal, Defendant also suggests that Judge Chang's Discovery Order was clearly erroneous with respect to Defendant's request for disclosure of potentially exculpatory witness testimony under Brady v. Maryland, 373 U.S. 83 (1963). Defendant argued at the hearing that he wished to save time and money by requiring the Government to provide the defense with any Brady material at this stage of the case. However, the Government noted that Defendant not only failed to provide any evidence that the Government had not complied with the disclosure requirements under Brady, he also failed to demonstrate that he could not obtain testimony from the same witnesses by issuing his own subpoenas. The Government maintained at the hearing that Defendant knows the identity of the witnesses with whom the Government has spoken and that he can contact them on his own accord. The Transcript demonstrates that Defendant raised his concerns regarding the location of the witnesses and the strain on Defendant's budget that would result from requiring him to interview the witnesses on his own. Although Judge Chang declined to rule in Defendant's favor, there is no evidence that he erroneously found the Government's arguments meritorious.

Even were this court to find that Judge Chang improperly declined to find that the Government must disclose Brady (and Giglio) material at a specific time, the fact that Defendant's trial will be re-scheduled for a date no earlier than

January 2004, leads this court to the conclusion that the Government has not failed to disclose potentially exculpatory material at a time when disclosure would be of value to the Defendant. Because the trial looms far in the distant future, the Government has ample time yet to fulfill this obligation. Thus, there is no evidence at this time that the Government is in violation of the laws governing disclosure.

Finally, the court finds no clear error on the part of Judge Chang in ruling that the Government did not act improperly by refusing to disclose the identity of its informants. Defendant argues in his Appeal that disclosure of the informants is essential to the defense's ability to discern whether the Government disguised a criminal investigation as a civil audit. Defendant suggests that this evidence is critical to its efforts to suppress successfully any evidence obtained in the alleged investigation. At the hearing, however, the Government noted that issues of obstruction of justice on the part of the Defendant have arisen in this case. In light of such evidence, the Government argued to Judge Chang that it was inappropriate to allow the defense to learn the specific details regarding the Government's case and prosecutorial strategy. Moreover, it is clear that the burden for requiring disclosure is high. See U.S. v. Yoshimura, 831 F. Supp. 799, 802 (D. Hawai'i 1993) (citing Rovario v. United States, 353 U.S. 53 (1957)).

7

Defendant has presented no evidence that the identity of, or contents of communications involving the Government's confidential informants are relevant or helpful to his defense. Thus, he presents no evidence that Judge Chang's ruling was clearly erroneous.

## II.   Bill of Particulars Appeal

Defendant argues in his Appeal that Judge Chang failed to realize the repercussions of certain failures on the part of the Government to disclose its method of calculations. At the hearing, however, the Government maintained that it disclosed its criminal calculations regarding the unreported income. Transcript at 4. It also stated to the court that the Government's final calculations will be based on the bank deposit method and that the figures would be corroborated by the net worth analysis. Id. In light of this testimony, Defendant's suggestion that "on the eve of trial, [the Government might] provide us with yet another version of its criminal computations of unreported income, taxable income and taxes due," is unavailing. Bill of Particulars Appeal at 4. There is no evidence to suggest that the Government has not abided by its intention to use the calculation methods disclosed on the record. Moreover, Defendant's "fear" that the Government may take future actions that could prejudice the defense does not translate into a credible belief based on substantial evidence that the Government has or is likely

8

to act in such a manner. This court recognizes the challenging task that lies ahead of Defendant in wading through the evidence obtained by the Government. However, this court finds no indication in the record that the Government has failed to be forthcoming in establishing that the case it intends to prosecute against Defendant involves $1.6 million in loans that Defendant received from various acquaintances. Thus, Judge Chang was not clearly erroneous in his ruling that the Indictment and various other documents already disclosed in discovery adequately apprise Defendant of the charges against him such that he can prepare his defense. Transcript at 11. At the hearing, the Government noted that because the case against Defendant is based on his false returns, it need only prove that Defendant made a material misstatement in his tax return. Transcript at 4. It also reaffirmed that the material misstatement involved Defendant's alleged misrepresentation of his reported income. The court agrees with Judge Chang's ruling that Defendant has sufficient knowledge of the nature and detail of the charges against him such that the court is unable to conclude that the Government has failed to fulfill its discovery obligations.

## CONCLUSION

For the reasons stated above, the court AFFIRMS the Magistrate Judge's Order Denying Defendant's Motion for Discovery and Inspection and AFFIRMS the Magistrate's Order Denying Defendant's Motion for Bill of Particulars.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, APR      .

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

<u>United States of America vs. Andy S.S. Yip</u>, Cr. No. 021-00225 DAE; ORDER AFFIRMING MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION; ORDER AFFIRMING MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS