COPY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

MARK E. RECKTENWALD
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
P.O. Box 50183
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 0 2 2002

at ___ o'clock and ___ min. ___ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDY S.S. YIP,<br><br><br><br>Defendant. | CR. NO. 02-00225 (DAE)<br><br>GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS; DECLARATION OF SPECIAL AGENT GREGORY T. MIKI; EXHIBITS "1" - "4"; CERTIFICATE OF SERVICE<br><br>DATE:   December 12, 2002<br>TIME:   10:00 a.m.<br>JUDGE:  Kevin S.C. Chang |

GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

I.      INTRODUCTION

        The United States opposes defendant Andy S.S. Yip's

motion for bill of particulars.  A bill of particulars should be

granted only where necessary to inform the accused of the charge



EXHIBIT 3

with sufficient precision to enable him to prepare a defense, to avoid prejudicial surprise at trial, or to enable him to plead his acquittal or conviction in bar of further prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Giese, 597 F.2d 1170 (9th Cir.), cert. denied, 444 U.S. 979 (1979). Defendant here is well aware of the theory of the government's case and has received voluminous documentary evidence in discovery. His request for a bill of particulars seeks not information but rather evidentiary detail; indeed, the motion more closely resembles a set of interrogatories in a civil proceeding than a request for discovery in a criminal case. As a bill of particulars is not available "to obtain detailed disclosure of the government's evidence prior to trial," United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978), the motion should be denied.

## II.    LEGAL STANDARDS

A bill of particulars is not necessary if the indictment advises a defendant of the details of an offense. United States v. Giese, 597 F.2d at 1180. A bill of particulars thus should be ordered only if the indictment is too vague and indefinite to achieve the purposes served by the bill. United States v. Sullivan, 421 F.2d 676 (5th Cir. 1970). Adequate discovery also obviates the need for a bill of particulars.

United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973);
United States v. Ayers, 924 F.2d 1468, 1484 (9th Cir. 1991).
Defendant has the burden of demonstrating he would be prejudiced
by a denial of a bill of particulars. This court has substantial
discretion in the matter, and its ruling will not be disturbed
absent an abuse of discretion. United States v. Giese, 597 F.2d
at 1180.

III. FACTUAL BACKGROUND

Yip filed a 1995 Individual Income Tax Return in which
he reported total income of $185,402.00. Exhibit "A" to
Defendant's Motion. The indictment charges that the return was
materially false in violation of 26 U.S.C. § 7206(1), in that
Yip's actual income was substantially in excess of that amount.

The issues in this case have been well-known to Yip for
many years, and he has received substantial information about the
government's case both through discovery and through contacts
with various government representatives. In a nutshell, for the
tax years 1995-98 there were substantial deposits into bank
accounts controlled by Yip, and large amounts of expenditures
made by him from sources outside of those accounts, which cannot
be reconciled with the income reported on his tax returns. Those
unexplained items were first identified during a civil audit of
his 1995 tax return, which was commenced by Revenue Agent Emerald
Liburd of the IRS' civil examination division ("examination

division") in 1997. Liburd later expanded her audit to include
Yip's 1996 return. As part of her audit, Liburd requested and
received (through Yip's designated tax representative CPA Ronald
Lee) copies of Yip's bank records. When Liburd noticed
unexplained deposits to Yip's bank accounts, she asked Yip for an
explanation. In substance, Yip responded that the source of the
unexplained deposits was loans which had been made to him by
various acquaintances.[1] Yip provided Liburd with spreadsheets
which purported to identify certain bank deposits as having come
from loan proceeds, and also provided copies of purported
promissory notes relating to the loans.

In June, 1999, the examination division referred the
case for criminal investigation. The matter was then
investigated by IRS's Criminal Investigation Division. Yip,
through his criminal counsel Howard Chang, has interacted at
various times with counsel for the IRS and later for the Justice
Department concerning the investigation. During the course of
that dialog, Yip has been provided with substantial information
about the government's case, and has provided responses which
show that he clearly understands the basis for the charge against
him and how to defend himself against it.

For example, in January, 2002, IRS criminal tax
attorney Milton J. Carter, Jr. wrote Chang to provide details

---

[1]     Yip also challenged the accuracy of some of Liburd's calculations.

4

about the anticipated charges. Exhibit 1. That letter noted that the years 1995-98 were under consideration, that the government was using the bank deposits method of proof, and provided detailed "civil" figures relating to the government's calculation of how much income should have been reported and how much additional tax should have been paid.[2]

Yip, through counsel, responded in a letter dated February 8, 2002. Exhibit 2 hereto. In substance, Yip asserted that the IRS was improperly counting as income a total of $1.6 million in proceeds from loans made to Yip by five individuals. Yip further contended that the IRS' bank deposits analysis was flawed because it allegedly double counted some items and improperly counted some other non-taxable items.

Yip's counsel Howard Chang discussed the case further with Department of Justice Attorney Edward Groves on or about April 25, 2002. Declaration of Special Agent Gregory T. Miki, attached. During that discussion, Groves advised Chang that the government was relying on the bank deposits method, and was corroborating it with a net worth analysis. Groves also advised Chang that the alleged unreported income for criminal purposes, as calculated under each methodology, was as follows:

---

[2]    The "civil" figures are calculated for use in potential future civil proceedings to recover the tax due and owing. There are separate calculations prepared for use in the criminal case. The "criminal" numbers are typically more conservative than the civil numbers since they give the defendant the benefit of certain deductions from income that are not recognized in the civil context.

5

### Bank Deposits Analysis

| 1995 | 1996 | 1997 | 1998 |
|------|------|------|------|
| $806,739.25 | $607,311.21 | $79,086.73 | $503,029.39 |

### Net Worth Analysis

| 1995 | 1996 | 1997 | 1998 |
|------|------|------|------|
| $818,472.27 | $464,772.36 | $522,631.27 | $374,233.49 |

Chang wrote Groves on April 30, 2002 to provide additional information about the purported loans. Exhibit 3 hereto.[3]

The indictment was returned on May 30, 2002, charging Yip with falsely understating his total income in his 1995 return. After the indictment was returned, Yip was provided with extensive discovery. That discovery included: (1) defendant's oral and written statements, tax returns for himself and his businesses for 1995-98, and his criminal record, see Exhibit "B" to Defendant's Motion for Discovery and Inspection, (2) approximately fifty boxes and folders of documents and other materials, see id., Declaration of Howard Chang attached to Defendant's Motion for Discovery and Inspection at ¶ 7; see also Exhibit "4" hereto, which is a true and accurate copy of an inventory list of those items that was signed by Mr. Chang.

---

[3]     The enclosures to the exhibit are lengthy and accordingly are not included here. If the Court wishes to review them, the United States will make them available.

Additionally, the government has advised defense counsel that he may have access to approximately 20 more boxes of materials that were produced by Yip's companies in response to a grand jury subpoena. Declaration of Special Agent Gregory T. Miki, attached.

III.     DISCUSSION

It is disingenuous for defendant to suggest that he lacks sufficient information to defend against the indictment. Defendant knows the government's theory of the case, and has vigorously prepared a defense against it. Contrary to his suggestions in his motion, he knows the methodology that the government is using (bank deposits, as corroborated by a net worth analysis) to establish his income. Moreover, he knows the amounts of total income that the United States will assert he had in 1995-98 based on those analyses. The discovery materials provide Yip with everything he needs to perform his own bank deposit and net worth analyses, if he chooses to do so.

The additional information that Yip seeks is in substance a request to obtain the Government's bank deposit and net worth analyses before trial. As set forth in the government's response to defendant's discovery motion, he is not entitled to such information at this stage of the case. He should not be able to circumvent the limitations on discovery by

7

recharacterizing his discovery motion as a motion for bill of particulars.  Accordingly, the motion should be denied.

The government will turn to the specific items requested in defendant's motion for bill of particulars:

Item 1. The government has already advised defense counsel that it is relying on the bank deposits method, as corroborated by a net worth analysis.  Thus, this request is moot.

Items 2 and 5. These requests are moot since the government is not relying on the specific items or expenditures methods of proof.

Items 3 and 4. These items seek evidentiary detail concerning the government's proof.  Although defendant may not know each and every fact the government will offer at trial, he knows more than enough to prepare a defense.  The defendant has access to all the materials that he needs to make these calculations himself.  Accordingly, these requests should be denied.

Item 6. The government does intend to rely on understatements of income from years 1995-98, and has provided defendant with the government's calculation of what his total income was for those years.  Moreover, as we set forth in the discussion of item 7 below, the government contends that the unreported income should have been reported on line 12 of his

8

1995 return (business income or loss). Beyond that, defendant is seeking evidentiary detail to which he is not entitled. Defendant has the source materials and can perform his own analyses.

Items 7. The indictment informed the defendant that his reported total income of $185,402.00 on his 1995 return was alleged to be false,[4] since he fact earned substantially more than that amount. Moreover, Yip has been advised (through counsel) that the government contends he should have reported an additional $806,739.25 under a bank deposits analysis, or $818,472.27 under a net worth analysis.

Yip is not entitled to an enumeration of the other line items on the return that the United States believes to be false. Nevertheless, the government will contend at trial that the unreported income on the 1995 return should have been reported on line 12 (business income or loss), which in turn affected total income on line 22, adjusted gross income on line 31, and a number other lines "below" line 31 on the return. Since defendant has received full discovery of the underlying materials, and knows the amount that the government contends he should have reported as total income, defendant can adequately prepare his defense based on that information.

---

[4] As noted above, Yip was provided with copies of his tax returns in discovery. The "total income" of $185,402.00 was set forth on line 22 of his 1995 form 1040 Individual Income Tax Return.

9

IV.   CONCLUSION

Defendant has detailed information about the nature of the charge.  He knows that the government is alleging that he underreported his total income, he knows the additional amount that the government contends he should have reported, and he knows the methodology that the government used to calculate that amount.  He has access to the source documents to conduct his own analyses of the evidence.  In this motion, defendant does not seek information about <u>what</u> the government is alleging.  He instead seeks specific detail about <u>how</u> the charges will be proved.  That is not a proper function of a bill of particulars. The motion thus should be denied.

DATED:   December 2, 2002, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
MARK E. RECKTENWALD
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225 (DAE) |
| | ) | |
| Plaintiff, | ) | DECLARATION OF SPECIAL |
| | ) | AGENT GREGORY T. MIKI |
| vs. | ) | |
| | ) | |
| | ) | |
| ANDY S.S. YIP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF SPECIAL AGENT GREGORY T. MIKI

GREGORY T. MIKI, being first duly sworn, hereby depose and states:

1.     I am a Special Agent with the Internal Revenue Service, Criminal Investigation Division (IRS-CID). I make this declaration in response to Defendant's Motion for Bill of Particulars (Motion).

2.     Exhibit "1" is a true and correct copy of a January 17, 2002 letter from IRS criminal tax attorney Milton Carter ("Carter") to Howard T. Chang ("Chang"), Esq.

3.     Exhibit "2" is a true and correct copy of a February 8, 2002 letter from Chang to Carter.

4.     Exhibit "3" is a true and correct copy of an April 30, 2002 letter from Chang to Edward E. Groves of the Department of Justice.

5.     Exhibit "4" is a true and correct copy of an inventory of the records that I made available to Chang as

discovery in this case.

6.      Additionally, I advised Chang that he may have access to approximately 20 more boxes of materials that were produced by defendant Yip's companies in response to a grand jury subpoena.

7.      In summary, my understanding of the history of this case is as follows. In 1997, Revenue Agent Emerald Liburd of the IRS' civil examination division ("examination division") commenced a civil audit of Yip's 1995 tax return. Liburd later expanded her audit to include Yip's 1996 return. As part of her audit, Liburd requested and received (through Yip's designated tax representative CPA Ronald Lee) copies of Yip's bank records. When Liburd noticed unexplained deposits to Yip's bank accounts, she asked Yip for an explanation. In substance, Yip responded that the source of the unexplained deposits was loans which had been made to him by various acquaintances. Yip also challenged the accuracy of some of Liburd's calculations. Yip provided Liburd with spreadsheets which purported to identify certain bank deposits as having come from loan proceeds, and also provided copies of purported promissory notes relating to the loans.

In June, 1999, the examination division referred the case for criminal investigation. The matter was then investigated by IRS's Criminal Investigation Division.

8.      On November 29, 2002, I spoke with Edward Groves ("Groves"), Esq., of the U.S. Department of Justice's Tax

Division.  Groves advised me that he discussed Yip's case with Howard Chang on or about April 25, 2002.   During that discussion, Groves advised Chang that the government was relying on the bank deposits method, and was corroborating it with a net worth analysis.  Groves also advised Chang that the alleged unreported income for criminal purposes, as calculated under each methodology, was as follows:

### Bank Deposits Analysis

| 1995 | 1996 | 1997 | 1998 |
|---|---|---|---|
| $806,739.25 | $607,311.21 | $79,086.73 | $503,029.39 |

### Net Worth Analysis

| 1995 | 1996 | 1997 | 1998 |
|---|---|---|---|
| $818,472.27 | $464,772.36 | $522,631.27 | $374,233.49 |

I declare under the penalty of perjury that the foregoing is true and correct.

DATED: _December  2_, 2002, at Honolulu, Hawaii.

GREGORY T. MIKI

# -EXHIBIT 1-



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**OFFICE OF CHIEF COUNSEL**
**CRIMINAL TAX COUNSEL**
**2710, Federal Building**
**915 Second Avenue, M/S W670**
**Seattle, Washington 98174**
**Telephone: (206) 220-5951**
**Facsimile: (206) 220-5959**

CC:CT:LN:SEA:CT-166045-01                          January 17, 2002

Howard T. Chang, Esq.
733 Bishop Street, Suite 2530
Honolulu, Hawaii 96813

In Re: Andy S. S. Yip

Dear Mr. Chang:

Reference is made to our telephone conversation of January 16, 2002. In that conversation and earlier voice mails, you informed me that you had a conflict in participating in a previously scheduled telephone conference in this matter to be held January 18, 2002. I informed you that neither I nor Special Agent in Charge Victor Song would be available at your suggested alternate date, January 25, 2002. As a result, I informed you that I would provide you certain information about the case, and invited you to provide, in writing, any defenses you might wish SAC Song to consider in Mr. Yip's defense.

For your information, the proposed charges, years, method of proof, and civil figures are as follows:

Recommended Charges: 26 U.S.C. § 7201, Tax Evasion
Recommended Years: 1995, 1996, 1997 and 1998
Method of Proof: Bank Deposits
Civil Figures:

Taxable Income

| Year | Per Return | Corrected | Additional |
|------|-----------|-----------|-----------|
| 1995 | $114,663,00 | $1,124,004.00 | $1,009,341.00 |
| 1996 | $160,230.00 | $ 792,405.00 | $ 632,175.00 |
| 1997 | $161,361.00 | $ 365,683.00 | $ 204,322.00 |
| 1998 | $(152,007.00) | $ 494,341.00 | $ 646,348.00 |
| Totals | $284,247.00 | $2,776,433.00 | $2,492,186.00 |

## Income Tax

| Year | Per Return | Corrected | Additional |
|------|-----------|-----------|------------|
| 1995 | $39,311.00 | $420,794.00 | $381,483.00 |
| 1996 | $47,380.00 | $425,208.00 | $377,828.00 |
| 1997 | $52,910.00 | $195,244.00 | $142,334.00 |
| 1998 | $ -0- | $150,687.00 | $150,687.00 |
| | $139,601.00 | $1,191,933.00 | $1,052,332.00 |

Note that the Special Agent in Charge may determine that prosecution is not warranted, or that prosecution is warranted under the recommended charges, or other charges. Also note that the above listed taxable income and tax are the civil recommendation. The criminal figures may be different. If the Special Agent in Charge determines that prosecution is warranted, he will forward a prosecution recommendation to the to the Department of Justice for its consideration.

If you have any defenses you wish the Special Agent in Charge to consider, please forward those to me, in writing, no later than January 30, 2002.

Richard J. Pietrofeso
Area Counsel

By: _____

Milton J. Carter, Jr.
Criminal Tax Attorney

cc:    SAC, Portland Field Office

- 2 -

**NOTE:   EXHIBITS 2, 3 AND 4 TO EXHIBIT 3 OF THIS PLEADING ARE OMITTED**