ORIGINAL

HOWARD T. CHANG, AAL, ALC
HOWARD T. CHANG #1695-0
Suite 700 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 533-2877

Attorney for Defendant
ANDY S.S. YIP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 20 2006

at 1 o'clock and 15 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff,    )<br>)<br>vs.    )<br>)<br>ANDY S.S. YIP,    (01) )<br>BRENDA M.O. CHUNG    (02) )<br>)<br>    Defendants.    )<br>_____ ) | CR. NO. CR02-00225 DAE<br><br>DEFENDANT ANDY YIP'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR BILL OF PARTICULARS<br><br>DATE:    09/21/2006<br>TIME:    11:00 A.M.<br>JUDGE:   HON. BARRY M. KURREN<br><br>TRIAL DATE:   11/28/2006<br>JUDGE:   HON. DAVID A. EZRA |

DEFENDANT ANDY YIP'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR BILL OF PARTICULARS

The United States' Opposition to Defendant Andy S.S. Yip's Motion for Bill of Particulars represents an attempt to completely stonewall the defense from obtaining basic information essential for the defense to prepare for trial on the charges in the Second Superseding Indictment. Moreover, contrary to the government's assertions, the Motion for Bill of Particulars is not a rehash of the previous motion filed in October 2002. At the time

(CERTIFICATE OF SERVICE ATTACHED)

of first motion, the Indictment consisted of only one charge, i.e., willful subscription to a false return for the 1995 tax year. The present motion seeks essential information regarding the newly charged offense in Count 1 conspiracy to defraud the IRS, i.e., the names and addresses of all persons and entities alleged to be coconspirators known to the government but not identified in the Indictment and a statement regarding any overt acts not listed in the Indictment.

As to Requests Nos. 3-9 which relate to Counts 4-9, Defendant Yip merely wants to ascertain whether the government still relies on the bank deposits method of proof; whether that method is still corroborated by the net worth method of proof; whether the criminal computations of unreported income for the years 1995-1998, reflected on page 13 of Government Exhibit 3, have changed and what is the alleged source of the unreported income. These requests seek information that the government previously disclosed in 2002 regarding the method(s) of proof and the criminal computations of unreported income for the years 1995-1998. Yet, for some unexplained reason, the government now refuses to reaffirm the very same information it provided four years ago. The only apparent conclusion is that the government no longer relies upon the criminal computations disclosed four years ago!

The government has chosen one and possibly two indirect methods of proof, i.e., bank deposits method and/or net worth method of proof, in this case. Where the government chooses an indirect method of proof to prove a criminal tax case, it is

incumbent upon the government to prove beyond a reasonable doubt the likely source of such unreported income. **United States v. Holland**, 348 U.S. 121 (1954). Heretofore, the government has refused to make such disclosure.

Finally, the defense requests whether the government is alleging that Defendant willfully subscribed to a false 1999 income tax return merely failed to identify the existence of a foreign bank account or whether it intends to prove that Defendant engaged in the underreporting of income.

Based on the forgoing reasons and authorities, together with those submitted in the Memorandum In Support of Motion for Bill of Particulars, we submit that the Motion for Bill of Particulars should be granted and that government should be ordered to provide the requested particulars as to Requests Nos. 1-9.

DATED: Honolulu, Hawaii, _____September 20, 2006_____.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was duly served on the person(s) named below, in the manner described thereto, at their last known address on ___September 20, 2006___:

|  | U.S. Mail | Hand Deliver |
|---|---|---|
| LESLIE E. OSBORNE, ESQ.<br>Asst. U.S. Attorney<br>6-100 PJKK Federal Building<br>300 Ala Moana Boulevard<br>Honolulu, Hawaii 96850<br><br>Attorney for Plaintiff<br>UNITED STATES OF AMERICA |  | X |
| HOWARD K.K. LUKE, ESQ.<br>610 Ocean View Center<br>707 Richards Street<br>Honolulu, Hawaii 96813<br><br>Attorney for Defendant<br>BRENDA M.O. CHUNG |  | X |

DATED: Honolulu, Hawaii, ___September 20, 2006___.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP

092006
yip 2\SUPP MEMO Bill of Part.wpd