ORIGINAL

HOWARD T. CHANG, AAL, ALC
HOWARD T. CHANG #1695-0
Suite 700 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 533-2877
E-Mail:
howardchang.crimtaxatty
     @hawaiiantel.net

Attorney for Defendant
ANDY S.S. YIP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 07 2007

at __ o'clock and __ min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR02-00225 DAE |
| | ) | |
| Plaintiff, | ) | DEFENDANTS ANDY S.S. YIP'S |
| | ) | JURY INSTRUCTIONS |
| vs. | ) | |
| | ) | TRIAL DATE:   02/21/07 |
| ANDY S.S. YIP,         (01) | ) | TIME:         09:00 a.m. |
| BRENDA M.O. CHUNG      (02) | ) | JUDGE:   DAVID A. EZRA |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>DEFENDANTS ANDY S.S. YIP'S JURY INSTRUCTIONS</u>

DEFENDANT ANDY S.S. YIP, by and through his undersigned attorney, hereby requests that the standard United States District Court jury instructions be given together with the attached Special Jury Instructions.

DATED:  Honolulu, Hawaii,  _____February 7, 2007_____.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP

(CERTIFICATE OF SERVICE ATTACHED)

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO.   1**

Defendants ANDY S.S. YIP and BRENDA M.O. CHUNG are charged in Count 1 of the Indictment with conspiring to defraud the United States in violation of Section 371 of Title 18 of the United States Code. In order for each of the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about early 1998 until July 12, 2002, there was an agreement between two or more persons to defraud the United States, through the use of deceitful and dishonest means for the purpose of impeding, impairing, obstructing, and defeating the Internal Revenue Service in its ascertainment, computation, assessment and collection of income taxes;

Second, Defendant ANDY S.S. YIP became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, [with all of you agreeing on a particular overt act that you find was committed].

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy as charged in the Indictment is a kind of criminal partnership—an agreement of two or more persons to defraud the United States by deceitful or dishonest means. The crime of conspiracy is the agreement to defraud; it does not matter whether the fraud agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to defraud the United States by deceitful and dishonest means as alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular wrongful objective which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the

other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.


Ninth Circuit Pattern Instruction 8.16 (modified to reflect <u>Klein</u> conspiracy to defraud as charged in Indictment). Given by Judge Ezra in <u>United States v. Cloutier</u>, Cr. No. 99-00155 DAE.

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO. __2__**

For purposes of your deliberations, the use of the word "defraud" is limited only to wrongs done "by deceit, craft or trickery, or at least by means that are dishonest." People do not have a duty to conduct their business affairs in such a manner that makes matters easiest or simplest for the Internal Revenue Service.

<u>United States v. Caldwell</u>, 989 F.2d 1056 (9th Cir. 1985); <u>Hammerschmidt v. United States</u>, 265 U.S. 182, 188 (1924).

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO.   3**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident. You may consider evidence of the defendant's words, acts, omissions, along with all other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Pattern Instructions 5.6 (modified)
Given by Judge Ezra in <u>United States v. Cloutier</u>, Cr. No. 99-00155 DAE.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO.  4 **

      Knowledge of the objective of the conspiracy is an essential element of the offense of conspiracy to defraud. In the present case, the government must prove beyond a reasonable doubt that Defendant ANDY S.S. YIP knew about the alleged objectives of the conspiracy, i.e., to impede, impair, obstruct and defeat the IRS in its ascertainment, computation and collection of federal income taxes during an audit of ANDY S.S. YIP's 1995 and 1996 income tax returns.

United States v. Krasovich, 819 F.2d 253, 255 (9th Cir. 1987)
Ingram v. United States, 360 U.S. 672 (1959)
Given by Judge Ezra in United States v. Cloutier, Cr.No. 99-00155 DAE

GIVEN       _____
REFUSED     _____
MODIFIED    _____

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO. \_\_5\_\_**

Even if the Government proves the existence of an agreement between ANDY S.S. YIP and BRENDA M.O. CHUNG, it must also prove beyond a reasonable doubt that the purpose of the agreement was to interfere with the lawful functions of the IRS in assessing, computing and collecting income taxes for the years 1995 and 1996 and/or keeping Eriko Dimitrovsky from giving testimony before the grand jury. If interfering with the IRS is only a collateral effect of the agreement, rather than one of its purposes, then you cannot find ANDY S.S. YIP guilty of Count I of the Indictment.

United States v. Adkinson, 158 F.3d 1147 (11th Cir. 1998)
United States v. Vogt, 910 F.2d 1184, 1202 (4th Cir. 1990).
Given by Judge Ezra in United States v. Cloutier, CR.NO. 99-00155 DAE

GIVEN      _____
REFUSED    _____
MODIFIED   _____

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO.  6**

The failure to disclose income is, without more, insufficient to prove a conspiracy to defraud.

United States v. Klein, 247 F.2d 908 (2d Cir. 1957)
United States v. Adkinson, 158 F.3d 1147 (11th Cir. 1998)
Given by Judge Ezra in United States v. Cloutier, CR No. 99-00155 DAE

GIVEN     _____
REFUSED  _____
MODIFIED _____

013007
lit-1.'07\jury inst.wpd                   1

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO. \_\_7\_\_**

Defendant ANDY S.S. YIP has been charged in Counts 2, 3, 4, 5, 6, 7 and 9 of the Second Superseding Indictment with the offense of willful subscription of false income tax returns for the years 1995, 1996, 1997, 1998 and 1999, in violation of Section 7206(1) of Title 26, United States Code. In order for the Government to obtain a conviction of this offenses, it must prove beyond a reasonable doubt each of the following essential elements of the offense:

1. ANDY S.S. YIP filed one or more income tax returns that was false as to a material matter;

2. ANDY S.S. YIP signed the income tax return under penalty of perjury;

3. ANDY S.S. YIP did not believe that the return was true and correct as to every material matter; and

4. ANDY S.S. YIP willfully subscribed to one or more false returns with the specific intent to violate the law.

United States v. Tucker, 133 F.3d 1208,1218 (9th Cir. 1998)
United States v. Hanson, 2 F.3d 942 (9th Cir. 1993).
United States v. Marabelles, 724 F.2d 1374,1380 (9th Cir. 1984)
United States v. Brooksby, 668 F.2d 1102,1103-4 (9th Cir. 1982)

GIVEN     _____
REFUSED   _____
MODIFIED  _____

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO.   8  **

The offense of willful subscription of a false income tax return under Section 7206(1) of Title 26 United States Code is complete when the tax return is filed with the Internal Revenue Service.

**United States v. Habig,** 390 U.S. 222,223 (1968)
**United States v. Sansone,** 380 U.S. 343,354 (1965)

GIVEN     _____
REFUSED   _____
MODIFIED  _____

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO.  9**

The signing by ANDY S.S. YIP of his 1995, 1996, 1997, 1998 and 1999 income tax returns, standing alone, does not prove that he had knowledge of the contents of the returns.

United States v. Bilbrey, 82 A.F.T.R.2d 7234 (6th Cir. 1998)

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO. __10__**

Information is material if it is necessary to a determination of whether income tax is owed. To determine whether particular information is material, you should consider the nature of the statements claimed by the Government to be "material" and evaluate those statements in light of the particular information necessary to a determination of whether income tax was owed.

For example, a taxpayer is required to report her Social Security number on her tax return. But willfully falsifying one's Social Security number, while it may hinder the IRS' record-keeping, normally does not affect a determination of whether income tax is owed.

Another example is that if one's legitimate deductions exceed one's true gross income, taxable income will be zero. Failure to report all income will thus have no effect on taxes owed, at least for that year, and unreported income therefore may not be necessary to a determination of whether income tax is owed.

In order to prove materiality, the Government does not necessarily have to show that additional tax is owed. However, if no additional tax is owed, you may consider that as bearing on the question of materiality.

United States v. Uchimura, 125 F.3d 1282, 1284 (9th Cir.1997), cert. denied, 119 S. Ct. 151 (1998).
GIVEN     _____
REFUSED   _____
MODIFIED  _____

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO. __11__**

Whether an item on the Defendants' income tax return for 1995, 1996, 1997, 1998 and 1999 is material depends on whether it is necessary to a determination of whether income tax is owed. For example, if the taxpayer's legitimate deductions equal or exceed his or her gross income for the year unreported income may not be necessary to a determination of whether income tax is owed.

United States v. Uchimura, 125 F.3d 1282 (9th Cir. 1996).

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

013107
lit-1.'07\jury inst.wpd                    1

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO. 12**

The specific intent of willfulness is an essential element of the offense of tax perjury. The term "willfully" used in connection with this offense means the voluntary, intentional violation of a known legal duty. A defendant's conduct is not willful if he acted through negligence, inadvertence or a mistake or due to the good faith misunderstanding of the requirements of the tax law.

If a person holds a subjective good faith belief that he has done all that the law requires, he or she cannot be deemed to have formed the criminal intent to willfully evade payment of income taxes.

In determining the issue of willfulness, you may consider anything done or omitted to be done by the Defendant and all facts and circumstances in evidence that may aid in the determination of the Defendant's state of mind. The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. But a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer that another's

intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions.

Cheek v. U.S., 498 U.S. 192 (1991)
U.S. v. Aitken, 775 F.2d 188 (10th Cir. 1985)
U.S. v. Pomponio, 429 U.S. 10 (1976)
Given by Judge Ezra in United States v. Cloutier, Cr. No. 99-00155 DAE.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO.   13**

Defendant Andy S.S. Yip is charged in Count 9 of the Second Superseding Indictment with having committed the offense of willful subscription to a false 1999 income tax return on or about October 12, 2000, in violation of Section 7206(1). Mr. Yip is alleged to have committed this offense when he checked off the box stating no on Schedule B, Part III, Foreign Accounts and Trust, as to holding an interest in and authority over a financial account in a foreign country.

In order to obtain a conviction of this offense, the government must prove among other elements of the offense beyond a reasonable doubt that Andy S.S. Yip knew he was under a legal obligation to report on Schedule B, Part III, Foreign Accounts and Trust, the existence of the two bank accounts held jointly in his and his wife's names in Hong Kong.


**Ratzlaf v. United States,** 510 U.S. 1140-1143 (1994)
**Cheek v. United States,** 498 U.S. 192 (1991)



GIVEN      _____
REFUSED    _____
MODIFIED   _____

**DEFENDANT ANDY S.S. YIP'S PROPOSED JURY INSTRUCTION NO. 14**

     Andy S.S. Yip is charged in Counts 10 and 11 of the Second Superseding Indictment with having committed the offense of willful failure to file Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, on June 30, 1999 and October 12, 2000 in violation of Sections 5314 and 5322(b) of Title 31 United States Code and 31 Code of Federal Regulations, Sections 103.24 and 103.27 (c) and (d).

     In order to obtain a conviction of these offenses, the government is required to prove beyond a reasonable doubt that Andy S.S. Yip knew he had a legal obligation to report on Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, on or before June 30, 1999 and October 12, 2000, the existence of his two jointly held bank accounts in Hong Kong.


**Ratzlaf v. United States**, 510 U.S. 135,140-143 (1994)


```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was duly served on the person(s) named below, in the manner described thereto, at their last known address on ____February 7, 2007____:

|  | U.S. Mail | Hand Deliver |
|---|---|---|
| LESLIE E. OSBORNE, ESQ.<br>Asst. U.S. Attorney<br>6-100 PJKK Federal Building<br>300 Ala Moana Boulevard<br>Honolulu, Hawaii 96850<br><br>Attorney for Plaintiff<br>UNITED STATES OF AMERICA |  | X |
| HOWARD K.K. LUKE, ESQ.<br>841 Bishop Street #2022<br>Honolulu, Hawaii 96813<br><br>Attorney for Defendant<br>BRENDA M.O. CHUNG |  | X |

DATED: Honolulu, Hawaii, ____February 7, 2007____.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP

020607
lit-1.'07\jury inst.wpd                    1