ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Rm. 6-100
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB  9 2007

at __ o'clock and 10 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225 DAE |
| | ) | |
| Plaintiff, | ) | UNITED STATES' OPPOSITION |
| | ) | TO DEFENDANT BRENDA M. O. |
| vs. | ) | CHUNG'S MOTION TO SEVER; |
| | ) | CERTIFICATE OF SERVICE |
| ANDY S.S. YIP,      (01) | ) | |
| BRENDA M. O. CHUNG, (02) | ) | |
| | ) | Hearing Date:  2/12/07 |
| Defendants. | ) | Time:     11:15 a.m. |
| | ) | Judge:  David Alan Ezra |

UNITED STATES' OPPOSITION TO DEFENDANT
BRENDA M. O. CHUNG'S MOTION TO SEVER

Comes now the United States of America who, by and

through these pleadings, oppose the Defendant Brenda M. O.

Chung's motion for severance.

I.    STATEMENT OF THE FACTS

The date to file motions like the one presently at bar

in this case expired on December 24, 2006.  No motions of any

kind were filed relating to severance by that date.  On that

basis alone, the defendant's motion should be denied.

The United States does not intend to use any 404(b) evidence in this case contrary to the assertion of counsel. Simply put, Counts 4-11 involve failure to comply with laws concerning reporting lawful taxes.  Counts 1-3 involve the acts of both defendants to obstruct that investigation and subvert the efforts of the United States to determine the full tax owed by the defendant Yip.  The joinder of those counts and defendants is proper.

II.  STATEMENT OF THE LAW

Rule 8 of the Federal Rules of Criminal Procedure authorizes joinder of both offenses and defendants.  Rule 8(a) provides that two or more offenses may be charged in the same indictment if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) permits two or more defendants to be joined in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."  The defendants "may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."  Id.

The rule is designed to promote judicial economy and efficiency by avoiding multiple trials where that can be done

without substantial prejudice to the right of defendants to a
fair trial. Bruton v. United States, 391 U.S. 123, 131 n.6
(1968) (quoting Daley v. United States, 231 F.2d 123, 125 (1st
Cir.), cert. denied, 351 U.S. 964 (1956)). Rule 8 is to be
interpreted broadly in favor of initial joinder. United States
v. Gravatt, 280 F.3d 1189 (8th Cir. 2002); United States v.
Forrest, 623 F.2d 1107, 1114 (5th Cir. 1980); United States v.
Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977), cert. denied,
439 U.S. 840 (1978).

Rule 8(a) of the Federal Rules of Criminal Procedure
provides for joinder of offenses; however, it applies only where
there is a single defendant. (Where multiple defendants are
joined, subsection (b) of the rule provides the test for
joinder.) Rule 8(a) authorizes joinder of offenses where the
offenses charged (1) are of the same or similar character, (2)
are based on the same act or transaction, or (3) are connected
with or constitute parts of a common scheme or plan.

Rule 8(a) is permissive; it does not require that all
offenses against a single defendant be joined in the same
indictment. Department of Justice policy, however, directs
"'that several offenses arising out of a single transaction
should be alleged and tried together and should not be made the
basis of multiple prosecutions, a policy dictated by
considerations both of fairness to defendants and of efficient

and orderly law enforcement.'"  Petite v. United States, 361 U.S.
529, 530 (1960).

Offenses have been found "of the same or similar
character" so as to be properly joined where all counts involved
interference with the mail, United States v. Harris, 635 F.2d 526
(6th Cir. 1980), cert. denied, 451 U.S. 989 (1981); where all
counts involved the same dangerous drug, United States v. Lewis,
626 F.2d 940, 944 (D.C. Cir. 1980); where counts charged a 1976
theft of foreign currency and a 1978 violation of the Hobbs Act,
both involving theft of valuables from the same place and
defendant was an insider, United States v. Werner, 620 F.2d 922,
926 (2d Cir. 1980); where two armed robberies occurred in the
same area during a two-week period, United States v. Shearer, 606
F.2d 819, 820 (8th Cir. 1979); where two counts arose from nearly
identical incidents two days apart, United States v. Jordan, 602
F.2d 171, 172 (8th Cir.), cert. denied, 444 U.S. 878 (1979);
where three counts charged failure to file federal income tax
returns for three consecutive years, United States v. Bowman, 602
F.2d 160, 163 (8th Cir. 1979); where all three offenses charged
were for counterfeiting, United States v. Bronco, 597 F.2d 1300,
1301 (9th Cir. 1979); where offenses charged arose from a state
legislator's scheme to obtain money through the power and
authority of his state office, United States v. Rabbitt, 583 F.2d
1014, 1021 (8th Cir. 1978), cert. denied 439 U.S. 1116 (1979);

where counts charged selling heroin and cocaine, <u>United States v.</u> <u>Tillman</u>, 470 F.2d 142, 143 (3d Cir. 1972), <u>cert. denied</u>, 410 U.S. 968 (1973); where counts charged three armed robberies and evidence of each was relevant on issues of common scheme and identity, <u>United States v. Miller</u>, 449 F.2d 974, 981 (D.C. Cir. 1970); where two counts of burglary involved the same house where defendant was employed and there was evidence of an "inside job," <u>United States v. Leonard</u>, 445 F.2d 234, 235 (D.C. Cir. 1971).

Offenses have been found to be "based on the same act or transaction" so as to be properly joined where perjury and jury tampering charges arose from the same trial, <u>United States</u> <u>v. Forrest</u>, 623 F.2.d 1107, 1114 (5th Cir. 1980); where perjury count and civil rights violation count were joined and statements on which perjury count was based were made during grand jury investigation of the civil rights violation, <u>United States v.</u> <u>Duzac</u>, 622 F.2d 911, 913 (5th Cir.), <u>cert. denied</u>, 449 U.S. 1012 (1980); where drugs and a gun were found during a search of defendant's home, and charges were for manufacturing a controlled substance and receipt by a convicted felon of guns, <u>United States</u> <u>v. Park</u>, 531 F.2d 754, 761 (5th Cir. 1976) ("transaction" may comprehend many occurrences based on their logical relationship).

Offenses, have been found to be "based on two or more acts or transactions constituting parts of a common scheme or plan" so as to be properly joined where two of three bank

5

robberies were committed the same day and the other a month earlier, United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980); where defendant committed two assaults in Naval Academy locker rooms and was apprehended in another locker room cutting locks off lockers, United States v. Eades, 615 F.2d 617, 624 (4th Cir. 1980); where escape and a substantive offense were joined and the escape was to avoid prosecution for the substantive charge, United States v. Ritch, 583 F.2d 1179, 1181 (1st Cir.), cert. denied, 439 U.S. 970 (1978); where charges of causing interstate travel and use of interstate facilities to promote prostitution showed motive for threat and perjury charges, United States v. Raineri, 670 F.2d 702, 708-09 (7th Cir. 1982).

III. CONCLUSION

       For the foregoing reasons, the defendant's motion for severance must be denied.

       DATED:  Honolulu, Hawaii, February 9, 2007.

              Respectfully submitted,

              EDWARD H. KUBO, JR.
              United States Attorney
              District of Hawaii

              By                      
                 LESLIE E. OSBORNE, JR.
                 Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF:**

Howard K.K. Luke, Esq.    howardkkluke@hawaii.rr.com
        Attorney for Defendant
        BRENDA M. O. CHUNG

**Served by First Class Mail:**

        Howard T. Chang, Esq.
        Pauahi Tower, Suite 700
        1001 Bishop Street
        Honolulu, HI 96813
            Attorney for Defendant
            ANDY S.S. YIP


    DATED:  Honolulu, Hawaii, February 9, 2007.

                        _Gloria Parker_
                        Gloria Parker