ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Rm. 6-100
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB  9 2007

at __1__ o'clock and __10__ min __P__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 02-00225 DAE |
| ) | |
| Plaintiff, ) | UNITED STATES' STATEMENT |
| ) | REGARDING CONFLICT; |
| vs. ) | EXHIBITS 1-2; |
| ) | CERTIFICATE OF SERVICE |
| ANDY S.S. YIP,     (01) ) | |
| BRENDA M. O. CHUNG, (02) ) | |
| ) | Hearing Date: 2/12/07 |
| Defendants. ) | Time:   11:15 a.m. |
| _____ ) | Judge:  David Alan Ezra |

UNITED STATES' STATEMENT REGARDING CONFLICT

I.  STATEMENT OF THE FACTS

      During the course of preparation for this trial, the undersigned reviewed the grand jury transcript of Nancy Huang, the controller of the defendant Andy S.S. Yip's company.  During the course of that testimony, Ms. Huang said Mr. Yip said, "his lawyer had advised him to make a number of entries concerning invoices into the books of the company.  Those entries had the effect of masking various off-the-books transactions of great

interest to the IRS."  (See Exhibit 1, page 161, lines 14-24, and most importantly page 162, lines 14-20).

Upon discovering this information, I sent a copy of page 162 to Howard Chang, Esq. and advised him that I was concerned about a possible conflict.  Mr. Chang informed me orally that at no time had he directed Mr. Yip to have his controller "doctor" or alter the books of his company.  Subsequently, at my request, Mr. Chang confirmed his earlier conversations in a letter.  (Exhibit 2).

We now know that Mr. Yip identified the attorney referred to in the grand jury testimony as Mr. Howard Chang.  That information was discovered just last week.  In view of that, it is quite possible that Mr. Yip would want to call Mr. Chang as part of a reliance defense.  It is the intention of the United States to argue that the defendant's dealings with his controller represent still another act of attempting to obstruct the investigation of his tax situation by the IRS.  In view of that, the United States may wish to call Mr. Chang at any trial of this matter and that is our present intention.

In view of these recent developments, it is the position of the United States that Mr. Howard Chang may have a conflict that will require his removal from this case.

II. CONCLUSION

On the facts as they are now known, Mr. Chang may well

2

be called by his own client and will probably be called by the United States. It appears a conflict that cannot be waived has arisen.

DATED: Honolulu, Hawaii, February 9, 2007.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney