EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Rm. 6-100
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | CR. NO. 02-00225 DAE-01 |
| ) | | |
| Plaintiff, ) | | UNITED STATES' MOTION TO |
| ) | | DISQUALIFY HOWARD CHANG AS THE |
| vs.  ) | | ATTORNEY FOR THE DEFENDANT |
| ) | | ANDY S.S. YIP; CERTIFICATE |
| ANDY S.S. YIP, ) | | OF SERVICE |
| ) | | |
| Defendant. ) | | |
| ) | | |
| _____) | | |

UNITED STATES' MOTION TO DISQUALIFY HOWARD CHANG
AS THE ATTORNEY FOR THE DEFENDANT ANDY S.S. YIP

　　　　　Comes now the United States of America who by and through these pleadings, move that Howard Chang, the attorney for Andy S.S. Yip be disqualified from any further representation of this defendant.  This motion is based upon these pleadings, the previous statement filed by the United States, the files and records of this case and such further argument as the Court may entertain.

STATEMENT OF THE FACTS

During the course of preparation for this trial, the undersigned review the grand jury transcript of Nancy Huang, the controller for the defendant Andy S.S. Yip's company. That transcript revealed that Ms. Huang had testified that the defendant had requested certain late entries be made in the books and records of his company. Those entries had the effect of masking the defendant's operation of an "off the books" business during 1999. Ms. Huang stated that the defendant Yip had said "his lawyer had advised him to make a number of entries concerning invoices into the books of the company." The undersigned brought the transcript information to the attention of Mr. Howard Chang who stated he had never advised his client, to request late entries be made in the books of his company.

Subsequently, during preparation for trial, Ms. Huang identified Mr. Howard Chang as the attorney Mr. Yip had relied upon. According to Ms. Huang, Mr. Yip identified the attorney upon whose advice he was relying and during that initial conversation requesting late entries had said, "the attorney was Howard Chang." In view of Ms. Huang's statements, it would now appear that either Mr. Yip must abandon his reliance defense or, based on the out-of-court statements of Mr. Chang the United States will definitely call Howard Chang, Esq., to prove yet another obstructive act by his client of defendant Yip.

Howard Chang will be called as a witness by the United States unless Mr. Yip takes some mutually acceptable[1] affirmative acts to make that unnecessary.

### STATEMENT OF THE LAW

The Ninth Circuit has generally held that, in order to waive the attorney-client privilege, the client must disclose the content of a confidential communication. <u>Weil v. Investment/ Indicators Research and Management, Inc.</u>, 647 F.2d 18, 24 (9th Cir. 1981). The Circuit has gone on to say that, a person cannot always claim that he relied on counsel while protecting what was said between them from disclosure. As we have said: "the privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication the privilege may be implicitly waived." <u>United States v. Ortland</u>, 109 F.3d 539, 546 (9th Cir. 1977).

The waiver by disclosure rule appears to be universal. Once there have been disclosure to a third party of a confidential communication by the client or by the attorney with the client's permission, such communication is no longer privileged. <u>In re John Doe Corporation</u>, 675 F.2d 482, 488-89 (2d

---

[1] It would seem the only acceptable action by Yip would be admitting Chang never directed him to have Ms. Huang or any one else make late entries in his company's books.

Cir. 1982); <u>In re Horowitz</u>, 482 F.2d 72 (2d Cir.), <u>cert. denied</u>, 414 U.S. 867 (1973).

Where, as is the case here, the disclosure is partial, the courts have held that the privilege is waived for the yet unrevealed communications only to the extent that they are relevant to the part of the communication already disclosed. See <u>Hearn v. Rhay</u>, 68 F.R.D. 574 (E.D. Wash. 1975). Fairness may dictate waiver of the privilege as when the confidential communications are a material issue in the judicial proceeding. <u>United States v. Mierzwicki</u>, 500 F. Supp. 1331 (D. Maryland 1980). Similarly, a claim of reliance on advice of counsel may waive the privilege regarding that advice. <u>Id.</u>

The Hawaii State Rules of Professional Conduct further underscore the need for the disqualification of Howard Chang as the attorney for defendant Yip. Those rules mandate Mr. Chang's coming forward with testimony proving the falsity of his client's assertions to the controller of the defendant's own company.

> When false evidence is offered by the client, however, a conflict may arise between the lawyer's duty to keep the client's revelations confidential and the duty of candor to the court. Upon ascertaining that material evidence is false, the lawyer should seek to persuade the client that the evidence should not be offered or, if it has been offered that its false character should immediately be disclosed. If the persuasion is ineffective (or in this case impossible), the lawyer must take remedial measures to the extent reasonably necessary to rectify the consequences. [Rule 3.1 comment 5]

4

CONCLUSION

For the foregoing reasons, Howard Chang, Esq., must be disqualified from any further representation of the defendant Andy S.S. Yip.

DATED:  Honolulu, Hawaii, February 13, 2007.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Leslie E. Osborne, Jr.
    LESLIE E. OSBORNE, JR.
    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF:**

Howard K.K. Luke, Esq.   howardkkluke@hawaii.rr.com
    Attorney for Defendant
    BRENDA M. O. CHUNG

**Served by First Class Mail:**

    Howard T. Chang, Esq.
    Pauahi Tower, Suite 700
    1001 Bishop Street
    Honolulu, HI 96813
        Attorney for Defendant
        ANDY S.S. YIP


DATED: Honolulu, Hawaii, February 13, 2007.

                                /s/ Cheri Abing
                                Cheri Abing