


ORIGINAL

HOWARD T. CHANG, AAL, ALC
HOWARD T. CHANG #1695-0
Suite 700 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 533-2877
E-Mail:
howardchang.crimtaxatty
    @hawaiiantel.net

Attorney for Defendant
ANDY S.S. YIP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 0 2007

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR02-00225 (01) DAE |
| Plaintiff, | ) | DEFENDANT ANDY S.S. YIP'S |
| | ) | MEMORANDUM IN OPPOSITION TO |
| vs. | ) | UNITED STATES' MOTION TO |
| | ) | DISQUALIFY HOWARD CHANG |
| ANDY S.S. YIP, (01) | ) | |
| BRENDA M.O. CHUNG (02) | ) | DATE: 02/28/07 |
| | ) | TIME: 9:45 A.M. |
| Defendants. | ) | JUDGE: THE HONORABLE |
| | ) | DAVID A. EZRA |

DEFENDANT ANDY S.S. YIP'S MEMORANDUM IN OPPOSITION
TO UNITED STATES' MOTION TO DISQUALIFY HOWARD CHANG

Defendant ANDY S.S. YIP, by and through his undersigned attorney, hereby submits his Memorandum In Opposition To United States' Motion to Disqualify Howard Chang As The Attorney For The Defendant Andy S.S. Yip, as follows:

The Motion to Disqualify is predicated upon the 2002 grand jury testimony of Nancy Huang, the controller of A & E Creations, Inc., and certain oral statements reportedly made by her

(CERTIFICATE OF SERVICE ATTACHED)

during the week of February 5, 2007, to Assistant U.S. Attorney Leslie Osborne.  According to government counsel's representations made at the February 12 status hearing, Defendant Yip in December 1999 orally requested Ms. Huang to make certain corrective entries to the 1999 books and records of A & E Creations relating to the inclusion of approximately $1,000,000 in invoices and $1,100,000 revenue allegedly derived from off-book sales.  Ms. Huang testified that "I *think* either his lawyer advised him, or he want to put into book at one time." [GJ p.162, line 19, Emphasis added.]  Counsel represents that the Ms. Huang recently identified the attorney to be Howard Chang, the undersigned.

From the above scenario, government counsel leaps to the conclusion that he is now free to call the undersigned as a witness at trial, presumably to impeach Defendant Yip, and therefore, the undersigned now has an actual conflict of interest that cannot be waived.

The undersigned has been counsel for Defendant Yip, his wife Wai Lin, A & E Creations, Inc. and A.Y. Investments, Inc. from the fall of 1999.  During that time period, the undersigned has represented Defendant Yip throughout the IRS criminal investigation, in pre-indictment negotiations and all post-indictment matters involving this case.  Now, on the eve of trial, the government suddenly comes to the conclusion that the undersigned is subject to an actual conflict.

Under the Sixth Amendment, a criminal defendant's choice of counsel is presumptively correct.  **Wheat v. United States,**

486 U.S. 153,162 (1988). The primary purpose of the Sixth Amendment is to ensure that a criminal defendant has effective control of his own defense. **Faretta v. California**, 422 U.S. 806,819-820 (1975). In order to overcome Defendant's selection of counsel, the government must demonstrate herein that Nancy Huang's statement creates an actual conflict of interest under which the undersigned becomes a witness. See, **United States v. Kliti**, 156 F.3d 150 (2nd Cir. 1998).

At the outset, we point that the alleged statement made by Defendant Yip to Ms. Huang relates to corrective accounting action taken during the 1999 tax year for the inclusion of the alleged off-book sales and purchases incurred during the same year. It does not represent an effort "to mask" Defendant's operations, as claimed by the government.

Ms. Huang's statement contains multiple hearsay and is subject to objection since the government is offering an out-of-court statement of Defendant Yip for the truth of the matter asserted. Rule 801(a), F.R.E. Defendant's alleged statement does not constitute an admission on his part. It is noted that Ms. Huang has not stated that the undersigned has requested her to do anything.

Apart from the above, the Huang statement is objectionable on attorney-client privilege grounds. The attorney-client privilege is grounded on the broad policy objective of protecting attorney communications "to encourage full and frank

communications between attorneys and their clients". **Upjohn v. United States**, 449 U.S. 383,389 (1981). Rule 503 F.R.E. The privilege extends not only to the giving of advice, but also to the client providing information to the lawyer. **Id**. Government counsel claims that Defendant Yip's oral request to Ms. Huang constitutes a partial waiver of the attorney-client privilege.

To determine whether waiver has occurred, this Court must be mindful of the setting in which the statement was made by Defendant Yip to Ms. Huang. First, Ms. Huang was the controller of A & E Creations, Inc., a corporation owned and controlled by Mr. Yip. Second, the subject matter was the correction of entries to the books and records of A & E. Third, it is undisputed that the subject matter was a corporate purpose. Fourth, the undersigned was retained by Defendant Yip in the fall of 1999 to represent him, his wife, A & E Creations, Inc. and A.Y. Investments, Inc. in the IRS investigation and any subsequent court proceedings. Any advice provided by the undersigned to Defendant Yip in 1999 or thereafter was intended to be confidential.

"A privileged communication does not lose its protection if an executive relays legal advice to another who shares responsibility for the subject matter underlying the consultation * * *It would be an unnecessary restriction of the privilege to consider it lost when top management personnel discuss legal advice." **SCM Corp. v. Xerox Corp.**, 70 F.R.D. 508,518 (D.Conn.), appeal dismissed, 534 F.2d 1031 (2nd Cir. 1976). Similarly, an interoffice memorandum from one member of the control

group to other members of the ground summarizing the discussion of legal matters with counsel and the author of the memorandum was privileged. **Barr Marine Products Co. v. Borg-Warner Corp**, 84 F.R.D. 631,634 (E.D.Pa. 1979). Under such circumstances, the attorney-client privilege has not been waived by Defendant Yip's oral request to Ms. Huang and the undersigned cannot be compelled to testify against Defendant Yip.

Based on the forgoing discussion and reasons and authorities, Defendant Yip submits that the Motion to Disqualify Howard Chang as Attorney for Defendant Andy S.S. Yip must be denied.

DATED: Honolulu, Hawaii, _____February 20, 2007_____.


_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was duly served on the person(s) named below, in the manner described thereto, at their last known address on _____February 20, 2007_____:

|  | U.S. Mail | Hand Deliver |
|---|---|---|
| LESLIE E. OSBORNE, ESQ.<br>Asst. U.S. Attorney<br>6-100 PJKK Federal Building<br>300 Ala Moana Boulevard<br>Honolulu, Hawaii 96850<br><br>Attorney for Plaintiff<br>UNITED STATES OF AMERICA |  | X |
| HOWARD K.K. LUKE, ESQ.<br>841 Bishop Street #2022<br>Honolulu, Hawaii 96813<br><br>Attorney for Defendant<br>BRENDA M.O. CHUNG |  | X |

DATED: Honolulu, Hawaii, _____February 20, 2007_____.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP