EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Rm. 6-100
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDY S.S. YIP, (01)<br>BRENDA M. O. CHUNG, (02)<br><br>Defendants. | CR. NO. 02-00225 DAE<br><br>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS TO WHICH THE DEFENSE OBJECTS; CERTIFICATE OF SERVICE<br><br>Trial Date: 8/15/07<br>Time: 9:00 a.m.<br>Judge: David Alan Ezra |

GOVERNMENT'S PROPOSED JURY
INSTRUCTIONS TO WHICH THE DEFENSE OBJECTS

The United States submits the attached proposed jury instructions to which the defense has indicated an objection.

DATED: Honolulu, Hawaii, August 2, 2007.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Leslie E. Osborne, Jr.
LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

Conspiracy - Defined

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must all agree that there was a plan to commit the crime alleged in the Indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with

one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Authority:

Ninth Circuit Model Criminal Jury Instruction - 8.16 (2003 Edition).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

Conspiracy–Knowing of and Association with Other Conspirators

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person’s participation in the conspiracy was minor or for a short period of time.

Authority:

Ninth Circuit Model Criminal Jury Instruction - 8.18 (2003 Edition).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

Conspiracy - Pinkerton Charge

Each member of the conspiracy is responsible for the actions the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime. Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the existence of and in furtherance of an unlawful scheme, and whether any offense was one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Authority:

Ninth Circuit Model Criminal Jury Instruction - 8.20 (2003 Edition).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

Time of Conspiracy

If you find that the conspiracy charged in Count One existed, it is not essential that the government prove it began or ended on a specific date. It is sufficient if you find that the conspiracy was formed and existed for some time within or around the period alleged in the indictment, and that at least one overt act was committed in furtherance of the conspiracy within that period.

Authority:

Devitt & Blackmar, Federal Jury Practice and Instructions, § 27.09 (3rd ed. 1977).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made, signed, and filed a tax return for the year set out in the indictment that he knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

Authority:

Ninth Circuit Model Jury Instruction 9.37 (modified in accordance with United States v.Dahlstrom, 713 F.2d 1423, 1429 (9th Cir. 1983) (requiring filing of return for conviction of 26 U.S.C. § 7206(2)).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

Materiality - Defined

The false information was material if it had a natural tendency to influence or was capable of influencing or affecting the ability of the IRS to audit or verify the accuracy of the tax return or a related return.

Authority:

United States v. Gaudin, 515 U.S. 506, 509 (1995) (material statement has a "natural tendency to influence, or [be] capable of influencing, the decision of the decision making body to which it was addressed") (quoting Kungys v. United States, 485 U.S. 759, 770 (1988)); United States v. Greenberg, 735 F.2d 29, 31 (2nd Cir. 1984); United States v. Fawaz, 881 F.2d 259, 263 (6th Cir. 1989).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

Willfulness - Defined

To act willfully means to act voluntarily and deliberately with the intention to violate a known legal duty.

Authority:

2 Devitt, Blackmar, & O'Malley, Federal Jury Practice and Instructions, § 56.20 (4th ed. 1990).

Cheek v. United States, 498 U.S. 192, 201-202 (1991); United States v. Pomponio, 429 U.S. 10, 12 (1976).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

Fraudulent Acts as Willfulness

Willfulness is a state of mind that may be established by evidence of fraudulent acts.

Authority:

Comment to Ninth Circuit Model Criminal Jury Instruction - 9.35 (2003 Edition).

United States v. Voorhies, 658 F.2d 710, 715 (9th Cir.1981); United States v. Conforte, 624 F.2d 869, 875 (9th Cir.), cert. denied, 449 U.S. 1012 (1980).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

Income

The term gross income for income tax purposes consists of income from whatever source derived, included but not limited to compensation for services. The term taxable income means gross income minus any deductions allowed by law.

When a taxpayer acquires earnings, lawfully or unlawfully, without the consensual recognition of an obligation to repay and without restriction as to their disposition, he has received income which he is required to report, even though it may still be claimed that he is not entitled to retain the money and even though he may still be adjudged to restore its equivalent.

"A loan which the parties to the loan agree is to be repaid does not constitute gross income as that term is defined by the Internal Revenue Code. However, merely denominating a transaction as a loan is not sufficient to make it such; and where there is no good faith intent on the part of the borrower to repay the funds advanced, such funds are income under the income tax laws and are taxable as such."

In determining whether a true loan exists, although not exclusive, the following factors are relevant: (1) whether the promise to repay is evidenced by a note or other instrument; (2) whether interest was charged; (3) whether a fixed schedule of repayments was established; (4) whether collateral was given to

secure payment; (5) whether repayments were made; (6) whether the borrower had a reasonable prospect of repaying the loan and whether the lender had sufficient funds to advance the loan; and (7) whether the parties conducted themselves as if the transaction were a loan.

Authority:

James v. United States, 366 U.S. 213, 219-20;
United States v. Swallow, 511 F.2d 514, 522 n.7 (10th Cir. 1975);
See also James v. United States, 366 U.S. 213, 219-20;
Welch v. Commissioner of Internal Revenue Service, 204 F.3d 1228, 1230 (9th Cir. 2000).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

Bank Deposits Method of Proof

In the case, the government relies upon the "bank deposits method" of proving an additional tax due and owing (Counts 4-7) for the years 1995-1998. The bank deposits method of proof is a circumstantial way of establishing unreported income.

To use this method of proof, the government must establish that the defendant was engaged in an income producing activity during the tax years in issue and that during the course of such activity, regular and periodic deposits having the inherent appearance of current income were made into bank accounts associated with the income producing activity.

Deposits into such accounts are totaled. Non-income transactions, such as transfers between bank accounts, redeposits, and deposits of nontaxable amounts, such as loans, gifts, inheritances or prior accumulations, are subtracted from the total deposits. The defendant's share of income is determined from the remaining deposits.

The appropriate deductions, exclusions, exemptions, and credits to which the defendant is entitled are then subtracted from his share of income leaving an amount the government contends to be the defendant's correct taxable income for the tax year in issue. This amount then is used to compute the defendant's tax due and owing for the year.

If you find that such bank deposits establish the defendant's taxable income figure for each tax year in issue, you will proceed to inquire whether the government has established that those deposits represent taxable income on which the defendant willfuly attempted to evade or defeat the tax. In this connection, if the government has established that the defendant was engaged in an income producing business or activity, that regular and periodic deposits of money were made into bank accounts associated with the income producing business or activity, and that the deposits have the appearance of income, then you may, but are not required to, draw the inference that these deposits represented income during the year in question.

Explanations or "leads" may be offered to the government by or on behalf of the defendant as to the source of the funds used or available for deposits during the prosecution years such as gifts, loans, or inheritances. If such leads are relevant, reasonably plausible, and are reasonably susceptible of being checked, then the government must investigate into the truth of the explanations. However, if no such leads are provided, the government is not required to negate every conceivable source of nontaxable funds.

The government claims that it has correctly taken into account all of the factors which I have mentioned and that the bank deposits method of proof results in a figure which fairly

approximates the defendant’s true individual taxable income for calendar years 1995-1998.

Authority:

United States v. Gleckman, 80 F.2d 395 (8th Cir. 1935);
United States v. Helina, 549 F.2d 713 (9th Cir. 1977);
United States v. Soulard, 730 F.2d 1292 (9th Cir. 1984);
United States v. Stone, 770 F.2d 842 (9th Cir. 1985);
United States v. Boulware, 384 F.3d 794 (9th Cir. 2004).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

1. The defendant was a resident and citizen of the United States.

2. That during the year specified in each count of the indictment, the defendant had a financial interest in, and other authority over, a financial account in a foreign country as alleged in the indictment, that exceeded $10,000 in aggregate value.

3. The defendant knowingly failed to file a Form TDF90-22.1, Report of Foreign Bank and Financial Accounts, as required by law on or about the date charged in Counts 10 and 11 of the indictment.

Authority:

Based on 31 U.S.C. § 5314.

**CLEAN COPY**

INSTRUCTION NO. ____

Conspiracy - Defined

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must all agree that there was a plan to commit the crime alleged in the Indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with

one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. ____

Conspiracy–Knowing of and Association with Other Conspirators

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in the conspiracy was minor or for a short period of time.

INSTRUCTION NO. ____

Conspiracy - Pinkerton Charge

Each member of the conspiracy is responsible for the actions the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime. Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the existence of and in furtherance of an unlawful scheme, and whether any offense was one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

INSTRUCTION NO. ____

Time of Conspiracy

If you find that the conspiracy charged in Count One existed, it is not essential that the government prove it began or ended on a specific date. It is sufficient if you find that the conspiracy was formed and existed for some time within or around the period alleged in the indictment, and that at least one overt act was committed in furtherance of the conspiracy within that period.

INSTRUCTION NO. ____

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made, signed, and filed a tax return for the year set out in the indictment that he knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

INSTRUCTION NO. ____

Materiality - Defined

The false information was material if it had a natural tendency to influence or was capable of influencing or affecting the ability of the IRS to audit or verify the accuracy of the tax return or a related return.

INSTRUCTION NO. ____

Willfulness - Defined

To act willfully means to act voluntarily and deliberately with the intention to violate a known legal duty.

INSTRUCTION NO. ____

Fraudulent Acts as Willfulness

Willfulness is a state of mind that may be established by evidence of fraudulent acts.

INSTRUCTION NO. ____

Income

The term gross income for income tax purposes consists of income from whatever source derived, included but not limited to compensation for services. The term taxable income means gross income minus any deductions allowed by law.

When a taxpayer acquires earnings, lawfully or unlawfully, without the consensual recognition of an obligation to repay and without restriction as to their disposition, he has received income which he is required to report, even though it may still be claimed that he is not entitled to retain the money and even though he may still be adjudged to restore its equivalent.

"A loan which the parties to the loan agree is to be repaid does not constitute gross income as that term is defined by the Internal Revenue Code. However, merely denominating a transaction as a loan is not sufficient to make it such; and where there is no good faith intent on the part of the borrower to repay the funds advanced, such funds are income under the income tax laws and are taxable as such."

In determining whether a true loan exists, although not exclusive, the following factors are relevant: (1) whether the promise to repay is evidenced by a note or other instrument; (2) whether interest was charged; (3) whether a fixed schedule of repayments was established; (4) whether collateral was given to

secure payment; (5) whether repayments were made; (6) whether the borrower had a reasonable prospect of repaying the loan and whether the lender had sufficient funds to advance the loan; and (7) whether the parties conducted themselves as if the transaction were a loan.

INSTRUCTION NO. ____

Bank Deposits Method of Proof

In the case, the government relies upon the "bank deposits method" of proving an additional tax due and owing (Counts 4-7) for the years 1995-1998. The bank deposits method of proof is a circumstantial way of establishing unreported income.

To use this method of proof, the government must establish that the defendant was engaged in an income producing activity during the tax years in issue and that during the course of such activity, regular and periodic deposits having the inherent appearance of current income were made into bank accounts associated with the income producing activity.

Deposits into such accounts are totaled. Non-income transactions, such as transfers between bank accounts, redeposits, and deposits of nontaxable amounts, such as loans, gifts, inheritances or prior accumulations, are subtracted from the total deposits. The defendant's share of income is determined from the remaining deposits.

The appropriate deductions, exclusions, exemptions, and credits to which the defendant is entitled are then subtracted from his share of income leaving an amount the government contends to be the defendant's correct taxable income for the tax year in issue. This amount then is used to compute the defendant's tax due and owing for the year.

If you find that such bank deposits establish the defendant's taxable income figure for each tax year in issue, you will proceed to inquire whether the government has established that those deposits represent taxable income on which the defendant willfuly attempted to evade or defeat the tax. In this connection, if the government has established that the defendant was engaged in an income producing business or activity, that regular and periodic deposits of money were made into bank accounts associated with the income producing business or activity, and that the deposits have the appearance of income, then you may, but are not required to, draw the inference that these deposits represented income during the year in question.

Explanations or "leads" may be offered to the government by or on behalf of the defendant as to the source of the funds used or available for deposits during the prosecution years such as gifts, loans, or inheritances. If such leads are relevant, reasonably plausible, and are reasonably susceptible of being checked, then the government must investigate into the truth of the explanations. However, if no such leads are provided, the government is not required to negate every conceivable source of nontaxable funds.

The government claims that it has correctly taken into account all of the factors which I have mentioned and that the bank deposits method of proof results in a figure which fairly

approximates the defendant’s true individual taxable income for calendar years 1995-1998.

INSTRUCTION NO. ____

1. The defendant was a resident and citizen of the United States.

2. That during the year specified in each count of the indictment, the defendant had a financial interest in, and other authority over, a financial account in a foreign country as alleged in the indictment, that exceeded $10,000 in aggregate value.

3. The defendant knowingly failed to file a Form TDF90-22.1, Report of Foreign Bank and Financial Accounts, as required by law on or about the date charged in Counts 10 and 11 of the indictment.

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at the last known address:

**Served Electronically through CM/ECF:**

Howard T. Chang howardchang.crimtaxatty@hawaiiantel.net
Attorney for Defendant
ANDY S.S. YIP

Howard K. K. Luke howardkkluke@hawaii.rr.com
Attorney for Defendant
BRENDA M. O. CHUNG

DATED: Honolulu, Hawaii, August 2, 2007.

/s/ Gloria Parker
Gloria Parker