EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Rm. 6-100
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S **SECOND** PROPOSED |
| | ) | JURY INSTRUCTIONS TO |
| vs. | ) | WHICH THE DEFENSE OBJECTS; |
| | ) | CERTIFICATE OF SERVICE |
| ANDY S.S. YIP,     (01) | ) | |
| BRENDA M. O. CHUNG, (02) | ) | |
| | ) | Trial Date: 8/15/07 |
| Defendants. | ) | Time:  9:00 a.m. |
| _____ | ) | Judge:  David Alan Ezra |

GOVERNMENT'S **SECOND** PROPOSED JURY
INSTRUCTIONS TO WHICH THE DEFENSE OBJECTS

    The United States submits the attached proposed jury
instructions to which the defense has indicated an objection.  We
are unable to agree on any instruction.  This set supersedes the

// //

// //

// //

// //

set filed on August 2, 2007, numbered Document 219.  The parties

hope to meet on August 8, 2007 in a continuing effort to arrive

at agreed upon jury instructions.

      DATED:  Honolulu, Hawaii, August 2, 2007.

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii


            By /s/ Leslie E. Osborne, Jr.
                LESLIE E. OSBORNE, JR.
                Assistant U.S. Attorney

2

STANDARD JURY INSTRUCTIONS OF
UNITED STATES DISTRICT JUDGE DAVID ALAN EZRA

| 1  |   | DUTY OF JUDGE |
| 2  |   | DUTY TO FOLLOW INSTRUCTIONS |
|    | B | Multiple Defendants |
| 3  |   | REASONABLE DOUBT |
|    | A | Where Defendant Does Not Testify (if appropriate) |
|    | B | Where Defendant Testifies (if appropriate) |
| 4  |   | EVIDENCE -- EXCLUDING ARGUMENT OF COUNSEL |
| 5  |   | EVIDENCE -- OBJECTIONS |
| 6  |   | EVIDENCE -- EXCLUDING STATEMENTS OF JUDGE |
| 7  |   | EVIDENCE -- STIPULATION (if appropriate) |
| 8  |   | EVIDENCE -- DIRECT AND CIRCUMSTANTIAL |
| 9  |   | EVIDENCE -- CREDIBILITY OF WITNESSES |
| 11 |   | IMPEACHMENT -- GENERALLY |
| 14 |   | IMPEACHMENT OF DEFENDANT |
|    | A | General Instruction |
| 15 |   | ON OR ABOUT |
| 16 |   | KNOWINGLY |
| 17 |   | CAUTION -- PUNISHMENT |
|    | D | Multiple Defendants, Multiple Counts |
| 18 |   | DUTY TO DELIBERATE |
| 19 |   | VERDICT |
|    | B | Verdict Forms -- Multiple Defendants |

ADDITIONAL PROPOSED JURY INSTRUCTIONS

PROPOSED JURY INSTRUCTION NO. 1

<u>Conspiracy - Nature of the Charge</u>

This is a criminal case brought by the United States government.  In Count 1 of the Indictment, defendants Andy S.S. Yip and Brenda M. O. Chung have been charged with conspiracy to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service (IRS) of the United States Department of Treasury in violation of 18 U.S.C. § 371.

Authority:

18 U.S.C. § 371.

PROPOSED JURY INSTRUCTION NO. 2

<u>Statutory Language</u>

§ 371.  <u>Conspiracy to Defraud the United States</u>

Title 18, United States Code, Section 371 provides, in part, that:

> "If two or more persons conspire . . . to defraud
> the United States, or any agency thereof in any
> manner or for any purpose, and one or more of such
> persons do any act to effect the object of the
> conspiracy, . . ."
> each shall be guilty of an offense against the United
> States.

Authority:

18 U.S.C. § 371.

PROPOSED JURY INSTRUCTION NO. 3

<u>IRS Is an Agency of the Government</u>

The Internal Revenue Service of the Department of Treasury is an agency of the United States Government. Therefore, it is a violation of Title 18, United States Code, Section 371 to conspire to frustrate or obstruct the IRS in performing its lawful function of ascertaining, computing, assessing and collecting of federal income taxes due the United States.


Authority:

Agency of the United States:
26 U.S.C. 7801(a); 7803(a); 7804(a).

<u>Salaman v. Jameson</u>, 52 F.3d 334, 1995 WL 163581 (9th Cir. Nev) (Unpublished);
<u>Snyder v. IRS</u>, 596 F.Supp. 240, 247 (N.D. Ind. 1984);
<u>Young v. IRS</u>, 596 F.Supp. 141, 147 (N.D. Ind. 1984);
<u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417-18 (5th Cir. 1984).

Lawful function:
26 U.S.C. 6201 (Assessment authority) See supporting regulations:
26 CFR 301.6201-1;
26 U.S.C. 6301 (Collection authority) See supporting regulations:
26 CFR 301.6301-1;
See also 26 CFR 601.101(a) and 26 CFR §601.104.

26 U.S.C. §6020 (Returns Prepared For or Executed by Secretary) (ascertain and compute);
26 U.S.C. §7601; §7602 (Discovery of Liability ) (ascertain and compute).

<u>Roat v. Commissioner</u>, 847 F.2d 1379, 1381-82 (9th Cir. 1988);
<u>Ponthieux v. Commissioner</u>, 43 F.3d 1144, 1995 WL 41602 (9th Cir.) (Unpublished).

PROPOSED JURY INSTRUCTION NO. 4

<u>Conspiracy - Elements</u>

In order to prove the defendants guilty of conspiring to defraud the United States as charged in Count One of the Indictment, the government must establish the following four (4) elements beyond a reasonable doubt:

(1) The defendant knowingly and deliberately entered into an agreement or understanding with one or more persons;

(2) The purpose of the agreement or understanding was to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue, namely, federal income taxes;

(3) The means employed to accomplish the purpose of the agreement were either dishonest or deceitful; and

(4) One of the persons involved in the agreement or understanding performed at least one overt act described in the Indictment in furtherance of the agreement or understanding, with all of you agreeing on a particular overt act that you find was committed.

It is not necessary for you to find that the conspiracy actually impeded, impaired, obstructed, or defeated the lawful government functions of the Internal Revenue Service, but only that this was the purpose of the conspiracy.

I shall discuss with you briefly the law relating to each of these elements.

Authority:

<u>United States v. Caldwell</u>, 989 F.2d 1056, 1059 (9th Cir. 1993).

PROPOSED JURY INSTRUCTION NO. 5

<u>Conspiracy - Defined</u>

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must all agree that there was a plan to commit the crime alleged in the Indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with

one or more persons who are conspirators, nor merely by knowing

that a conspiracy exists.

Authority:

Ninth Circuit Model Criminal Jury Instruction - 8.16 (2003
Edition).

PROPOSED JURY INSTRUCTION NO. 6

<u>Conspiracy - Overt Act</u>

In order to sustain its burden of proof on Count One of the Indictment, the government must prove beyond a reasonable doubt that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that each defendant personally committed one of the overt acts, so long as one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Authority:

Ninth Circuit Model Jury Instruction - 8.16 (2000 Edition) (Modified).

PROPOSED JURY INSTRUCTION NO. 7

<u>Conspiracy - "Klein Conspiracy"</u>

A conspiracy to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service is not limited to a conspiracy to evade taxes, file false returns, or otherwise commit a tax crime.  The government need not prove that the defendants knew exactly what tax consequences would result or that they intended to attempt to evade taxes.

The conspiracy charged in Count One of the Indictment is any conspiracy whose object is to interfere with or obstruct one of the Internal Revenue Service's lawful government functions by deceit, craft or trickery, or dishonest means, where at least one overt act has been performed in furtherance of the conspiracy.  Merely making the job of the Internal Revenue Service harder or more difficult is insufficient to constitute defrauding the government, unless the means used to make the IRS's job harder are deceitful or dishonest.

Whether an alleged means or act is dishonest is a question for the jury.

The conspiracy need not aim to deprive the government of property, and the Internal Revenue Service need not actually have been impeded in efforts to assess and collect revenue.

Authority:

United States v. Khalife, 106 F.3d 1300, 1303 (6th Cir. 1997);
United States v. Caldwell, 989 F.2d 1056, 1059 (9th Cir.1993);
United States v. Rosengarten, 857 F.2d 76, 78 (2d Cir.1988);
United States v. Paiva, 892 F.2d 148, 162 (1st Cir. 1989);
As provided in United States v. Meredith, 02-CR-372 (C.D.Cal. 2004).

PROPOSED JURY INSTRUCTION NO. 8

Conspiracy-Knowing of and Association with Other Conspirators

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant  in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)    the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)    the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3)    the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in the conspiracy was minor or for a short period of time.


Authority:

Ninth Circuit Model Criminal Jury Instruction - 8.18 (2003 Edition).

PROPOSED JURY INSTRUCTION NO. 9

<u>Conspiracy - Pinkerton Charge</u>

Each member of the conspiracy is responsible for the actions the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime.  Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the existence of and in furtherance of an unlawful scheme, and whether any offense was one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Authority:

Ninth Circuit Model Criminal Jury Instruction - 8.20 (2003 Edition).

PROPOSED JURY INSTRUCTION NO. 10

<u>Time of Conspiracy</u>

If you find that the conspiracy charged in Count One existed, it is not essential that the government prove it began or ended on a specific date.  It is sufficient if you find that the conspiracy was formed and existed for some time within or around the period alleged in the indictment, and that at least one overt act was committed in furtherance of the conspiracy within that period.

Authority:

Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 27.09 (3rd ed. 1977).

PROPOSED JURY INSTRUCTION NO. 11

The defendant Brenda M.O. Chung is charged alone in Counts 2 and 3 of the Indictment.  Counts 2 and 3 charge a violation of 18 U.S.C. § 1512(b)(1), that statute provides that:

> If a person knowingly and corruptly did or
> attempted to persuade another, with the
> intent to influence, delay, or prevent the
> testimony of that person at an official
> proceeding, that person shall be guilty of an
> offense against the United States.

Authority:

Based on 18 U.S.C. § 1512(b)(1).

PROPOSED JURY INSTRUCTION NO. 12

<u>Tampering with a Witness</u>

In order to be found guilty of the allegations set out in Counts 2 and 3, the United States must prove beyond a reasonable doubt that: (1) the defendant knowingly and corruptly persuaded another person or attempted to do so to take action, (2) the defendant's acts were for the purpose of influencing, delaying or preventing the testimony of that person.

Authority:

Based on 18 U.S.C. § 1512(b)(1).

PROPOSED JURY INSTRUCTION NO. 13

<u>Filing False Tax Return</u>
(26 U.S.C. § 7206(1))

The defendant Andy S.S. Yip is charged in Counts 4-7 and 9 of the indictment with filing false tax returns in violation of Section 7206(1) of Title 26 of the United States Code, for the calendar years 1995-1998.  That statute provides:

> "Any person who willfully attempts in any
>
> manner to evade or defeat any tax imposed by
>
> this title or the payment thereof shall, in
>
> addition to other penalties provided by law,
>
> be guilty . . ."

Authority:

Ninth Circuit Model Jury Instruction 9.37 (modified in accordance with <u>United States v.Dahlstrom</u>, 713 F.2d 1423, 1429 (9th Cir. 1983) (requiring filing of return for conviction of 26 U.S.C. § 7206(2)).

PROPOSED JURY INSTRUCTION NO. 14

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made, signed, and filed a tax return for the year set out in the indictment that he knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

Authority:

Ninth Circuit Model Jury Instruction 9.37 (modified in accordance with <u>United States v.Dahlstrom</u>, 713 F.2d 1423, 1429 (9th Cir. 1983) (requiring filing of return for conviction of 26 U.S.C. § 7206(2)).

PROPOSED JURY INSTRUCTION NO. 15

<u>Materiality – Defined</u>

The false information was material if it had a natural tendency to influence or was capable of influencing or affecting the ability of the IRS to audit or verify the accuracy of the tax return or a related return.

Authority:

<u>United States v. Gaudin</u>, 515 U.S. 506, 509 (1995) (material statement has a "natural tendency to influence, or [be] capable of influencing, the decision of the decision making body to which it was addressed") (quoting <u>Kungys v. United States</u>, 485 U.S. 759, 770 (1988)); <u>United States v. Greenberg</u>, 735 F.2d 29, 31 (2nd Cir. 1984); <u>United States v. Fawaz</u>, 881 F.2d 259, 263 (6th Cir. 1989).

PROPOSED JURY INSTRUCTION NO. 16

<u>Willfulness - Defined</u>

To act willfully means to act voluntarily and deliberately with the intention to violate a known legal duty.

Authority:

2 Devitt, Blackmar, & O'Malley, <u>Federal Jury Practice and Instructions</u>, § 56.20 (4th ed. 1990).

<u>Cheek v. United States</u>, 498 U.S. 192, 201-202 (1991); <u>United States v. Pomponio</u>, 429 U.S. 10, 12 (1976).

PROPOSED JURY INSTRUCTION NO. 17

<u>Fraudulent Acts as Willfulness</u>

Willfulness is a state of mind that may be established by evidence of fraudulent acts.

Authority:

Comment to Ninth Circuit Model Criminal Jury Instruction - 9.35 (2003 Edition).

<u>United States v. Voorhies</u>, 658 F.2d 710, 715 (9th Cir.1981); <u>United States v. Conforte</u>, 624 F.2d 869, 875 (9th Cir.), <u>cert. denied</u>, 449 U.S. 1012 (1980).

PROPOSED JURY INSTRUCTION NO. 18

<u>Income</u>

The term gross income for income tax purposes consists of income from whatever source derived, included but not limited to compensation for services. The term taxable income means gross income minus any deductions allowed by law.

When a taxpayer acquires earnings, lawfully or unlawfully, without the consensual recognition of an obligation to repay and without restriction as to their disposition, he has received income which he is required to report, even though it may still be claimed that he is not entitled to retain the money and even though he may still be adjudged to restore its equivalent.

"A loan which the parties to the loan agree is to be repaid does not constitute gross income as that term is defined by the Internal Revenue Code. However, merely denominating a transaction as a loan is not sufficient to make it such; and where there is no good faith intent on the part of the borrower to repay the funds advanced, such funds are income under the income tax laws and are taxable as such."

In determining whether a true loan exists, although not exclusive, the following factors are relevant: (1) whether the promise to repay is evidenced by a note or other instrument; (2) whether interest was charged; (3) whether a fixed schedule of

repayments was established; (4) whether collateral was given to secure payment; (5) whether repayments were made; (6) whether the borrower had a reasonable prospect of repaying the loan and whether the lender had sufficient funds to advance the loan; and (7) whether the parties conducted themselves as if the transaction were a loan.

Authority:

James v. United States, 366 U.S. 213, 219-20;
United States v. Swallow, 511 F.2d 514, 522 n.7 (10th Cir. 1975);
See also James v. United States, 366 U.S. 213, 219-20;
Welch v. Commissioner of Internal Revenue Service, 204 F.3d 1228, 1230 (9th Cir. 2000).

PROPOSED JURY INSTRUCTION NO. 19

<u>Bank Deposits Method of Proof</u>

In the case, the government relies upon the "bank deposits method" of proving an additional tax due and owing (Counts 4-7) for the years 1995-1998. The bank deposits method of proof is a circumstantial way of establishing unreported income.

To use this method of proof, the government must establish that the defendant was engaged in an income producing activity during the tax years in issue and that during the course of such activity, regular and periodic deposits having the inherent appearance of current income were made into bank accounts associated with the income producing activity.

Deposits into such accounts are totaled. Non-income transactions, such as transfers between bank accounts, redeposits, and deposits of nontaxable amounts, such as loans, gifts, inheritances or prior accumulations, are subtracted from the total deposits. The defendant's share of income is determined from the remaining deposits.

The appropriate deductions, exclusions, exemptions, and credits to which the defendant is entitled are then subtracted from his share of income leaving an amount the government contends to be the defendant's correct taxable income for the tax year in issue. This amount then is used to compute the

defendant's tax due and owing for the year.

If you find that such bank deposits establish the defendant's taxable income figure for each tax year in issue, you will proceed to inquire whether the government has established that those deposits represent taxable income on which the defendant willfuly attempted to evade or defeat the tax.  In this connection, if the government has established that the defendant was engaged in an income producing business or activity, that regular and periodic deposits of money were made into bank accounts associated with the income producing business or activity, and that the deposits have the appearance of income, then you may, but are not required to, draw the inference that these deposits represented income during the year in question.

Explanations or "leads" may be offered to the government by or on behalf of the defendant as to the source of the funds used or available for deposits during the prosecution years such as gifts, loans, or inheritances.  If such leads are relevant, reasonably plausible, and are reasonably susceptible of being checked, then the government must investigate into the truth of the explanations.  However, if no such leads are provided, the government is not required to negate every conceivable source of nontaxable funds.

The government claims that it has correctly taken into account all of the factors which I have mentioned and that the

bank deposits method of proof results in a figure which fairly approximates the defendant's true individual taxable income for calendar years 1995-1998.

Authority:

United States v. Gleckman, 80 F.2d 395 (8th Cir. 1935);
United States v. Helina, 549 F.2d 713 (9th Cir. 1977);
United States v. Soulard, 730 F.2d 1292 (9th Cir. 1984);
United States v. Stone, 770 F.2d 842 (9th Cir. 1985);
United States v. Boulware, 384 F.3d 794 (9th Cir. 2004).

PROPOSED JURY INSTRUCTION NO. 20

The defendant Andy S.S. Yip is charged alone in Counts 10 and 11 of the indictment but having violating 31 U.S.C. § 5314, Failure to Report a Foreign Bank Account.  That statute provides, in pertinent part:

> "A resident and citizen of the United States
> must declare . . . foreign accounts in which
> they may have a financial interest . . ."

Authority:

Based on 31 U.S.C. § 5314.

PROPOSED JURY INSTRUCTION NO. 21

1.    The defendant was a resident and citizen of the United States.

2.    That during the year specified in the indictment, the defendant had a financial interest in, and other authority over, a financial account in a foreign country during the year charged in the indictment, exceeded $10,000 in aggregate value.

3.    The defendant knowingly failed to file a Form TDF90-22.1, Report of Foreign Bank and Financial Accounts, as required by law.

Authority:

Based on 31 U.S.C. § 5314.

**CLEAN COPY**

INSTRUCTION NO. _____

<u>Conspiracy - Nature of the Charge</u>

This is a criminal case brought by the United States government.  In Count 1 of the Indictment, defendants Andy S.S. Yip and Brenda M. O. Chung have been charged with conspiracy to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service (IRS) of the United States Department of Treasury in violation of 18 U.S.C. § 371.

INSTRUCTION NO. _____

Statutory Language

§ 371.  Conspiracy to Defraud the United States

Title 18, United States Code, Section 371 provides, in
part, that:

> "If two or more persons conspire . . . to defraud
> the United States, or any agency thereof in any
> manner or for any purpose, and one or more of such
> persons do any act to effect the object of the
> conspiracy, . . ."
>
> each shall be guilty of an offense against the United
> States.

INSTRUCTION NO. _____

<u>IRS Is an Agency of the Government</u>

The Internal Revenue Service of the Department of Treasury is an agency of the United States Government. Therefore, it is a violation of Title 18, United States Code, Section 371 to conspire to frustrate or obstruct the IRS in performing its lawful function of ascertaining, computing, assessing and collecting of federal income taxes due the United States.

INSTRUCTION NO. _____

<u>Conspiracy - Elements</u>

In order to prove the defendants guilty of conspiring to defraud the United States as charged in Count One of the Indictment, the government must establish the following four (4) elements beyond a reasonable doubt:

(1) The defendant knowingly and deliberately entered into an agreement or understanding with one or more persons;

(2) The purpose of the agreement or understanding was to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue, namely, federal income taxes;

(3) The means employed to accomplish the purpose of the agreement were either dishonest or deceitful; and

(4) One of the persons involved in the agreement or understanding performed at least one overt act described in the Indictment in furtherance of the agreement or understanding, with all of you agreeing on a particular overt act that you find was committed.

It is not necessary for you to find that the conspiracy actually impeded, impaired, obstructed, or defeated the lawful government functions of the Internal Revenue Service, but only that this was the purpose of the conspiracy.

I shall discuss with you briefly the law relating to each of these elements.

INSTRUCTION NO. _____

<u>Conspiracy - Defined</u>

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must all agree that there was a plan to commit the crime alleged in the Indictment.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with

one or more persons who are conspirators, nor merely by knowing

that a conspiracy exists.

INSTRUCTION NO. _____

<u>Conspiracy - Overt Act</u>

In order to sustain its burden of proof on Count One of the Indictment, the government must prove beyond a reasonable doubt that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that each defendant personally committed one of the overt acts, so long as one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

INSTRUCTION NO. _____

Conspiracy - "Klein Conspiracy"

A conspiracy to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service is not limited to a conspiracy to evade taxes, file false returns, or otherwise commit a tax crime.  The government need not prove that the defendants knew exactly what tax consequences would result or that they intended to attempt to evade taxes.

The conspiracy charged in Count One of the Indictment is any conspiracy whose object is to interfere with or obstruct one of the Internal Revenue Service's lawful government functions by deceit, craft or trickery, or dishonest means, where at least one overt act has been performed in furtherance of the conspiracy.  Merely making the job of the Internal Revenue Service harder or more difficult is insufficient to constitute defrauding the government, unless the means used to make the IRS's job harder are deceitful or dishonest.

Whether an alleged means or act is dishonest is a question for the jury.

The conspiracy need not aim to deprive the government of property, and the Internal Revenue Service need not actually have been impeded in efforts to assess and collect revenue.

INSTRUCTION NO. _____

Conspiracy—Knowing of and Association with Other Conspirators

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)  the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)  the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3)  the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in the conspiracy was minor or for a short period of time.

INSTRUCTION NO. _____

<u>Conspiracy - Pinkerton Charge</u>

Each member of the conspiracy is responsible for the actions the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime.  Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the existence of and in furtherance of an unlawful scheme, and whether any offense was one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

INSTRUCTION NO. _____

<u>Time of Conspiracy</u>

If you find that the conspiracy charged in Count One existed, it is not essential that the government prove it began or ended on a specific date. It is sufficient if you find that the conspiracy was formed and existed for some time within or around the period alleged in the indictment, and that at least one overt act was committed in furtherance of the conspiracy within that period.

INSTRUCTION NO. _____

The defendant Brenda M.O. Chung is charged alone in Counts 2 and 3 of the Indictment.  Counts 2 and 3 charge a violation of 18 U.S.C. § 1512(b)(1), that statute provides that:

> If a person knowingly and corruptly did or
> attempted to persuade another, with the
> intent to influence, delay, or prevent the
> testimony of that person at an official
> proceeding, that person shall be guilty of an
> offense against the United States.

INSTRUCTION NO. _____

<u>Tampering with a Witness</u>

In order to be found guilty of the allegations set out in Counts 2 and 3, the United States must prove beyond a reasonable doubt that: (1) the defendant knowingly and corruptly persuaded another person or attempted to do so to take action, (2) the defendant's acts were for the purpose of influencing, delaying or preventing the testimony of that person.

INSTRUCTION NO. _____

<u>Filing False Tax Return</u>
(26 U.S.C. § 7206(1))

The defendant Andy S.S. Yip is charged in Counts 4-7 and 9 of the indictment with filing false tax returns in violation of Section 7206(1) of Title 26 of the United States Code, for the calendar years 1995-1998.  That statute provides:

"Any person who willfully attempts in any

manner to evade or defeat any tax imposed by

this title or the payment thereof shall, in

addition to other penalties provided by law,

be guilty . . ."

INSTRUCTION NO. _____

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made, signed, and filed a tax return for the year set out in the indictment that he knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

INSTRUCTION NO. _____

<u>Materiality – Defined</u>

The false information was material if it had a natural
tendency to influence or was capable of influencing or affecting
the ability of the IRS to audit or verify the accuracy of the tax
return or a related return.

INSTRUCTION NO. _____

<u>Willfulness - Defined</u>

To act willfully means to act voluntarily and deliberately with the intention to violate a known legal duty.

INSTRUCTION NO. _____

<u>Fraudulent Acts as Willfulness</u>

Willfulness is a state of mind that may be established by evidence of fraudulent acts.

INSTRUCTION NO. _____

<u>Income</u>

The term gross income for income tax purposes consists of income from whatever source derived, included but not limited to compensation for services. The term taxable income means gross income minus any deductions allowed by law.

When a taxpayer acquires earnings, lawfully or unlawfully, without the consensual recognition of an obligation to repay and without restriction as to their disposition, he has received income which he is required to report, even though it may still be claimed that he is not entitled to retain the money and even though he may still be adjudged to restore its equivalent.

"A loan which the parties to the loan agree is to be repaid does not constitute gross income as that term is defined by the Internal Revenue Code. However, merely denominating a transaction as a loan is not sufficient to make it such; and where there is no good faith intent on the part of the borrower to repay the funds advanced, such funds are income under the income tax laws and are taxable as such."

In determining whether a true loan exists, although not exclusive, the following factors are relevant: (1) whether the promise to repay is evidenced by a note or other instrument; (2) whether interest was charged; (3) whether a fixed schedule of

repayments was established; (4) whether collateral was given to secure payment; (5) whether repayments were made; (6) whether the borrower had a reasonable prospect of repaying the loan and whether the lender had sufficient funds to advance the loan; and (7) whether the parties conducted themselves as if the transaction were a loan.

INSTRUCTION NO. _____

<u>Bank Deposits Method of Proof</u>

In the case, the government relies upon the "bank deposits method" of proving an additional tax due and owing (Counts 4-7) for the years 1995-1998.  The bank deposits method of proof is a circumstantial way of establishing unreported income.

To use this method of proof, the government must establish that the defendant was engaged in an income producing activity during the tax years in issue and that during the course of such activity, regular and periodic deposits having the inherent appearance of current income were made into bank accounts associated with the income producing activity.

Deposits into such accounts are totaled.  Non-income transactions, such as transfers between bank accounts, redeposits, and deposits of nontaxable amounts, such as loans, gifts, inheritances or prior accumulations, are subtracted from the total deposits.  The defendant's share of income is determined from the remaining deposits.

The appropriate deductions, exclusions, exemptions, and credits to which the defendant is entitled are then subtracted from his share of income leaving an amount the government contends to be the defendant's correct taxable income for the tax year in issue.  This amount then is used to compute the

defendant's tax due and owing for the year.

If you find that such bank deposits establish the defendant's taxable income figure for each tax year in issue, you will proceed to inquire whether the government has established that those deposits represent taxable income on which the defendant willfuly attempted to evade or defeat the tax.  In this connection, if the government has established that the defendant was engaged in an income producing business or activity, that regular and periodic deposits of money were made into bank accounts associated with the income producing business or activity, and that the deposits have the appearance of income, then you may, but are not required to, draw the inference that these deposits represented income during the year in question.

Explanations or "leads" may be offered to the government by or on behalf of the defendant as to the source of the funds used or available for deposits during the prosecution years such as gifts, loans, or inheritances.  If such leads are relevant, reasonably plausible, and are reasonably susceptible of being checked, then the government must investigate into the truth of the explanations.  However, if no such leads are provided, the government is not required to negate every conceivable source of nontaxable funds.

The government claims that it has correctly taken into account all of the factors which I have mentioned and that the

bank deposits method of proof results in a figure which fairly approximates the defendant's true individual taxable income for calendar years 1995-1998.

INSTRUCTION NO. _____

The defendant Andy S.S. Yip is charged alone in Counts 10 and 11 of the indictment but having violating 31 U.S.C. § 5314, Failure to Report a Foreign Bank Account.  That statute provides, in pertinent part:

> "A resident and citizen of the United States
>
> must declare . . . foreign accounts in which
>
> they may have a financial interest . . ."

INSTRUCTION NO. _____

  1. The defendant was a resident and citizen of the United States.

  2. That during the year specified in the indictment, the defendant had a financial interest in, and other authority over, a financial account in a foreign country during the year charged in the indictment, exceeded $10,000 in aggregate value.

  3. The defendant knowingly failed to file a Form TDF90-22.1, Report of Foreign Bank and Financial Accounts, as required by law.

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at the last known address:

**Served Electronically through CM/ECF:**

Howard T. Chang     <u>howardchang.crimtaxatty@hawaiiantel.net</u>
     Attorney for Defendant
     ANDY S.S. YIP

Howard K. K. Luke  <u>howardkkluke@hawaii.rr.com</u>
     Attorney for Defendant
     BRENDA M. O. CHUNG

     DATED:  Honolulu, Hawaii, August 3, 2007.


              <u>/s/ Gloria Parker</u>
              Gloria Parker