ORIGINAL

HOWARD T. CHANG, AAL, ALC
HOWARD T. CHANG #1695-0
Suite 475 Pauahi Tower
1003 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 533-2877
E-Mail:
howardchang.crimtaxatty
     @hawaiiantel.net

Attorney for Defendant
ANDY S.S. YIP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 24 2007

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR02-00225 DAE (02) |
| Plaintiff, | ) | MOTION TO EXCLUDE TESTIMONY OF GOVERNMENT'S SUMMARY WITNESS/EXPERT WITNESS AT TRIAL; EXHIBIT A |
| vs. | ) | |
| ANDY S.S. YIP,         (01)<br>BRENDA M.O. CHUNG   (02) | ) | TRIAL: August 15, 2007<br>TIME:  9:00 a.m.<br>JUDGE: David A. Ezra |
| Defendants. | ) | |


MOTION TO EXCLUDE TESTIMONY OF
GOVERNMENT'S SUMMARY WITNESS/EXPERT WITNESS AT TRIAL


THE GOVERNMENT'S SUMMARY WITNESS/EXPERT
WITNESS TESTIMONY SHOULD BE EXCLUDED.


On August 10, Defendant Andy Yip appeared before Magistrate Judge Kurren and pled guilty to Counts 4, 5, 6 and 7 of the Second Superseding Indictment in this case. Counts 4-7 allege that Mr. Yip committed the offense of willful subscription to false individual income tax returns for the years 1995, 1996, 1997 and

(CERTIFICATE OF SERVICE ATTACHED)

1998, all in violation of 27 U.S.C. 7206(1).  Mr. Yip continues with his plea of not guilty as to the remaining counts.

Count 1 alleges that Mr. Yip and co-defendant Brenda Chung conspired to impair, impede, obstruct or defeat the lawful functions of the IRS in the ascertainment and computation of income taxes.  This particular type of conspiracy is known as a "Klein" conspiracy, named after the Second Circuit's decision in United States v. Klein, 247 F.2d 908 (2d Cir. 1957), cert. denied 355 U.S. 924 (1958).  Count 9 alleges that Mr. Yip willfully subscribed to a false 1999 joint income tax return by checking "no" in the box below Schedule B inquiring about control of foreign bank, securities and financial accounts in violation of 26 U.S.C. 7206(1).  Finally, Counts 10 and 11 allege that Mr. Yip knowingly failed to file a FBAR report on TD Form 90-22.1 for the years 1998 and 1999 in violation of 31 U.S.C. 5314 and 5322 and 31 C.F.R. 103.24 and 103.27(c) and (d).

On August 15, Assistant U.S. Attorney Leslie Osborne informed the defense that he still intended to use revenue agent Susan Mitsuyoshi, as the summary witness at the trial of this case.  At a sidebar hearing on various motions in limine conducted August 15, the undersigned orally moved to exclude Ms. Mitsuyoshi from participating at the trial.  Government counsel responded that he was not even sure whether Ms. Mitsuyoshi would in fact testify at trial.  The Court then denied the motion without prejudice.  Defendant Yip submits that in view of the remaining offenses, i.e., conspiracy to defraud, willful failure to file FBAR and willful

subscription to a false return relating to checking the box, there is absolutely no need for the testimony of the summary witness; that her testimony will not assist the jury and that such testimony would have the prejudicial effect of giving the government two closing arguments in this case.

The alleged conspiracy set forth in Count 1 refers to two distinct time periods. Part one relates to the IRS audit of Mr. Yip's 1995 and 1996 income tax returns which occurred during the time period July 28, 1997 and June 24, 1999. Part one of the conspiracy relates to the Defendants having done the following:

1) providing false promissory notes to the IRS revenue agent conducting the audit;

2) making false statements to the revenue agent;

3) recruiting Eriko Dmitrovsky to give false oral and written statements to the revenue agent.

The second part of the conspiracy refers to the time period June 6, 2002 through July 12, 2002, when Defendant Chung allegedly told Ms. Dmitrovsky to remain in Paris, France to avoid giving grand jury testimony; telling her not to cooperate with the government; and advising her to give false testimony before the grand jury.

The Government intends to call Ms. Mitsuyoshi, as a summary witness, solely to interpret mounds of exhibits that relate to Counts 4 through 7.[1] Those counts are not part of this trial.

---

[1] By separate motion, Defendant Yip will be seeking to exclude numerous documentary exhibits that will be offered by the

Hence, the only purpose for the government to introduce such evidence is to create a spillover of evidence in its favor on the conspiracy charge.

Initially, we point out that routinely the Government claims that its summary witness is not an "expert witness." The Government's usual practice is for such Summary Witnesses to testify and attempt to publish a summary of the testimony and exhibits previously admitted during the course of trial. The witness then goes on to testify about the Government's computations of unreported income, particular items, and the attendant tax consequences therefrom. Therefore, there are basically three parts to the summary witness's testimony: the evidence and materials the summary witness is working from (including summaries), the nature, method, and means of the computations, and, by way of conclusion, the "tax consequences" following from the evidence and the computations.

The admissibility of charts, summaries, and the testimony thereon rests within the sound discretion of this Court. <u>Costello v. United States</u>, 350 U.S. 359 (1956); <u>United States v. Soulard</u>, 730 F.2d 1292 (9th Cir., 1984). Testimony of a summary witness and the associated charts and summaries are properly admissible only to assist the jury in comprehending voluminous exhibits and numerous witnesses. Rule 1006, Federal Rules of Evidence.

---

Government which relate to Counts 4 - 7 and not the conspiracy count.

The Government routinely asserts that the use of such testimony with the charts and summaries will "assist" the jury in comprehending voluminous exhibits and numerous witnesses where an indirect method of proof, such as the present bank deposit analysis is involved and to establish the existence of a material discrepancy between the Government's computations and the taxpayer's returns. The Court should conclude, based on the nature and import of this "assistance," that the Summary Witness is an expert witness within the meaning of FRE Rule 702. Clearly, to testify to complex exhibits, computations, and the claimed consequences thereof, the Summary Witness is an "expert." The Government will certainly ask the Summary Witness detailed questions about the Summary Witness' experience, skills, and training.

In criminal proceedings, expert testimony may only be allowed if two conditions are met: (a) the Government's timely notice of anticipated expert testimony, a written summary of the expert's qualifications, opinion, and the basis for the opinion; and, (b) qualification of the expert under the Rule 702 et. seq.

The Government has not complied with the first prong. Pursuant to Fed. R. Crim. Pro. 16(a)(1)(E), the Government is required to provide notice of its "experts," a written summary of the expert's opinion and its basis, and the expert's qualification(s) sufficiently in advance of trial to permit the Defendants to rebut these findings. In this case, the Government has not provided any of these details, particularly the written

summary of the "opinion" and its basis to date. The absence of this written opinion has made defense preparation difficult in this case, as the Court previously denied Defendant Yip's Motion for Bill of Particulars.

Under these circumstances, to allow the Government to call its summary witness as its expert would unfairly prejudice Defendant Yip. The testimony of the "summary witness" and the introduction of charts and summaries would also have the sweeping effect of the Government's "vouching" for the inference that the accused had the requisite prior actual knowledge for the offense charged. In Steele v. United States, 222 F.2d 628, the Court held that error was committed when the trial court admitted Government summary exhibits which were in reality exhibits that made judgments as to the reliability and credibility of the testimony of various witnesses.

Moreover, it is difficult to surmise how the testimony of Ms. Mitsuyoshi would assist the jury in understanding the government's case. Defendant Yip has pled guilty and the parties entered into the attached Stipulation. The Stipulation provides:

> "IT IS HEREBY STIPULATED by and between the parties that the evidence would show that during the years 1995 - 1998, Defendant Andy S.S. Yip conducted an "off the books" business for the sale primarily of watches. The proceeds from these sales were received mainly in the form of Japanese yen and some travelers checks. The yen and checks were exchanged for blank Honolulu Foreign Exchange checks which were used to payoff various personal and that business' expenses. The IRS investigation would reveal that these

>    activities resulted in a tax loss in excess of $300,000.
>
>    It is understood by the parties that this Stipulation may not be relied upon at sentencing."

This stipulation was read to the jury on August 16 at the beginning of the government's case. Thus, there is no issue requiring an analysis of numbers or transactions. The conspiracy stands or falls on its own allegations.

Further, we point out that permitting Revenue Agent Mitsuyoshi to summarize the evidence as an expert witness is tantamount to allowing the Government a second closing argument directed at the jury. In Holland v. United States, 348 U.S. 121, 126 (1954), the Supreme Court emphasized the danger of prejudice generated to the accused from such a presentation in a criminal tax prosecution. The Court further stated that charts showing calculations made by Government witnesses have a tendency of developing weight independent of the underlying evidentiary source.

Finally, we submit that the testimony of the summary witness will not assist the jury in understanding and comprehending the evidence or determining the facts at issue in this case. In absence such assistance, Rule 702 of the Federal Rules of Evidence precludes the testimony of the summary witness at this Trial.

DATED: Honolulu, Hawaii, <u>August 24, 2007</u>.


_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP