IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR02-00225 (1)  DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP,           (01) | ) | |
| BRENDA M.O. CHUNG    (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>MEMORANDUM OF LAW</u>

On September 14, the trial jury rendered its verdict finding Defendant Brenda Chung not guilty of conspiracy to defraud the IRS, but at the same time found Defendant Andy Yip guilty of that offense. Attached hereto as Exhibits 2 and 3 are copies of the Verdicts issued by the jury in this case. Count 1, as alleged in the Second Superseding Indictment (See, Exhibit 1), states:

> "From on or about early 1998, and continuing thereafter until July 12, 2002, in the District of Hawaii, the defendants, ANDY S.S. YIP and BRENDA M.O. CHUNG, all residents of Hawaii, did unlawfully, willfully and knowingly conspire, combine, confederate and agree together and with each other and with other individuals, both known and unknown to the grand jury, to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service (I.R.S.) of the United States Treasury Department, in the ascertainment, computation and collection of Federal income taxes during an audit of YIP's 1995 and 1996 joint Federal income tax returns, by providing five (5) false promissory notes to the I.R.S. revenue agent, by making false statements to

the I.R.S. revenue agent, by recruiting an individual to give false oral and written statements to the I.R.S. revenue agent, by telling the same individual to stay out of the country to avoid giving testimony before the Grand Jury, by telling the same individual not to cooperate with the government, and by telling the same individual to give false testimony to the Grand Jury, in violation of Title 18, United States Code, Section 371."

The essential elements of the offense of conspiracy to defraud, i.e., the Klein conspiracy, is set forth in the Court's Instruction No. 20. These consist of the following:

(1) Defendant Yip knowingly and deliberately entered into an agreement or understanding with one or more persons;

(2) The purpose of agreement or understanding was to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue, namely, federal income taxes;

(3) The means employed to accomplish the purpose of the agreement were either dishonest or deceitful; and

(4) One of the persons involved in the agreement or understanding performed at least one overt act described in the Indictment in furtherance of the agreement or understanding, with all of you agreeing on a particular overt act that you find was committed.

The Conspiracy alleged in Count 1 refers to two distinct time periods. Part one pertains to the IRS audit of Mr. Yip's 1995 and 1996 joint income tax returns which occurred during the approximate period July 28, 1997 to June 24, 1999. During this time period, the Defendants were alleged to have done the following:

1)   Defendant Chung in early 1998 solicited Eriko Dmitrovsky to falsely claim that Ms. Dmitrovsky had loaned large amounts of money to Defendant Yip;

2)   Defendant Yip provided false promissory notes with Ms. Dmitrovsky's name to the IRS revenue agent who conducted the audit;

3)   In approximately July 1996, both Defendants requested Ms. Dmitrovsky write a letter to the IRS revenue agent fabricating a loan between her and Mr. Yip; and

4)   In May through July 2002, Defendant Chung requested Ms. Dmitrovsky to stay outside of the United States and not to cooperate with the government.

The rule of consistency follows the principle that there can only be a conspiracy conviction if the trier of fact finds that there were two competent persons who agreed to a crime. It, therefore, invalidates convictions where one of only two alleged conspirators has been acquitted. The rule of convenience is predicated on the theory that there is no conspiratorial agreement if only one person agrees. See, **United States v. Rogers**, 340 U.S. 367,375 (1951); **United States v. Ritter**, 989 F.2d 318,321 (9th Cir. 1993); **Lubin v. United States**, 313 F.2d 419,423 (9th Cir. 1963). As stated in **Lubin** at 423, "Conspiracy requires plurality of actors, and an acquittal of one of two conspirators is an acquittal of the other. See, **Hartzel v. United States**, 322 U.S. 680,682 n.3 (1944); **Morrison v. California**, 291 U.S. 82,93 (1934); **United States v. Figueroa**, 720 F.2d 1239,1247 (11th Cir. 1983); **United States v. Williams**, 503 F.2d 50 (6th Cir. 1974).

The rule of consistency, however, is not without exception. First, the rule does not apply to situations where the co-conspirators are tried separately before different juries. **Standefer v. United States**, 447 U.S. 10,25 (1980). Second, the rule many not apply where the indictment refers to unindicted or unnamed persons as conspirators and the government presents "substantial evidence that the defendant conspired with those persons". **United States v. Wright**, 742 F.2d 1215,1224 (9th Cir. 1984); **United States v. Valles-Valencia**, 811 F.2d 1232,1239 (9th Cir. 1987), modified 823 F.2d 381 (1987).

In **Valles-Valencia, supra** at 1239, one of five defendants Soto-Leal was convicted of conspiracy to distribute marijuana. The conspiracy alleged the involvement of four others and Soto-Leal. At the joint trial, two of the co-defendants were granted motions for judgment of acquittal. The other two were acquitted by the jury. Under such circumstances, the Ninth Circuit reversed Soto-Leal's conspiracy conviction based on the rule of consistency set forth by **Lubin, id**.

In **Wright, supra** at 1224, Stern and two others were charged with conspiracy to possess with intent to distribute marijuana in excess of 1,000 pounds. Stern was convicted of a lesser conspiracy involving less than 1,000 pounds, but the other two defendants were acquitted. The Ninth Circuit held that the government did not present sufficient evidence of an agreement with unknown persons to take the case outside the rule of consistency.

In the present case, the government has not shown by substantial evidence that Defendant Yip agreed with any unindicted or unnamed conspirator to commit conspiracy. In fact, the government offered evidence at trial to the contrary tending to show that any activity by Eriko Dmitrovsky was not done with any agreement with Mr. Yip. She even testified that she barely knew Mr. Yip. Accordingly, Defendant Andy S.S. Yip submits that his Motion for Judgment Notwithstanding the Verdict as to Count 1 should be granted.

DATED: Honolulu, Hawaii, ____September 21, 2007____.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP