ORIGINAL

HOWARD T. CHANG, AAL, ALC
HOWARD T. CHANG #1695-0
Suite 475 Pauahi Tower
1003 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 533-2877
E-Mail:
howardchang.crimtaxatty
     @hawaiiantel.net

Attorney for Defendant
ANDY S.S. YIP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 06 2007

at 12 o'clock and 55 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>          Plaintiff, )<br><br>     vs. )<br><br>ANDY S.S. YIP,        (01) )<br>BRENDA M.O. CHUNG    (02) )<br><br>          Defendants. )<br>_____ ) | CR. NO. CR02-00225 (02) DAE<br><br>DEFENDANT YIP'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT AS TO COUNT 1<br><br>DATE:     NOVEMBER 13, 2007<br>TIME:     9:00 A.M.<br>JUDGE:    DAVID A. EZRA<br><br>TRIAL:    AUGUST 15, 2007 |

DEFENDANT YIP'S SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT AS TO COUNT 1

        For the first time, Government counsel claims in the

Government's Opposition to this Motion that there was a conspiracy

between Defendant Andy Yip and Eriko Dmitrovsky, the prosecution's

chief witness, to defraud the Internal Revenue Service.  This claim

borders on the incredible and represents a complete departure from

the Government's theory of the case.  Since December 3, 2003, when

(CERTIFICATE OF SERVICE ATTACHED)

the Second Superseding Indictment was issued, the Government unequivocally stated that Defendants Andy Yip and Brenda Chung were the only co-conspiractors in the conspiracy to defraud the IRS and that Ms. Dmitrovsky was an unwitting victim.   In fact, the Indictment charged and Ms. Dmitrovsky testified it was solely Defendant Chung who recruited her, instructed her on what to do and approved her activities.   Moreover, Ms. Dmitrovsky testified at trial that she barely knew Mr. Yip and had never had lunch or dinner or been together alone with him.   (TR. 9/5/07 35:24-36:19).

Simply put, the Government is attempting to fashion a new theory of the conspiracy at this time to suit its present purpose of opposing this Motion because Defendant Chung has now been acquitted.   We submit that this argument is disingenuous and this Court should not reject such attempt.

The Government acknowledges the legitimacy of the rule of consistency enunciated by Lubin v. United States, 313 F.2d 419,423 (9th Cir. 1963)in the Ninth Circuit and followed by United States v. Gardner, 475 F.2d 1273,1277 (9th Cir.), cert. denied, 414 U.S. 835 (1973); United States v. Patterson, 678 F.2d 774,781 (9th Cir.), cert. denied, 459 U.S. 911 (1982); United States v. Wright, 742 F.2d 1215,1224 (9th Cir. 1984); United States v. Valles-Valencia, 811 F.2d 1232,1239 (9th Cir. 1987), modified 823 F.2d 381 (9th Cir. 1987); United States v. Ritter, 989 F.2d 318,321 (9th Cir. 1993), but argues that it does not apply to this case.

To buttress this argument, counsel intimates that the prosecution proved beyond a reasonable doubt at trial the existence

of a conspiracy between Defendant Andy Yip and Eriko Dmitrovsky to defraud the Internal Revenue Service.  He relies upon the decisions in <u>United States v. Patterson</u>, <u>supra</u>, and <u>United States v. Gardner</u>, <u>supra</u>.  Yet, in both the <u>Patterson</u> and <u>Gardner</u> decisions, the Ninth Circuit held that the Government failed to meet the threshold of "substantial evidence" and granted the motions for acquittal for the remaining defendant.

Similarly, the evidence at trial utterly fails to support the government new found theory of conspiracy.  For example, counsel refers to the jury having found that there was a meeting at the Halekulani Hotel involving Defendants Chung and Yip, Ms. Dmitrovsky and an unknown individual and in which the subject of discussion was Ms. Dmitrovsky writing a letter to the IRS confirming she had loaned Mr. Yip money.  This so-called meeting was alleged in overt act no. 3 of the Indictment.  But it is patently clear by the jury's acquittal of Ms. Chung that no such meeting occurred.

As to overt act no. 4, Ms. Dmitrovsky testified at trial that only Ms. Chung told her what contents to be put in the letter (Tr. 8/31/05, 4:7-11)) and she, Ms. Dmitrovsky, did not speak to Defendant Yip about the letter.  (TR. 8/31/07 29:12-14).  In fact, at no time did Ms. Dmitrovsky testify that Mr. Yip even reviewed or approved the letter.

On the matter of the five promissory notes, Ms. Dmitrovsky testified that she had not seen any of them until her grand jury testimony in July 2002 and does not know if

Mr. Yip's signature appears on the notes.   (TR. 9/5/07 32:5-6).
Nor, was she asked by the prosecution whether the five notes
represented the bogus $350,000 loan.

With respect to relationship between Ms. Dmitrovsky and
Mr. Yip, she testified that when she came into town, she never
called him; that she never had lunch or dinner with him alone; and
that they were never together "just the two of us." (TR 9/5
35:24-35:19).   Finally, government counsel speculates that the
expensive ring Ms. Dmitrovsky received from Mr. Yip was meant as
payment for her assistance in the alleged conspiracy.   The
testimony of Brenda Chung was that the ring had been sold by PC 800
to Ms. Dmitrovsky for $16,000, less a discount, but that
Ms. Dmitrovsky never paid the invoice.

On the basis of the foregoing discussion and reasons and
authorities, Defendant Andy Yip submits that there was no
substantial proof offered by the Government at trial to show an
alleged conspiracy between him and Ms. Dmitrovsky. He, therefore,
requests this Court to grant his Motion for Judgment
Notwithstanding Verdict as to Count 1.

DATED:  Honolulu, Hawaii, _____ November 6 , 2007 _____ .


HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was duly served on the person(s) named below, in the manner described thereto, at their last known address on _____ November 6 , 2007 _____ :

|  | U.S. Mail | Hand Deliver |
|---|---|---|
| LESLIE E. OSBORNE, ESQ.<br>Asst. U.S. Attorney<br>6-100 PJKK Federal Building<br>300 Ala Moana Boulevard<br>Honolulu, Hawaii 96850<br><br>Attorney for Plaintiff<br>UNITED STATES OF AMERICA |  | X |
| HOWARD K.K. LUKE, ESQ.<br>841 Bishop Street #2022<br>Honolulu, Hawaii 96813<br><br>Attorney for Defendant<br>BRENDA M.O. CHUNG |  | X |

    DATED:  Honolulu, Hawaii, _____ November 6 , 2007 _____ .


_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP