IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR02-00225 (01) DAE |
| | ) | |
| Plaintiff, | ) | DECLARATION OF HOWARD T. CHANG |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP,  (01) | ) | |
| BRENDA M.O. CHUNG (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DECLARATION OF HOWARD T. CHANG

    I, HOWARD T. CHANG, hereby declare under penalty of perjury that the following information is true and correct to the best of my knowledge:

    1.  I have been and continue to be counsel of record for Defendant Andy S.S. Yip in this criminal proceeding. I participated in the lengthy five-week trial involving Mr. Yip which concluded on September 14, 2007 with the jury's inconsistent verdicts on Count I of the Second Superseding Indictment. On September 21, I filed Defendant Yip's Motion for Judgment Notwithstanding Verdict as to Count 1. On the same date, this Court notified the parties that the hearing date for the Motion would be October 22, 2007 at 11:15 a.m. A copy of the electronic notice is attached as Exhibit A.

2.  Thereafter, on October 16, I contacted Leslie Osborne, Government counsel in these proceedings, and inquired whether he would be filing any opposition to my motion. Mr. Osborne stated that he was unaware of the hearing date and then filed on October 17, an Ex Parte Motion to Permit Late Filing of Government's Opposition.  On October 18, this Court issued an Order Granting Late Filing of Government's Opposition.  A copy of the Government's Opposition was received by my office.  The hearing was then rescheduled for November 13 with the Government's responses due on October 30 and Defendant Yip's reply on November 6.

3.  On November 6, I filed Defendant Yip's Supplemental Memorandum.  My memorandum was directed solely at the arguments raised in the Government's Opposition memorandum, filed October 18, since that was the only opposition memorandum I had received from the government.  On November 13, I first became aware of the existence of a second opposition memorandum having been filed when I reviewed page 2 of the Court's Order.  Page 2 contained a reference to all memoranda filed by the parties in connection with the Motion for Judgment Notwithstanding Verdict as to Count 1.  A copy of pages 1 and 2 of the Court's Order is attached hereto as Exhibit B.

4.  I then requested that Barbara Sano, my legal assistant, to obtain from CM/ECF - Pacer a copy of the Government's October 26 Supplementary Opposition.  She did so.

5. I have briefly reviewed the Supplementary Opposition and note that it is far more extensive than the original Opposition.

6. I would like the opportunity of preparing a memorandum that replies and rebuts the various arguments and reference raised in the Supplementary Opposition and to present such to this Court in consideration of Defendant Yip's Motion for Judgment Notwithstanding Verdict as to Count 1.

7. On November 14, I spoke with Mr. Osborne regarding my not receiving or even knowing about the Supplementary Opposition memorandum until I had received the Court's Order denying the Motion. Mr. Osborne stated that he will not object to this Court reopening the proceedings on the Motion for Judgment Notwithstanding Verdict as to Count 1.

8. In connection with this request, I will need two weeks to prepare a written memorandum replying to the Supplementary Opposition since I have also asked the court reporter to provide me with the transcripts of the direct testimony of Eriko Dmitrovsky and the complete testimony of Emerald Liburd. The Supplementary Opposition contains extensive references to the testimony of these two witnesses.

9. This motion is sought in good faith and in the interests of justice.

DATED:  Honolulu, Hawaii,  ___November 15, 2007_____.


_____
HOWARD T. CHANG