IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225 (01) DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP,          (01) | ) | |
| BRENDA M.O. CHUNG (02), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT YIP'S MOTION
FOR JUDGMENT NOTWITHSTANDING VERDICT AS TO COUNT 1

On November 13, 2007, the Court heard Defendant Yip's Motion
(Doc. # 288).  Leslie Osborne, Assistant U.S. Attorney, appeared at the hearing on
behalf of Plaintiff; Howard T. Chang, Esq., appeared at the hearing on behalf of
Defendant Yip.  After reviewing the motion and the supporting and opposing
memoranda, the Court DENIES Defendant Yip's Motion.

BACKGROUND

Defendant Yip was charged with the following counts: (1) conspiracy
to defraud the United States for the purpose of obstructing the Internal Revenue
Service ("IRS") in the ascertainment, computation and collection of federal income
taxes during an audit of Yip's 1995 and 1996 joint federal income tax returns, in

violation of 18 U.S.C. § 371; (2) willfully making and subscribing a false income

tax return for the calendar year 1999, in violation of 26 U.S.C. § 7206(1); and (3)

and (4) willfully failing to file reports of foreign bank accounts, in violation of 31

U.S.C. §§ 5314 and 5322(b), and 31 C.F.R. §§ 103.24 and 103.27(c) and (d).

Brenda Chung was also charged with conspiracy to defraud the United States, and

two other counts.

       Defendant Yip was charged with other counts of falsifying his tax

returns in earlier years, to which he pled guilty on August 13, 2007.  On September

14, 2007, the jury returned its verdict finding Defendant Yip guilty as to all

Counts.  However, the jury found codefendant Brenda Chung not guilty of all the

counts with which she was charged, including the conspiracy count.

       On September 21, 2007, Defendant Yip filed a motion for judgment

notwithstanding the verdict as to Count 1, the conspiracy charge.  Defendant

argues that the Government failed to show that Yip entered into an agreement with

any coconspirator to commit the conspiracy.  The Government filed its opposition

on October 18, 2007, and a supplement thereto on October 26, 2007.  Defendant

Yip filed a reply on November 6, 2007.  This Court issued an order denying

Defendant's motion on November 13, 2007.  On November 15, 2007, Defendant

requested that this Court reopen the proceedings because he was unaware that the

Government filed a supplement to his opposition and he wanted to address

arguments made in the supplement in an additional reply brief.  The Government

did not oppose reopening the proceedings.  This Court therefore vacated its

previous order on November 19, 2007, and gave Defendant time to file a second

reply brief.  Defendant filed a Response to Government's Supplementary

Opposition to Motion for Judgment Notwithstanding Verdict as to Count 1 on

December 3, 2007.

<u>STANDARD OF REVIEW</u>

Defendant brought this motion as a post-trial motion for judgment of

acquittal, pursuant to Federal Rule of Criminal Procedure 29(c).  In determining

this type of motion, the court must "view the evidence, which was before the jury

when it returned the verdict of guilty, in a light most favorable to the Government

and determine whether there was relevant evidence from which the jury could

reasonably find the [defendant] guilty beyond a reasonable doubt."  <u>United States</u>

<u>v. Brandon</u>, 633 F.2d 773, 780 (9th Cir. 1980); <u>United States v. Alarcon-Simi</u>, 300

F.3d 1172, 1176 (9th Cir. 2002) ("the relevant question is whether, after viewing

the evidence in the light most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt.")

(citation and internal quotation marks omitted).  The court must not "concern itself

3

with determining the credibility of witnesses or the resolution of evidentiary

conflict, as those are exclusive function[s] of the jury." <u>United States v. Rojas</u>, 554

F.2d 938, 943 (9th Cir. 1977).  However, the court "may not disregard inferences

that the jury could draw from the evidence[.]" <u>Brandon</u>, 633 F.2d at 780.

<u>DISCUSSION</u>

This Court has carefully considered the arguments made by Defendant

in his second response.  Defendant argues that because Brenda Chung was

acquitted of the conspiracy charge and because the Government allegedly did not

present substantial evidence that he entered into an agreement with Eriko

Dmitrovsky or any other unindicted coconspirator, his motion must be granted.  In

his second reply, Defendant focuses on the rule of consistency, which is that where

there are multiple defendants and the offense necessarily involves more than one

participant, a guilty verdict cannot stand where the other co-defendants were

acquitted.  However,

> The general rule is that inconsistent verdicts may stand,
> even when a conviction is rationally incompatible with
> an acquittal. An exception to that rule is that acquittal of
> all but one of the alleged conspirators requires acquittal
> of the remaining defendant. However, if an indictment
> refers to unknown persons as coconspirators and the
> government supplies evidence to support a charge that

4

the defendant conspired with the unknown persons, a
conspiracy conviction will stand even if all other named
defendants are acquitted.

United States v. Patterson, 678 F.2d 774, 781 (9th Cir. 1982) (citations omitted);

Rogers v. United States, 340 U.S. 367, 375 (1951) (although at least two persons

are required to constitute a conspiracy, "one person can be convicted of conspiring

with persons whose names are unknown.").

In order to prove the elements of Count 1, the Government must

establish that Yip (1) knowingly and deliberately entered into an agreement or

understanding with one or more persons, (2) the purpose of which was to defraud

the IRS in its ascertainment of income taxes, (3) the means used to accomplish the

purpose of the agreement were either dishonest or deceitful, and (4) one of the

persons involved in the agreement or understanding performed at least one overt

act in furtherance of the agreement. United States v. Montgomery, 384 F.3d 1050,

1062 (9th Cir. 2004). "The agreement need not be explicit." Id. "Participation in

a criminal conspiracy need not be proved by direct evidence; a common purpose

and plan may be inferred from a 'development and collocation of circumstances'."

Brandon, 633 F.2d at 780 (citation omitted).

Here, the Indictment alleges that Yip conspired with Brenda Chung

and "with other individuals, both known and unknown" and references E.D., for

5

Eriko Dmitrovsky.  (Second Superseding Indictment at 2.)  Defendant argues that the evidence presented to the jury is insufficient to find that Yip knowingly and deliberately entered into an agreement or understanding with Dmitrovsky to defraud the IRS.  Defendant cites Dmitrovsky's testimony that Brenda Chung was the person who contacted her to help with Yip's tax problem and that she discussed writing the letter to the IRS on Yip's behalf, including the letter's contents such as the amount to allegedly loan to Yip and the years of the loan, with Brenda Chung over the telephone.  Dmitrovsky further testified that Yip was not present during these discussions and she did not discuss details of the letter to the IRS with Yip.  She also testified that she wrote the letter per Chung's instructions and she may have faxed a copy of the letter to Brenda Chung, but she did not show the letter to Yip.  Defendant also points to testimony that Dmitrovsky never met with Yip alone, she did not see him often, and only knew him through Chung.

However, Dmitrovsky also testified that prior to the telephone calls with Chung where they discussed the details of the letter, she met in person with Chung, a gentleman, and Yip at the Halekulani Hotel.  At this meeting they discussed that Dmitrovsky would write  a letter to the IRS on Yip's behalf stating that she had loaned Yip several hundred thousand dollars, even though no such loan was made.  Dmitrovsky stated that she agreed to write this letter because Yip

6

was Brenda's boyfriend and Brenda was like a sister to her. Dmitrovsky testified

that she did in fact send such letter to the IRS, dated July 26, 1998, even though

she never actually loaned Yip the money. Dmitrovsky further testified that

although she only knew Yip through Brenda, in 1998, Yip gave her an 18-Karat

gold ballerina black pearl ring with marquis diamonds. This testimony proves that

Dmitrovsky had one meeting with Yip where they discussed that she would make a

fraudulent claim to the IRS that she loaned Yip money, and the reason for making

such a claim was to help Yip. This evidence is sufficient for the jury to find

beyond a reasonable doubt that Yip entered into an agreement with Dmitrovsky to

defraud the IRS. The testimony cited by Defendant and discussed above does not

lessen the weight of this testimony.

       Nonetheless, even if this evidence was not sufficient to uphold Yip's

conviction, the Ninth Circuit has made it clear that Yip's conviction can stand even

with Chung's acquittal and without a conspiracy between him and an unindicted

coconspirator. Indeed, "[i]t is well established that a person may be convicted of

conspiring with a co-defendant even when the jury acquits that co-defendant of

conspiracy." United States v. Ching Tang Lo, 447 F.3d 1212, 1226 (9th Cir.

2006). This is because "inconsistent verdicts can just as easily be the result of jury

lenity as a determination of the facts. Thus, the acquittal of all conspirators but one

does not necessarily indicate that the jury found no agreement to act." <u>United States v. Valles-Valencia</u>, 823 F.2d 381, 382 (9th Cir. 1987) <u>modifying</u> 811 F.2d 1232 (9th Cir. 1987).

In <u>Ching Tang Lo</u>, the defendant argued that because the jury acquitted his coconspirator of the conspiracy count, the court could not rely on evidence of an agreement between him and the acquitted defendant to find sufficient evidence that he committed conspiracy. 447 F.3d at 1226. The Ninth Circuit disagreed and upheld the conviction of conspiracy for the defendant even though the only possible coconspirator had been acquitted.

Similarly, in <u>Valles-Valencia</u>, the Ninth Circuit affirmed a conviction for conspiracy even where the evidence that the convicted conspirator conspired with someone other than the acquitted co-defendants was insufficient to uphold the verdict. 823 F.2d at 382. The Ninth Circuit affirmed the conspiracy conviction based on an agreement between the convicted defendant and his acquitted co-defendants. <u>Id.</u>; <u>see also</u> <u>United States v. Hughes Aircraft Co.</u>, 20 F.3d 974, 977-78 (9th Cir. 1994) (affirming conspiracy conviction where "indispensable coconspirator" was acquitted of conspiracy on identical evidence); <u>United States v. Ayers</u>, 924 F.2d 1468, 1483 (9th Cir. 1991) (affirming conspiracy conviction and concluding that "the acquittal of all conspirators but one does not

8

necessarily indicate that the jury found no agreement" with the acquitted coconspirators).

Defendant did not address the evidence of a conspiracy between him and Chung in his second reply. Certainly, the evidence presented at trial was substantial, and sufficient for the jury to reasonably infer beyond a reasonable doubt that Yip agreed with Dmitrovsky and/or Chung to obstruct the IRS in its investigation into his tax returns. The evidence establishes that Yip met with Dmitrovsky and Chung, and was aware of and agreed to Dmitrovsky writing a letter on his behalf to the IRS claiming that she had loaned him several hundred thousand dollars. The fact that Brenda Chung may have discussed the details of the letter with Dmitrovsky and that Yip did not view the actual letter and approve its form prior to it being sent does not discredit the evidence discussed above. Furthermore, the fact that Chung was acquitted does not mean that the jury found that no such meeting at the Halekulani occurred, as argued by Yip. Indeed, Yip has not denied attending the meeting at Halekulani, denied agreeing to Dmitrovsky writing a letter on his behalf, or that Dmitrovsky actually wrote such a letter. In addition, it is clear that Dmitrovsky took an overt act in furtherance of the conspiracy by actually writing and sending the letter.

9

Yip appears to argue that his case in similar to <u>Patterson</u>, where the court found that the evidence did not support a conspiracy with unknown conspirators.  Yip is mistaken.  In the <u>Patterson</u> case, the only evidence of a conspiracy with unknown persons was that the "defendant had told McKay that he had a friend working at a truck line or forklift business who would steal the forklifts and bring them to him."  678 F.2d at 781.  The court found that such evidence, even with "proof that defendant knowingly received stolen property, was not sufficient to support a reasonable inference that defendant had engaged in a conspiracy to transport stolen motor vehicles in interstate commerce with an unknown person."  <u>Id.</u>  Here, however, the jury received undisputed testimony that Yip met with a known person, Dmitrovsky, and agreed to having her write a letter to the IRS making false statements on his behalf, and she in fact wrote such letter.

Likewise, the <u>United States v. Gardner</u>, 475 F.2d 1273, 1278 (9th Cir. 1973) case referred to by Yip is distinguishable from the facts here.  In that case, the evidence was insufficient to show even the existence of an unknown conspirator.  <u>Id.</u>  Here, however, the other conspirator was known, identified in the indictment, and testified at the trial.

Accordingly, viewing the evidence presented to the jury in the light most favorable to the Government, this Court finds that the combination of

10

circumstances and timing of events, and the reasonable inferences to be drawn, are

sufficient to support the verdict of guilty.  A reasonable jury could have concluded

that Yip worked in concert with Chung and/or Dmitrovsky to defraud the IRS by

providing a letter in which false statements were made that Dmitrovsky loaned him

several hundred thousand dollars.

<u>CONCLUSION</u>

For the reasons stated above, the Court DENIES Defendant Yip's

Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 13, 2007.



_____
David Alan Ezra
United States District Judge

<u>United States v. Yip, et al.</u>, CR No. 02-00225 (01) DAE; ORDER DENYING
DEFENDANT YIP'S MOTION FOR JUDGMENT NOTWITHSTANDING
VERDICT AS TO COUNT 1