IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>          Plaintiff,          )<br>                              )<br>     vs.                      )<br>                              )<br>ANDY S.S. YIP,         (01)   )<br>BRENDA M.O. CHUNG      (02)   )<br>                              )<br>          Defendants.         )<br>_____) | CR. NO. CR02-00225 DAE<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION |

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

On September 14, 2007, after a five-week trial, Defendant Andy S.S. Yip was found guilty by the jury as to Counts 1, 9, 10 and 11 of the Second Superseding Indictment. These counts relate to the offenses of conspiracy to defraud the United States (18 U.S.C. 371), willful subscription to a false 1999 income tax return regarding the foreign bank disclosure portion (26 U.S.C. 7206(1)), and willful failure to file foreign bank account information with the Department of the Treasury in violation of 31 U.S.C. 5314 and 5322(b). Previously, on August 10, 2007, Defendant had pled guilty to Counts 4, 5, 6 and 7 which relate to filing false returns for the years 1995-1998. The Sentencing hearing is presently scheduled for March 18, 2008 at 2:15 p.m.

The Draft PreSentence Report raises numerous factual and legal issues. Most of these issues were created by the government

supplying the probation office with voluminous documents and information which were not provided to the Defense until February 12. The first major issue is the validity of the government's determination of tax loss of $733,302. This amount is based on a computation in which the government uses an alleged amount of unreported income of $1,996,166.52. Thereafter, the government made a determination that its tax loss figure is $733,302. It is unclear how that amount was arrived at. Nevertheless, the probation officer accepted without question this tax loss amount. Yet, Section 2T1.1, USSG, contemplates the use of 28% times the unreported income to determine "tax loss", unless a more accurate method exists. It is unclear whether a more accurate method exists in this case. In the present case, 28% of the government's alleged unreported income equals **$588,926.63**, which is $174,375 lower than the government's tax loss amount.

For the first time, the government is providing appendices A-F which are schedules of computations of unreported income, bank deposit analyses, monies received from Honolulu Foreign Exchange, summaries of cashiers checks purportedly purchased by or on behalf of Mr. Yip, schedules of unrecorded payments to watch and jewelry suppliers, summaries of cost of construction and expenditures for Defendant's residence during the period 1995-1998. Clearly, this information needs to be reviewed and analyzed by the Defense's consultant. Dirk von Guenthner. Mr. von Guenthner has informed counsel that he needs more than

30 days to review this information and make his analysis. (See paragraph 5 of Declaration of Counsel).

However, in the attempt to penalize Mr. Yip even more, the government now asks this Court to order restitution against Mr. Yip based on certain civil deficiency adjustments far higher than the above criminal computations. It is also noted that these new civil deficiency adjustments of taxes and interest were prepared by a different revenue agent than the summary witness who appeared at trial and that these new computations were prepared on January 18, 2008. The alleged deficiency computations purport to show that Mr. Yip owes taxes for the years 1995-1998 of $1,758,835 and interest of $2,063,153.94 for a total sum of $3,821,988.94. The $3,821,988.94 is **twice** the amount of unreported income alleged by the government in the prosecution of this case.

The undersigned submits that it is unprecedented for the government to seek restitution in a criminal tax case against the defendant based on the government's newly devised civil computations. This is particularly true here where the civil delinquency adjustments have been provided to the defense in the form of conclusions <u>without any supporting documents or other information</u> on which to ascertain how the civil computations were determined. Generally, in criminal tax cases, the government does not even attempt to make civil adjustments relating to a criminal tax defendant's income taxes until well after the criminal case has

concluded. Here, for some unexplained reason, the government chooses to penalize Mr. Yip before sentencing.

At sentencing, the defense will contend that not only is the government not entitled to restitution in this case, but also should restitution be granted it cannot exceed the "tax loss" amount determined by the government, pursuant to Section 2T1.1, USSG.

Apart from above, the government is seeking to add to tax loss the amount of additional Hawaii income tax for the years 1995-1998 computed at 8%, the maximum rate under state law, and the amount of general excise tax computed at 4%, the retail level. Here, the government is operating under an invalid assumption that Defendant Yip's off-the-book grey sales were **all retail and amounted to $4,000,000** for the years 1995-1998. No basis is offered for these assumptions.

Defense contends that Defendant's state income tax and general excise tax for the years 1995-8 does not constitute relevant conduct within the meaning of Section 1B1.3, USSG. Assuming **arguendo** state taxes constitute relevant conduct, the defense has not been provided any information on which to verify the accuracy of either the income tax computations or the general excise tax computations. There is no basis for the government to merely assume an 8% income tax rate. Likewise there is no basis for assessing general excise taxes at 4% when the government full knows that such grey sales were in bulk and wholesale. Why was the

4% rate used under these circumstances? The obvious conclusion is that 4% represents an effort by the government to increase tax loss to one higher offense level.

There is also an issue involving which sentencing guideline is controlling in this case, the November 1993 tax guidelines or the November 2001 tax guidelines. The difference in the two guidelines measures at least 3 offense levels.

On the issues of increased two-point adjustments for obstruction of justice and sophisticated means, we note that the probation officer made this determination based on information contained in a 55 page special agent's report prepared by Special Agent Greg Miki sometime in 2002 or 2003 prior to the Second Superseding Indictment being issued December 2003. At this stage, the Defense has not had an opportunity to fully review all of the information contained therein, but notes that much of "The Offense Conduct" portion of the Draft PreSentence Report, found in paragraphs 10 through 38, is derived from the special agent's report. The Defense believes that the trial testimony contradicts much of what is stated in the special agent's report.

It also should be noted that the Defense first requested a copy of the special agent's report in June 2002, after the original Indictment was issued in this case. Similar requests were made when the First Superseding Indictment was issued in December 2002 and finally, in December 2003 with the filing of the Second Superseding Indictment. On each and every occasion, the government absolutely refused to provide such discovery.

After the forgoing issues are fully analyzed and then briefed for the Court, there remain two other matters which must be discussed in the Defendant's Sentencing Memorandum. The first, is whether a three-point downward adjustment pursuant to acceptance of responsibility applies to Mr. Yip under the circumstances of this case, i.e., where he pled guilty to Counts 4-7 and went to trial on Counts 1 and 9-11. Second, there must be a full and complete discussion of the sentencing factors that appear in 18 U.S.C. 3553(a).

Based on the forgoing discussion and reasons and authorities, DEFENDANT ANDY S.S. Yip hereby requests that this Court grant his Motion for Continuance of Sentencing.

DATED: Honolulu, Hawaii, <u>February 26, 2008</u>.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP