EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.  #3740
Assistant U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Rm. 6-100
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225 DAE |
|---|---|---|
| | ) | |
| Plaintiff, | ) | UNITED STATES' OPPOSITION |
| | ) | TO DEFENDANT ANDY S.S. YIP'S |
| vs. | ) | MOTION FOR A CONTINUANCE OF |
| | ) | SENTENCING; CERTIFICATE OF |
| ANDY S.S. YIP,    (01) | ) | SERVICE |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

UNITED STATES' OPPOSITION TO DEFENDANT
ANDY S.S. YIP'S MOTION FOR A CONTINUANCE OF SENTENCING

      Comes now the United States of America who, by and through these pleadings, the evidence adduced at the trial of this case, all prior pleadings and such evidence and/or argument as may be produced at the hearing of this matter and oppose the defendant's motion for a second continuance of the sentencing hearing.

I.   STATEMENT OF THE FACTS

The defendant entered a plea of guilty on August 10, 2007 to Counts 4, 5, 6 and 7 of the Superseding Indictment. The defendant was convicted of the balance of the Counts for which he will be sentenced on September 14, 2008. The sentencing in this case was set for February 11, 2008. Subsequently, to provide the defense additional time to prepare for that sentencing the government agreed to one continuance and indicated, at that time, it would not consent to any further extension. The sentencing was continued at the defense request until March 17, 2008. On February 28, 2008, the defense filed the present motion.

The defendant's pleadings fails to establish any basis for a further continuance. The Proposed Presentence Report has been received by the parties. This Court heard the trial of this case and the federal tax loss upon which the application of the sentencing guidelines will be predicated corresponds with the evidence produced at that trial as well as the Special Agent's Report. There is no material difference between the summary report and the SAR that the government voluntarily provided the defendant.

The chief objection of the defense seems to revolve around the question of whether or not relevant conduct should include the state tax loss that occurred as part of the scheme now before the Court for sentencing. There can be no legitimate

dispute with the propriety of the Court enhancing the sentencing guidelines predicated upon the state tax loss.  <u>United States v. Newbert</u>, 952 F.2d 281, 284 (9th Cir. 1994).  Counsel for the defendant is well aware of the longstanding practice in this district and in the Ninth Circuit to include relevant state tax loss in computing the basis for the sentence.

The defendant's claim that restitution issues should provide a basis for additional delay is also without merit.  In May 2005, the Attorney General issued new guidelines on victim and witness assistance.  Those guidelines require that the prosecution in all cases "must consider requesting that the defendant provide full restitution to all victims of all charges contained in the Indictment or Information, without regard to counts to which the defendant actually pleads.  (Pub.L.No. 104-132 Sec. 209; 18 U.S.C. § 3551 note)" Guidelines at 39.  The matter of restitution can be addressed in whole or in part by the district court.  In this case the Court has ample evidence to conclude the actual tax loss established by the evidence at trial.  An order for restitution predicated, on the actual tax loss proven may issue at this time with the understanding that such an order does in no way estop the United States from seeking to prove additional loss and/or penalties and interest that might be appropriately recovered in a civil proceeding.

As Exhibit B to the defendant's pleadings shows any and all issues presented by the Yip sentencing are fully framed and ready to be determined. Both sides have addressed the issues (see Exhibit B to defendant's motion).

II. CONCLUSION

For the foregoing reasons, the government urges that the now long-delayed sentencing of the defendant Andy S.S. Yip go forward as scheduled.

DATED: Honolulu, Hawaii, February 29, 2008.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Leslie E. Osborne, Jr.
By _____
LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF:**

Howard T. Chang, Esq.          howardchang.crimtaxatty@hawaiiantel.net
Attorney for Defendant
ANDY S.S. YIP


DATED:  Honolulu, Hawaii, February 29, 2008.


/s/ Kari Cadelinia