ORIGINAL

HOWARD T. CHANG, AAL, ALC
HOWARD T. CHANG #1695-0
Suite 475 Pauahi Tower
1003 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 533-2877
E-Mail:
howardchang.crimtaxatty
     @hawaiiantel.net

Attorney for Defendant
ANDY S.S. YIP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAR 04 2008
at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>ANDY S.S. YIP,    (01)<br>BRENDA M.O. CHUNG  (02)<br><br>        Defendants. | CR. NO. CR02-00225 DAE<br><br>SUPPLEMENTAL MEMORANDUM IN<br>SUPPORT OF MOTION FOR<br>CONTINUANCE OF SENTENCING;<br>CERTIFICATE OF SERVICE |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR CONTINUANCE OF SENTENCING

The arguments in the United States' Opposition are wholly conclusory and self-serving. The United States Attorney remains silent on the Defense contention that it was the government's supplying of voluminous documents and information to the probation officer for preparation of the draft presentence report which created the numerous factual and legal issues necessitating this continuance.

Nothing is mentioned about the United State Attorney providing the defense for the first time on February 12 a schedule of criminal computations of "tax loss", together some 18 other schedules relating to the bank deposit analysis of five bank accounts, summaries of cash received from Honolulu Foreign Exchange, HFE check expenditures, summary of travelers checks, checks issued to cash, cash deposits to various accounts, loan deposits, miscellaneous non-income deposits, transfers between accounts, unknown deposits, interest income deposits, owner's equity deposits, additional business expenses allowed, unknown payments, cashiers checks purchased by Defendant and others, unrecorded payments to watch and jewelry suppliers, credit card payments with HFE checks, and expenditures for construction of Defendant's residence.  Apart from these schedules and summaries, the government provided the 55 page special agents report which served as the basis for the probation officer's preparation of the official conduct section of the draft presentence report.  The Defense vehemently objects to several paragraphs in the draft presentence report relating to official conduct for the reason such allegations were contradicted and refuted by trial testimony.

Government counsel is misguided to the extent he believes that Defense's major objection to the draft presentence report is the inclusion of state income and general excise taxes as relevant conduct.  It is true that the Defense objects to such additions to tax loss, particularly here where the government computations are misleading and contrary to the evidence.  Moreover, the

government's reliance on **United States v. Newbert**, 952 F.2d 281 (9th Cir. 1991) is misplaced since **Newbert** was not a criminal tax case and did not involve the inclusion of state income or other taxes.

To restate our objections to the draft presentence report, they are as follows:

1) The employment of the 2001 tax sentencing guidelines to this case instead of the 1993 guidelines;

2) The refusal of the probation office to allow Mr. Yip a two or three point downward adjustment for acceptance of responsibility;

3) The application of the two point obstruction of justice adjustment in this case wherein Defendant did not testify at trial;

4) The application of the two point sophisticated means adjustment in this case;

5) The request for restitution based on civil computations prepared by another revenue agent on January 18, 2008 which are twice the criminal computations relied upon by the government at trial. Moreover, the civil computations are provided solely in a conclusory format without the revenue agent's report, any schedules or workpapers. The civil computations are totally unverifiable in their present form; and

6) Most importantly, the accuracy of the government's computations of unreported income for 1995-1998 and the resultant tax loss.

It is the latter item that requires the most time for the Defense since our consultant Dirk Von Guenther requires 30 days to review the various government schedules and trial exhibits and prepare his

analysis. In that regard, the government tax loss computations ties in to various other schedules and documents with pretrial references which may or may not relate the trial exhibits.

On the basis of the forgoing reasons and authorities, together with the arguments made in Defendant Andy S.S. Yip's Motion for Continuance of Sentencing, we submit that good cause exists for granting the Motion.

DATED: Honolulu, Hawaii, _____March 4, 2008_____.


_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR02-00225 DAE |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP, (01) | ) | |
| BRENDA M.O. CHUNG (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was duly served on the person(s) named below, in the manner described thereto, at their last known address on _____March 4, 2008_____:

|  | U.S. Mail | Hand Deliver |
|---|---|---|
| LESLIE E. OSBORNE, ESQ.<br>Asst. U.S. Attorney<br>6-100 PJKK Federal Building<br>300 Ala Moana Boulevard<br>Honolulu, Hawaii 96850<br><br>Attorney for Plaintiff<br>UNITED STATES OF AMERICA |  | X |
| MS. MONA L. GODINET<br>U.S. Probation Officer<br>300 Ala Moana Blvd #2-215<br>Honolulu, Hawaii 96850 |  | X |

DATED: Honolulu, Hawaii, _____March 4, 2008_____.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP