IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR02-00225 DAE (01) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP,    (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION

On September 14, 2007, after a five-week trial, Defendant Andy S.S. Yip was found guilty by the jury as to Counts 1, 9, 10 and 11 of the Second Superseding Indictment. These counts relate to the offenses of conspiracy to defraud the United States (18 U.S.C. 371), willful subscription to a false 1999 income tax return regarding the foreign bank disclosure portion (26 U.S.C. 7206(1)), and willful failure to file foreign bank account information for 1998 and 1999 with the Department of the Treasury in violation of 31 U.S.C. 5314 and 5322(b). Previously, on August 10, 2007, Defendant had pled guilty to Counts 4, 5, 6 and 7 which relate to filing false returns for the years 1995-1998. On April 29, Defendant Yip was sentenced to a 67 month period of imprisonment on Counts 1, 10 and 11 with mittimus scheduled for June 16, 2008 at Lompoc Camp, California. The Court also ordered restitution immediately payable to the Internal Revenue Service in the amount of $1,758,835. On May 9, Judgment in a Criminal Case

was filed. On May 13, Defendant filed his Notice of Appeal to the Ninth Circuit.

Page 6 of the Judgment states that the Defendant must pay restitution in the amount of $1,758,835 to the "Internal Revenue Service Attn: RACS/Excess, Stop 151, P.O. Box 47-421, Doraville, GA 30362". The order for restitution was made without any consideration of Defendant Yip's ability to pay. It imposes an immediate severe hardship upon him especially in light of his current financial condition, as reported in the Final Presentence Report.

Defendant requests that the restitution portion of the Judgment be stayed pending appeal because he has had no opportunity to challenge the restitution amount prior to the April 29 sentencing hearing and therefore, he has been deprived of statutory rights and benefits conferred by Section 6211-6214 of the Internal Revenue Code in violation of the Equal Protection Clause of the United States Constitution. The restitution amount of $1,758,835 represents the Internal Revenue Service's civil tax adjustments of alleged tax due for the years 1995-1998. The amount of $1,758,835 first surfaced in the draft presentence report. This amount is **$1,025,533 more** than the criminal computations of tax loss of $733,302 presented during trial by the government. At the initial draft stage, the Probation Officer determined that the government was entitled to restitution of only the criminal "tax loss". See, Para. 100, Draft PSI.

After the draft PSI was issued, the Defendant requested of the United States Attorney the revenue agent report and other sources of information in which to verify the accuracy of the new civil tax computations. The Defense was provided the revenue agent report, but nothing else on which to verify the accuracy of the civil computations. See, Exhibits C and D to Declaration of Counsel.

Under Sections 6211 and 6212, Internal Revenue Code (26 U.S.C. 6211-2), when the IRS determines that there is a "deficiency of tax", i.e., the amount by which the tax alleged by IRS exceeds the amount shown on the Taxpayer's return, the Service is authorized to issue a notice of deficiency to the Taxpayer by certified or registered mail. "Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office." The Taxpayer then has 90 days in which to file a petition in the United States Tax Court for a redetermination of the deficiency. 26 U.S.C. 6213(a). During the pendency of such proceedings, all administrative collection efforts of the IRS are stayed. 26 U.S.C. 6213(b)(2)(B). Finally, 26 U.S.C. 6214(a) sets forth the jurisdiction of the United States Tax Court "to redetermine the correct amount of deficiency". All of the rights provided by Section 6211-6214 of the Internal Revenue Code have been denied Defendant Yip by the usurption of the restitution order.

The restitution order treats the civil tax adjustments as **de jure correct** and not subject to challenge by Defendant Yip. As demonstrated in Defendant's Sentencing Memorandum and the attached Declaration of Dirk von Guenther, even the criminal computations of tax loss were off by over $400,000. Clearly, the deprivation of statutory rights afforded by Section 6211-6214 of the Internal Revenue Code will be raised and litigated on appeal. A stay pending review would allow the Ninth Circuit to determine whether Defendant's right to properly challenge the assessment by IRS was violated and also provide an opportunity for Defendant pay what he truly owes, instead of being faced with an order he is unable to comply with. Accordingly, this Court should grant Defendant Yip's request for a stay pending appeal of the restitution order portion of the Judgment.

At the April 29 sentencing hearing, Defendant Yip received a very harsh sentence of 67 months imprisonment for his convictions of Counts 1 (conspiracy to defraud) and Counts 10 and 11 (failure to file FBAR report), to be served concurrently. 67 months exceeds the maximum term of imprisonment of 60 months that may be imposed for the offense of conspiracy to defraud the United States in violation of 18 U.S.C. 371. Defendant Yip filed his Notice of Appeal on May 13.

Defendant recently retained Theodore Y.H. Chinn, an attorney licensed to practice in Hawaii and who maintains an office in Honolulu, to serve as appellate counsel in the appeal from this

Court's Judgment in a Criminal Case. As indicated in Paragraphs 8 and 11 of the Declaration of Theodore Y.H. Chinn, Mr. Chinn due to existing commitments will not be able to devote substantial time to this case until the week of June 9 and that he believes "consultation with and the assistance from Mr. Yip would be extremely invaluable, not to mention essential, in preparing this appeal." Mr. Chinn further indicates that the consultation and assistance would involve determining the issue for appeal, identifying the evidence in the voluminous record, and identifying the key testimony at trial from the volumes of transcripts.

The present case spans over 13 years and involves voluminous evidentiary exhibits and testimony. Defendant Yip has lived through the underlying administrative audit, the criminal tax investigation and these court proceedings. He would like to provide Mr. Chinn material assistance in comprehending and organizing the facts and circumstances of this complex case.

Rule 38(b) of the Federal Rules of Criminal Procedure provides that if the sentence is "not stayed, the court may recommend to the Attorney General that the defendant be retained at, or transferred to, a place of confinement near the place of trial or the place where an appeal is to be heard, for a period reasonably necessary to permit the defendant to assist in the preparation of an appeal to the court of appeals." See, United States v. Witt, ____ F.Supp. ____, 1983, U.S. Dist. Lexis 15551 (S.D.N.Y. 1983).

In light of the distance between Hawaii and California, the fact that all of the extensive files and records are located in Honolulu, and the complexity of the case, Defendant YIP believes that the delay for the surrender to incarceration of just 2 months out of a lengthy and punishing sentence of imprisonment 67 months would be consistent with the intent of Rule 38(b) to facilitate the ability of the defendant to materially assist his appellate counsel in the preparation of the appeal to the Court of Appeals.

Based on the forgoing discussion and reasons and authorities, DEFENDANT ANDY S.S. Yip hereby requests that this Court grant his Motion for Stay Pending Appeal of the Restitution Portion of the Judgment and Motion for an Extension of Time to Surrender for Service of Sentence.

DATED: Honolulu, Hawaii, _____ June 3, 2008 _____.

_____
HOWARD T. CHANG
Attorney for Defendant
ANDY S.S. YIP