IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00225 (01) DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY S.S. YIP,        (01) | ) | |
| BRENDA M.O. CHUNG (02), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT ANDY S.S. YIP'S
MOTION FOR STAY PENDING APPEAL OF RESTITUTION
PORTION OF JUDGMENT AND MOTION FOR EXTENSION
OF TIME TO SURRENDER FOR SERVICE OF SENTENCE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Yip's motion and the supporting memoranda, the Court DENIES Defendant Yip's Motion For Stay Pending Appeal of Restitution Portion of Judgment and Motion for Extension of Time to Surrender for Service of Sentence.

Defendant filed his motion on June 3, 2008. Defendant requests that this Court stay the restitution portion of his sentence pending his appeal to the Ninth Circuit on that issue, and extend his mittimus date from June 16, 2008, to

August 18, 2008.  Defendant argues that the restitution amount of $1,758,835 was made without any consideration of his ability to pay and imposes an immediate severe hardship on him and his family.  Defendant asserts that his mittimus date should be extended because he is scheduled to surrender to a Prison Camp at Lompoc, California, but he would like to confer with his newly retained appellate counsel, Theodore Y.H. Chinn, prior to surrendering.

      This Court notes that during the sentencing, Defendant did not allege that he did not have the ability to pay restitution.  He only contested his ability to pay a fine.  Nonetheless, the Court did consider Defendant's ability to pay in setting the restitution amount and found that based upon his financial profile and earning capability, Defendant had the ability to pay the restitution and to pay the cost of prosecution, but found that he did not have the ability to pay a fine in addition.  Further, the imposition of the restitution was also imposed as a condition of supervised release, which allows the defendant to complete payment of the restitution over a period of time on an installment basis while under supervised release.  Finally, the Defendant has had and continues to have prior to June 16, 2008, ample time to consult with his counsel before going to California.  Defendant also will continue, like any other prisoner, to have an opportunity to

consult with his attorney. For these reasons, a stay is unnecessary and Defendant's mittimus need not be delayed. Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 5, 2008.



David Alan Ezra
United States District Judge

United States v. Yip, et al., CR No. 02-00225 (01) DAE; ORDER DENYING DEFENDANT ANDY S.S. YIP'S MOTION FOR STAY PENDING APPEAL OF RESTITUTION PORTION OF JUDGMENT AND MOTION FOR EXTENSION OF TIME TO SURRENDER FOR SERVICE OF SENTENCE